CHAD S. HUMMEL (Bar No. CA 139055)
E-mail: CHummel@manatt.com
CLAYTON S. FRIEDMAN (Bar No. CA 245513)
E-mail: CFriedman@manatt.com
MICHAEL YAGHI (Bar No. CA 202720)
E-mail: MYaghi@manatt.com
MANATT PHELPS & PHILLIPS LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

CHRISTIAN E. BAKER (Bar No. CA 247006)
E-mail: CBaker@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Defendants
DIRECTV and DIRECTV, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 3:15-cv-01129 HSG |
| Plaintiff, | **ANSWER OF DIRECTV AND DIRECTV, LLC** |
| v. | |
| DIRECTV, a corporation, | Judge:    Hon. Haywood S. Gilliam, Jr., United States District Court Judge |
| and | |
| DIRECTV, LLC, a limited liability company, | Complaint Filed:    March 11, 2015<br>Trial Date:    Not Set |
| Defendants. | |

Defendants DIRECTV and DIRECTV, LLC, by and through their undersigned counsel, hereby answer the Complaint ("complaint") filed by Plaintiff FEDERAL TRADE COMMISSION (hereinafter "Plaintiff" or "FTC"), as follows:

1

## ANSWER TO THE COMPLAINT

2      1.      Paragraph 1 contains legal conclusions to which no response is required. To the

3 extent any statements in this Paragraph are considered factual allegations, Defendants deny any

4 such allegations. More specifically, Defendants generally and specifically deny that they have

5 engaged in conduct that violates Section 5 of the FTC Act or Section 4 of ROSCA. Defendants

6 have fully and adequately disclosed to potential and actual subscribers, at all times relevant to this

7 action, all the material terms of their subscription satellite television services and offers,

8 including, but not limited to, the pricing of television programming packages, the existence and

9 length of consumer contract terms, the existence of early cancellation fees and the circumstances

10 under which those may be imposed, and the terms relating to promotional offers for premium

11 channels such as HBO, Showtime, and Cinemax. Defendants further deny that any equitable or

12 statutory remedy as alleged is warranted.

13

### *JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT*

14      2.      Defendants admit the allegations of Paragraph 2, except to the extent that this

15 Court may determine that the FTC lacks standing to assert any claims over which the Federal

16 Communications Commission ("FCC") has exclusive enforcement authority.

17      3.      Defendants admit that venue is proper in this judicial district, but reserve their

18 right to seek a transfer to a more convenient venue should circumstances arise justifying a motion

19 under, for example, 28 U.S.C. Section 1404(a).

20      4.      Defendants admit that DIRECTV, LLC advertised and has sold satellite television

21 subscription services in San Francisco County and deny the remaining allegations contained in

22 Paragraph 4.

23

### *PLAINTIFF*

24      5.      Defendants admit the allegations of Paragraph 5.

25      6.      Defendants admit the allegations of Paragraph 6, except to the extent that the

26 Court may determine that the FTC is not authorized or lacks standing to enjoin, or seek equitable

27 relief relating to, conduct at issue in this case due to the FCC's exclusive enforcement authority.

28

1

### ***DEFENDANTS***

2          7.     Defendants admit the allegations of Paragraph 7, except that DIRECTV, LLC is

3   the entity that has engaged in the advertising, marketing, distribution, and selling activities of

4   direct-to-home digital television services to consumers throughout the United States that are the

5   subject of the complaint.

6          8.     Defendants admit the allegations of Paragraph 8, except that they deny that

7   defendant DIRECTV (the "named defendant DIRECTV") has directly engaged in the activities

8   listed in this Paragraph.  Hereinafter, any admissions by "Defendants" to allegations of the

9   complaint are made solely with respect to and by DIRECTV, LLC (hereinafter "DIRECTV"), as

10  the named defendant DIRECTV operates other business units which are not the subject of the

11  complaint.  All of the material allegations, if directed at the named defendant DIRECTV, are

12  generally and specifically denied.

13

### ***COMMERCE***

14         9.     Defendants admit the allegations of Paragraph 9.

15

### ***DEFENDANTS' BUSINESS ACTIVITIES***

16         10.    Defendants admit the allegations of Paragraph 10, except that DIRECTV is the

17  entity that, as of December 31, 2013, had 20.3 million subscribers in the United States.

18         11.    Defendants admit that DIRECTV offers direct-to-home satellite television service

19  to consumers by subscription, and that consumers who subscribe receive programming, necessary

20  equipment, installation, and support services.  Defendants deny any remaining allegations

21  contained in Paragraph 11.

22         12.    Defendants deny the allegations contained in Paragraph 12 except as follows:

23  DIRECTV admits that it has made offers to consumers that provide introductory pricing

24  discounts, no upfront or reduced costs for installation and equipment, and other benefits, in

25  exchange for the consumer's agreement to purchase a minimum level of service for a period,

26  typically, of 24 months.  DIRECTV admits that, under the terms of such offers, which have been

27  clearly and conspicuously disclosed to consumers, and in appropriate circumstances, it has the

28  contractual right to assess and collect early cancellation fees, which have sometimes been $20 per

1   month for each month remaining on a subscriber's agreement, should the subscriber breach their

2   contractual obligation to maintain a required minimum level of service for the entire commitment

3   period.  Defendants further admit that DIRECTV's customers may become month-to-month

4   subscribers after 24 months.  Defendants deny the remaining allegations of Paragraph 12.

5          13.    Defendants admit that DIRECTV advertises for its products and services,

6   including that it offers introductory promotional pricing for some of its programming packages,

7   the terms of which vary by offer and have been and are clearly and conspicuously disclosed to

8   consumers.  Defendants further admit that DIRECTV advertises for its satellite television

9   subscription services, including, in certain instances, promotional pricing offers, in a variety of

10   media, including television, print, and the Internet.  Defendants admit that the regular prices for

11   satellite television subscription programming packages are periodically adjusted to reflect

12   inflationary price increases and that the fact that its program pricing is subject to change has been

13   and is clearly and conspicuously disclosed to consumers.  Defendants admit that consumers who

14   obtain the benefit of substantially discounted introductory first year pricing are typically charged

15   the then-existing regular price of whatever programming package they choose during the second

16   year of their subscription.  Defendants deny the remaining allegations contained in Paragraph 13.

17          14.    Defendants admit that DIRECTV's programming subscriptions may include, at the

18   election of consumers, certain premium channels such as HBO, Cinemax, and Showtime free of

19   charge for a limited period of time, that consumers are thereafter charged the regular price for

20   subscriptions to such premium channels at the end of the promotional period unless the consumer

21   contacts DIRECTV to cancel one or more of the premium services, and that the material terms

22   and conditions of these premium channel offers are clearly and conspicuously disclosed to

23   consumers.  Defendants deny the remaining allegations contained in Paragraph 14.

24          15.    Defendants admit that DIRECTV, Inc. entered into a Multistate Settlement

25   Agreement with 50 states and the District of Columbia and that the terms of that Agreement

26   bound and continue to bind certain activities of DIRECTV relating to some of the identical issues

27   addressed in this complaint.  DIRECTV further admits that not a single state has brought an

28   enforcement action for any alleged violation of the letter or spirit of that Agreement since it was

1 effective (January 2011). Defendants lack knowledge sufficient to admit or deny the remaining

2 allegations contained in Paragraph 15.

3       16. Defendants admit that DIRECTV has disseminated advertisements for its

4 subscription services since 2007, and that Plaintiff attaches what it claims to be examples of

5 portions of such advertisements as Exhibits 1 through 3, the contents of which speak for

6 themselves. Defendants admit that the quoted sections in this Paragraph appear in the

7 advertisements, and state that the material terms of the programming package offers are clearly,

8 conspicuously, and prominently disclosed to consumers at multiple times and in multiple ways

9 prior to the time that any consumer is financially committed to subscribe to DIRECTV service

10 and a programming package. Defendants deny the remaining allegations contained in Paragraph

11 16.

12       17. Defendants deny the allegations contained in Paragraph 17.

13       18. Defendants admit that certain DIRECTV advertisements have described an offer

14 for free premium channels for three months. Defendants further admit that Plaintiff attaches an

15 example of a DIRECTV advertisement as Exhibit 1, the content of which speaks for itself.

16 Defendants further admit that, in language not quoted in full in the complaint, the advertisement

17 states, with respect to the offer: "Over 30 premium channels FREE for 3 months including HBO,

18 SHOWTIME and Cinemax with SELECT or ULTIMATE Packages. All Packages require 24 mo

19 agreement […] IF BY THE END OF PROMOTIONAL PRICE PERIOD(S) CUSTOMER DOES

20 NOT CONTACT DIRECTV TO CHANGE SERVICE, THEN ALL SERVICES WILL

21 AUTOMATICALLY CONTINUE AT THE THEN-PREVAILING RATES." Defendants deny

22 the remaining allegations contained in Paragraph 18.

23       19. Defendants deny the allegations contained in Paragraph 19.

24       20. Defendants admit that DIRECTV maintains the website, www.directv.com, on

25 which consumers receive information about DIRECTV products and services and through which

26 they may subscribe to its satellite television services. Defendants further admit that the website

27 contains a landing page, programming package selection page, receiver selection page, a

28 shopping cart page, and an order confirmation page, among other pages. Defendants deny the

1    remaining allegations contained in Paragraph 20.

2        21.    Defendants admit that Plaintiff attaches as Exhibit 4 printed copies of some

3    selected web pages that appeared on one version of a subscription web flow on www.directv.com,

4    the content of which speaks for itself.  Defendants state that Exhibit 4 does not contain many

5    relevant web pages or the text contained in or accessed through hyperlinks, roll-overs, mouse-

6    overs, light boxes, infohovers, pop-ups, and similar means of conveying information to

7    consumers that are readily available to consumers who navigate DIRECTV's website.  In short,

8    Defendants deny that Exhibit 4 depicts all relevant portions of a DIRECTV web flow, or even an

9    example thereof.  Defendants deny the remaining allegations contained in Paragraph 21.

10       22.    Defendants deny the allegations contained in Paragraph 22.

11       23.    Defendants admit that certain of DIRECTV web pages on www.directv.com

12   contain text advertising its offers for free premium channels, and that Plaintiff attaches as Exhibit

13   4 what it contends are copies of selected web pages that appeared on one version of a subscription

14   flow from www.directv.com, the content of which speaks for itself.  Defendants deny that Exhibit

15   4 depicts all relevant portions of a DIRECTV web flow, or even an example thereof.  Defendants

16   deny the remaining allegations contained in Paragraph 23.

17       24.    Defendants deny the allegations contained in Paragraph 24.

18       25.    Defendants admit that consumers who call a telephone number listed in

19   DIRECTV's advertisements can speak with a telephone customer service representative.  If the

20   consumer wished to subscribe during such a call, the terms and conditions of subscriptions to

21   DIRECTV's satellite television services are fully and clearly disclosed.  Defendants deny the

22   remaining allegations contained in Paragraph 25.

23       *ALLEGATIONS RELATED TO THE FTC ACT*

24       26.    Paragraph 26 contains legal conclusions to which no response is required.  To the

25   extent any statements in this Paragraph are considered factual allegations, Defendants deny any

26   such allegations.

27       27.    Paragraph 27 contains legal conclusions to which no response is required.  To the

28   extent any statements in this Paragraph are considered factual allegations, Defendants deny any

such allegations.

***COUNT I***

28.    Defendants deny the allegations contained in Paragraph 28.

29.    Defendants deny the allegations contained in Paragraph 29.

30.    Defendants deny the allegations contained in Paragraph 30.

***COUNT II***

31.    Defendants deny the allegations contained in Paragraph 31.

32.    Defendants deny the allegations contained in Paragraph 32.

33.    Defendants deny the allegations contained in Paragraph 33.

*ALLEGATIONS RELATED TO ROSCA*

34.    Paragraph 34 contains legal conclusions to which no response is required.  To the extent any statements in this Paragraph are considered factual allegations, Defendants deny any such allegations.

35.    Paragraph 35 contains legal conclusions to which no response is required.  To the extent any statements in this Paragraph are considered factual allegations, Defendants deny any such allegations.

36.    Paragraph 36 contains legal conclusions to which no response is required.  To the extent any statements in this Paragraph are considered factual allegations, Defendants deny any such allegations.

37.    Paragraph 37 contains legal conclusions to which no response is required.  To the extent any statements in this Paragraph are considered factual allegations, Defendants deny any such allegations.

38.    Defendants deny the allegations contained in Paragraph 38.

***COUNT III***

39.    Defendants deny the allegations contained in Paragraph 39.

40.    Defendants deny the allegations contained in Paragraph 40.

***COUNT IV***

41.    Defendants deny the allegations contained in Paragraph 41.

42.    Defendants deny the allegations contained in Paragraph 42.

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.  Nor shall anything stated or unstated constitute an admission of any kind.

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The complaint fails to state sufficient facts to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Compliance With Applicable Law)

Plaintiff's claims are barred because Defendants' conduct is not unlawful in that Defendants complied with applicable statutes and regulations.

### THIRD AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

Plaintiff's claims are barred in part or in whole by the statute of limitations applicable to this action.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred in part or in whole by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred in part or in whole by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred in part or in whole by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack Of Standing)

Plaintiff lacks standing to assert certain claims alleged in the complaint pursuant to 15 U.S.C. §. 45(a)(1) and 47 U.S.C. § 303(v).

## EIGHTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

Another federal agency has primary jurisdiction to assert certain claims alleged in the complaint pursuant to 15 U.S.C. § 45(a)(1) and 47 U.S.C. § 303(v).

## NINTH AFFIRMATIVE DEFENSE

### (Claim Preclusion)

Plaintiff is precluded by 15 U.S.C § 45(a)(1) and 47 U.S.C. § 303(v) from asserting certain claims alleged in the complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief And Conduct)

The acts and statements of Defendants were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendants.  Defendants acted with a good faith belief that they had good cause and/or legitimate business reasons to act as they did and did not directly or indirectly perform any acts that would constitute a violation of consumers' rights. As a consequence, Plaintiff is not entitled to any damages whatsoever.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation Of Other Affirmative Defenses)

Defendants lack sufficient information of all the facts and evidence surrounding the subject incident and are therefore unable to ascertain at this time any additional affirmative defenses which Defendants may have.  Therefore, Defendants expressly reserve the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, DIRECTV and DIRECTV, LLC respectfully request that this Court:

1          1.       Dismiss Plaintiff's complaint with prejudice as to DIRECTV and DIRECTV,

2    LLC;

3          2.       Order that Plaintiff take nothing by reason of the complaint, that Plaintiff is

4    entitled to no relief, and that judgment be rendered in favor of DIRECTV and DIRECTV, LLC;

5          3.       Award DIRECTV and DIRECTV, LLC its costs and expenses incurred in

6    connection with this action; and

7          4.       Grant DIRECTV and DIRECTV, LLC such other relief as the Court deems proper.

8

9    Dated: April 2, 2015                              MANATT, PHELPS & PHILLIPS, LLP

10

11                                                      By: */s/ Chad S. Hummel*
                                                            Chad S. Hummel
12                                                          *Attorneys for Defendants*
                                                            DIRECTV and DIRECTV, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28