Eric D. Edmondson, D.C. Bar No. 450294
Erika Wodinsky, Cal. Bar No. 091700
Boris Yankilovich, Cal Bar No. 257887
Jacob A. Snow, Cal. Bar No. 270988
901 Market Street, Suite 570, San Francisco, CA  94103
(415) 848-5100/(415) 848-5184 (fax)
*eedmondson@ftc.gov*; *ewodinsky@ftc.gov*;
*byankilovich@ftc.gov*; *jsnow@ftc.gov*

Raymond E. McKown, Cal. Bar No. 150975
Stacy Procter, Cal. Bar No. 221078
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4343/(310) 824-4380 (fax)
*rmckown@ftc.gov*; *sprocter@ftc.gov*

Attorneys for Plaintiff
Federal Trade Commission

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTV, a corporation, and<br><br>DIRECTV, LLC, a limited liability company,<br><br>　　　　Defendants. | CASE NO. 15-cv-01129-HSG<br><br>**FEDERAL TRADE COMMISSION'S REPLY IN SUPPORT OF MOTION TO STRIKE DIRECTV'S AFFIRMATIVE DEFENSES**<br><br>Date:　　August 13, 2015<br>Time:　　2:00 p.m.<br>Judge:　　Hon. Haywood S. Gilliam, Jr.<br>Location:　San Francisco Courthouse<br>　　　　　Courtroom 15—18th Floor |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ........................................................................................................................ 2

    A. *Twombly* and *Iqbal* Apply To Pleading Affirmative Defenses.............................. 2

    B. The FTC Will Be Prejudiced By Significant Additional Discovery and Motion Practice If DIRECTV's Defenses Are Not Stricken............................................. 2

    C. Laches Is Not Available When The Government Is Enforcing The Public Interest. ................................................................................................................................. 3

    D. DIRECTV Must—But Has Not—Alleged Affirmative Misconduct to Plead Estoppel................................................................................................................ 6

    E. DIRECTV Has Not Alleged An Unmistakable Waiver. ....................................... 7

    F. Claim Preclusion Is Inapplicable Because The FTC Was Not A Party To The State Settlements. .................................................................................................. 8

    G. Issue Preclusion Is Inapplicable Because DIRECTV Does Not Allege That Any Issue Was Actually Litigated And Decided........................................................ 11

    H. The Administrative Procedure Act Does Not Apply. ......................................... 12

    I. Leave To Amend Should Be Denied. ................................................................. 12

III. CONCLUSION................................................................................................................... 14

**TABLE OF AUTHORITIES**

**CASES**

*Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152 (9th Cir. 2002) ....................................... 12

*Arizona v. California*, 530 U.S. 392 (2000) ................................................................................. 13

*Bennett v. Spear*, 520 U.S. 154 (1997) ......................................................................................... 14

*Boisvert v. Wai Fun Li*, 2013 WL 4487509 (N.D. Cal. Aug. 20, 2013) ......................................... 8

*Borges Colon v. Roman-Abreu,* 438 F.3d 1 (1st Cir. 2006) .......................................................... 13

*California v. IntelliGender, LLC*, 771 F.3d 1169 (9th Cir. 2014) ................................................ 12

*Cayuga Indian Nation of N.Y. v. Pataki*, 413 F.3d 266 (2d Cir. 2005) .......................................... 7

*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943) .......................................................... 6

*DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424 (E.D. Pa. 2007) ............................................... 3

*Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595 (E.D. Cal. 2013) ........ 4

*Dreisbach v. Murphy*, 658 F.2d 720 (9th Cir. 1981) ..................................................................... 8

*FTC v. Bronson Partners, LLC*, 2006 U.S. Dist. LEXIS 3315 (D. Conn. Jan. 25, 2006) .......... 7, 9

*FTC v. Commerce Planet*, 878 F. Supp. 2d 1048 (C.D. Cal. 2012) ............................................. 12

*Greene v. Wells Fargo Bank, N.A.*, 2015 WL 972991 (N.D. Cal. Mar. 3, 2015) ........................... 7

*Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923 (9th Cir. 2010) ......................... 14

*Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476 (N.D. Cal. Oct. 25, 2013) ....................... 4, 5

*Jaa v. I.N.S.*, 779 F.2d 569 (9th Cir. 1986) .................................................................................... 9

*NLRB v. P*I*E Nationwide, Inc.*, 894 F.2d 887 (7th Cir. 1990) .................................................... 7

*Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355 (1977) ..................................................... 7

*Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425 (N.D. Cal. March 26, 2012) 4, 14

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ................................................ 4

*Stephens v. Attorney Gen. of California*, 23 F.3d 248 (9th Cir. 1994) ........................................ 11

*Taylor v. Sturgell*, 533 U.S. 880 (2008) ................................................................................. 10, 11

*United States v. Administrative Enterprises, Inc.*, 46 F.3d 670 (7th Cir. 1995) ............................ 7

*United States v. Charles*, 213 F.3d 10 (1st Cir. 2000) ................................................................. 11

*United States v. Eaton Shale Co.*, 433 F. Supp. 1256 (D. Colo. 1977) .......................................... 6

*United States v. Miller*, 14 F.3d 761 (2d Cir. 1994) ....................................................................... 10

*United States v. Philip Morris*, 300 F. Supp. 2d 61 (D.D.C. 2004) ....................................... 5, 6, 7

*United States v. Rhodes*, 788 F. Supp. 339 (E.D. Mich. 1992) ......................................................... 6

*United States v. Ruby Co.*, 588 F.2d 697 (9th Cir. 1978) ............................................................ 5, 6

*United States v. Summerlin*, 310 U.S. 414 (1940) ........................................................................... 5

**STATUTES**

15 U.S.C. § 45 ................................................................................................................................ 4, 8

5 U.S.C. § 551 .................................................................................................................................. 14

5 U.S.C. § 701 .................................................................................................................................. 14

5 U.S.C. § 704 .................................................................................................................................. 14

**REGULATIONS**

16 C.F.R. § 0.1 ................................................................................................................................... 7

## I. INTRODUCTION

The FTC's motion to strike should be granted because the challenged affirmative defenses are legally invalid and factually implausible.

First, DIRECTV's opposition essentially concedes that heightened legal standards apply to the affirmative defenses at issue when they are brought against the government. Laches is not available against a government suit brought—as this one is—in the public interest. Estoppel must be supported by allegations of "affirmative misconduct," which are not present in DIRECTV's amended answer. Waiver is not available (or at least must be unmistakable) against the government. Claim and issue preclusion cannot bind the federal government to actions of the states, which are separate and independent sovereigns. The Administrative Procedure Act is not applicable when an adequate remedy in court exists (and this case offers DIRECTV such a remedy).

Second, DIRECTV's affirmative defenses are factually implausible. DIRECTV's answer describes the negotiation and settlement with state attorneys general in 2010 and 2011, then makes the following statement: "The FTC was invited to participate in the negotiation and resolution of those issues before the settlement was finalized but declined." The central allegation of this sentence bears repeating: *When invited to participate in the state settlements, the FTC declined*.

Common sense dictates that *refusing* to participate in settlement negotiations would *avoid* being bound by any resulting agreement. But DIRECTV alleges the exact opposite. According to DIRECTV, when the FTC refused to join the state actions, the FTC's claims in this case were waived and subject to estoppel. Once those state actions resolved, DIRECTV contends that the FTC's claims became barred by claim and issue preclusion. One might ask: What could the FTC have done to *avoid* extinguishing its claims, under DIRECTV's theory?

For these reasons, DIRECTV's affirmative defenses are insufficient and should be stricken. Moreover, DIRECTV's request for leave to file a second amended answer should be denied. DIRECTV's supporting declaration contains additional allegations, but none that cure

the deficiencies in DIRECTV's amended answer.[1]  It is apparent that leave to amend will not revive DIRECTV's insufficient defenses.  The Court should dispose of these defenses with prejudice.

**II.   ARGUMENT**

**A.   *Twombly* and *Iqbal* Apply to Pleading Affirmative Defenses.**

The consistent view of judges in this district—and the better view of the law—is that affirmative defenses must satisfy *Twombly* and *Iqbal*.  *Hernandez v. Dutch Goose, Inc.*, No. 13-cv-03537 LB, 2013 WL 5781476, at *4 n.2 (N.D. Cal. Oct. 25, 2013).  DIRECTV's arguments to the contrary have been considered and rightly rejected.  *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *6–8 (N.D. Cal. Mar. 26, 2012) (analyzing and rejecting counterarguments to *Twombly* and *Iqbal*'s application to affirmative defenses); *Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 598–603 (E.D. Cal. 2013) (same, looking outside the Northern District of California).

DIRECTV also contends that its amended answer satisfies *Twombly* and *Iqbal* because it "does not simply list boilerplate affirmative defenses."  DIRECTV Opp. at 4.  Courts applying *Twombly* and *Iqbal* have indeed stricken many boilerplate recitations of affirmative defenses.  Alleging more than boilerplate is necessary, but it is not sufficient, to adequately plead an affirmative defense.  The applicable standard is whether a pleading alleges facts that render the affirmative defense "plausible on its face."  *Perez*, 2012 WL 1029425, at *6.  DIRECTV has not met that standard.

**B.   The FTC Will Be Prejudiced By Significant Additional Discovery and Motion Practice If DIRECTV's Defenses Are Not Stricken.**

The purpose of a Rule 12(f) motion to strike is to avoid wasting time and money litigating spurious issues.  *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.

---

[1] For the purposes of the present motion to strike, the allegations in DIRECTV's amended answer are assumed true.  The Declaration of Clayton S. Friedman In Support Of DIRECTV's Opposition ("Friedman Decl."), however, is not properly considered in the context of a motion to strike.  "Motions to strike are to be decided 'on the basis of the pleadings alone.'" *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 429 (E.D. Pa. 2007).

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

1983). In this case, "the obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice." *Hernandez*, 2013 WL 5781476, at *5 n.2. DIRECTV's opposition makes clear that DIRECTV will seek discovery from Federal Trade Commission attorneys regarding representations made in the investigation phase. DIRECTV Opp. at 3 (arguing that a showing of affirmative misconduct should await discovery). And DIRECTV will likely seek discovery from various states regarding the scope and purpose of the state consent judgments. *See* DIRECTV Opp. at 15–16 ("[T]here can be no doubt that the intent of the parties involves questions of fact, not to be decided on a motion to strike."). If it is necessary for the FTC to defend against DIRECTV's affirmative defenses, the FTC will require discovery (including depositions) of DIRECTV representatives who participated in the state negotiations or interacted with the FTC. The FTC will also need to prepare a motion for summary judgment on all of the affirmative defenses at issue in this motion.[2] Significant prejudice will thus result if DIRECTV's defenses are not stricken.

### C. Laches Is Not Available When The Government Is Enforcing The Public Interest.

DIRECTV argues that the principle barring the assertion of a laches defense against the government "may not always apply." DIRECTV Opp. at 6 (citing cases in support of that proposition). DIRECTV's authority does not, however, undermine the Ninth Circuit's guidance on using laches against the government: "[L]aches is not available against the government in a suit by it to enforce a public right or protect a public interest." *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978). This long-standing and well-established rule is known sometimes as the *Summerlin* rule, after *United States v. Summerlin*, 310 U.S. 414, 416 (1940). *United States v. Philip Morris*, 300 F.Supp.2d 61, 72–73 (D.D.C. 2004) (reviewing case law

---

[2] Prejudice is evident here, but "[c]ourts differ on whether a movant must show prejudice in support of a motion to strike affirmative defenses—some courts have required a showing of prejudice only for motions to strike defenses as redundant, immaterial, impertinent, or scandalous but not for motions to strike insufficient affirmative defenses." *Hernandez*, 2013 WL 5781476, at *5.

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

analyzing when laches can be asserted against the government, including many of the cases DIRECTV cites, and concluding that the *Summerlin* rule should govern).

DIRECTV points out that *Ruby* allows for the possibility that laches may lie against the government even when public rights are enforced. The relevant portion of *Ruby* (which DIRECTV quotes selectively) states:

> The traditional rule is that the doctrine of laches is not available against the government in a suit by it to enforce a public right or protect a public interest. 30A C.J.S. EQUITY § 114 (1965). It may be that this rule is subject to evolution as was the traditional rule that equitable estoppel would not lie against the government. *However, in the analogous estoppel situation, the invocation of the doctrine against the government **requires a showing of affirmative misconduct**. Even if there were some allowance for laches against the government, there is no reason why that doctrine should not be subject to at least the same strictures as estoppel. In any event, on the facts of this case, we deem the policy considerations so strong as to compel denial of the defense of laches.*

588 F.2d at 705 n.10 (emphasis added); *see* DIRECTV Opp. at 7–8 (omitting emphasized portion of the above quote). Even under the most permissive reading of *Ruby*, DIRECTV must allege affirmative misconduct by the FTC in order to plead an affirmative defense of laches. DIRECTV has not done so.

DIRECTV cites which identify instances where the government has been subject to laches. DIRECTV Opp. at 5–7. In many of these cases, however, consistent with the *Summerlin* rule, the government was enforcing private rights as opposed to furthering the public interest. For example, "the United States is subject to laches in certain restricted contexts, such as commercial suits." *Philip Morris*, 300 F. Supp. 2d at 72 (describing *Clearfield Trust Co. v. United States*, 318 U.S. 363, 369 (1943)); *United States v. Rhodes*, 788 F. Supp. 339, 342–43 (E.D. Mich. 1992) (allowing a laches defense in a suit seeking repayment of a student loan when laches applied to the government's predecessor in interest); *United States v. Eaton Shale Co.*, 433 F.Supp. 1256, 1272 (D.Colo. 1977) (allowing a laches defense when the government delayed 21 years before asserting that a land patent was invalid).

Next, DIRECTV's cases involving the EEOC are not inconsistent with *Ruby* and *Summerlin* because the EEOC brings enforcement actions "on behalf of an individual claimant,

not on behalf of the public." *Philip Morris*, 300 F.Supp.2d at 74 (citing *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 373 (1977)). The EEOC cases cited by DIRECTV, therefore, are consistent with *Ruby*'s bar against laches when the public interest is at stake.

A line of cases in the Seventh Circuit, including *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887 (7th Cir.1990) and *United States v. Administrative Enterprises, Inc.*, 46 F.3d 670 (7th Cir. 1995) have suggested in dicta that laches may be available in other contexts. These cases find their origin in a single line of dicta from *Occidental Life Insurance*,[3] which *Philip Morris* called "hardly compelling," concluding that "[t]his is not language which can be read to overturn the long-standing *Summerlin* rule." 300 F. Supp. 2d at 74 (tracing the Seventh Circuit cases to *Occidental Life* and rejecting the Seventh Circuit's reading).[4]

DIRECTV also argues that the FTC's cite to *FTC v. Bronson Partners, LLC*, 2006 U.S. Dist. LEXIS 3315 (D. Conn. Jan. 25, 2006), is improper. DIRECTV has misread Ninth Circuit Rule 36-3, which disallows citation to unpublished *Ninth Circuit* cases, not unpublished district court orders like *Bronson Partners*. *Greene v. Wells Fargo Bank, N.A.*, No. C 15-00048 JSW, 2015 WL 972991, at *2 (N.D. Cal. Mar. 3, 2015).

Next, DIRECTV argues that the *Summerlin* rule does not apply because the state consent judgments already bind DIRECTV, and thus "there is no public right upon which to overcome the defense of laches because those rights already have been enforced." DIRECTV Opp. at 8. DIRECTV misconstrues the *Summerlin* rule. The question under *Summerlin* and *Ruby* is whether the government is acting to protect the public interest or seeking to enforce a private right. *See Philip Morris*, 300 F. Supp. 2d at 74 (noting that EEOC cases are brought "on behalf

---

[3] Justice Stewart noted that "when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct of [sic] a particular case, the trial court may restrict or even deny backpay relief. The same discretionary power to locate a just result in light of the circumstances peculiar to the case, can also be exercised when the EEOC is the plaintiff." *Occidental Life Ins. Co.*, 432 U.S. at 373.

[4] A Second Circuit case DIRECTV cites, *Cayuga Indian Nation of N.Y. v. Pataki*, 413 F.3d 266, 278–79 (2d Cir. 2005), follows the Seventh Circuit's general approach to laches, but makes clear that in the Second Circuit, consistent with the *Summerlin* rule, "laches is not available against the federal government when it undertakes to enforce a public right or protect the public interest." *Id.* at 279 n.8 (citing *United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002)).

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

of an individual claimant, not on behalf of the public."). Whether a suit is in the public interest is not affected by the possibility that some state (or other) judgment has sought to partially vindicate similar interests.

This case is brought in the public interest. Section 5 of the FTC Act, under which the FTC brings this case, is explicit that actions brought by the FTC are brought in support of the public interest. 15 U.S.C. § 45(b) ("[I]f it shall appear to the Commission that a proceeding by it in respect thereof would be to the *interest of the public*, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges . . . .") (emphasis added). Moreover, the FTC's regulatory mandate is "*to protect the public* from unfair and deceptive acts and practices in the advertising and marketing of goods and services." 16 C.F.R. § 0.1 (emphasis added).[5] The *Summerlin* rule therefore bars DIRECTV's laches defense.

### D. DIRECTV Must—But Has Not—Alleged Affirmative Misconduct To Plead Estoppel.

Neither DIRECTV's opposition nor the supporting declaration points to any affirmative misconduct by the FTC. This omission (among others) is fatal to DIRECTV's estoppel affirmative defense.

DIRECTV does not dispute the elements of pleading estoppel against the government. *See* DIRECTV Opp. at 9–10. Beyond the usual elements of estoppel (which DIRECTV also does not allege sufficient facts to support), DIRECTV must allege, first, "affirmative misconduct," which must include an affirmative representation or affirmative concealment of a material fact by the FTC. *Id.* And second, DIRECTV must also allege that the FTC's misconduct "threaten[s] to work a serious injustice and the public's interest will not be unduly damaged by the imposition of estoppel." *Id.* DIRECTV's amended answer has done neither.[6]

---

[5] Private rights are not at issue here because the FTC Act provides no private right of action. *Boisvert v. Wai Fun Li*, No. 13-CV-01590 NC, 2013 WL 4487509, at *3 (N.D. Cal. Aug. 20, 2013) (citing *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981)).

[6] The Friedman Declaration does not include any allegations that suggest affirmative misconduct by the FTC. Friedman Decl. ¶¶ 10–17 (describing Mr. Friedman's interaction with FTC staff attorneys).

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

6

1    DIRECTV's opposition recites the allegations from its answer and then asserts that the
2 elements of estoppel are properly pleaded. *Id.* But the facts repeated by DIRECTV do not—and
3 could not, consistent with Rule 11—identify any affirmative misconduct by the FTC. Rather,
4 DIRECTV alleges only that the FTC declined to participate in the state settlements and "waited
5 over four years . . . to file the instant action." *Id.* An allegation of delay is not sufficient. Even
6 *unexplained* delay (which DIRECTV has not alleged) does not constitute affirmative
7 misconduct. *Jaa v. I.N.S.*, 779 F.2d 569, 572 (9th Cir. 1986).

8    DIRECTV's claims of serious injustice and lack of harm to the public interest are also
9 inadequately pleaded. DIRECTV's statements regarding the state consent judgments do not
10 identify a serious injustice arising from the FTC's conduct. The FTC alleges in this case that
11 DIRECTV has violated the FTC Act and the Restore Online Shoppers Confidence Act, federal
12 claims which were not at issue in any state action. Extinguishing those federal claims, as
13 DIRECTV requests, would not serve the public interest. The fact that DIRECTV is already
14 bound by state judgments—which the FTC cannot enforce—does not support the imposition of
15 estoppel.

16    Finally, DIRECTV incorrectly suggests that weighing of evidence is necessary to
17 determine whether the FTC's conduct constitutes affirmative misconduct. DIRECTV Opp. at
18 11. Neither the FTC nor DIRECTV has introduced any material outside the pleadings that bears
19 on DIRECTV's estoppel defense or the FTC's conduct. DIRECTV has simply failed to allege
20 the elements of estoppel. No discovery or weighing of evidence is necessary. DIRECTV's
21 estoppel defense should be stricken.

22    **E.  DIRECTV Has Not Alleged An Unmistakable Waiver.**

23    As explained above, the FTC's cite to *FTC v. Bronson Partners* is proper, and that case
24 stands for the proposition that the FTC cannot waive the requirements of the FTC Act. 2006
25 U.S. Dist. LEXIS 3315, at *6. DIRECTV has responded that waiver is available against the

government, but that "any waiver of . . . sovereign authority must be unmistakable." DIRECTV Opp. at 12. Under either standard, DIRECTV's allegations in support of waiver are insufficient.[7]

DIRECTV's central assertion is that the FTC was informed of the state settlements and declined to participate. The most natural conclusion from these facts is that the FTC was *avoiding* waiver of any claim. The state settlements before the Court only reinforce that conclusion. The California state judgment states that "[n]othing in this Judgment shall be construed as relieving DIRECTV of the obligation to comply with all State and federal laws, regulations or rules, nor shall any of the provisions of this Judgment be deemed to be permission to engage in any acts or practices prohibited by such law, regulation, or rule." Dkt. No. 32-1 (the "California Judgment"), ¶ 10.1; *see also* ¶ 13.1 (definition of "Released Claims" does not include "claims pursuant to any other statute or regulation."). The District of Columbia judgment, submitted by DIRECTV, contains identical language. Friedman Decl. Ex. 1 (the "D.C. Judgment"), ¶ 10.1; *see also* ¶ 14.1 (definition of "Released Claims" does not include "claims pursuant to any other statute or regulation"). This language indicates that the FTC's claims were *not* waived.

### F. Claim Preclusion Is Inapplicable Because The FTC Was Not A Party To The State Settlements.

DIRECTV asserts in its opposition that its estoppel defense falls within the third exception to the rule against nonparty preclusion in *Taylor v. Sturgell*, 533 U.S. 880 (2008). That is, DIRECTV contends that the FTC was adequately represented in the state's actions against DIRECTV (in which the FTC did not participate). DIRECTV Opp. at 14–15. This assertion disregards the independent sovereignty of state and federal governments. Based solely on some factual and legal similarities between the state actions and this case, DIRECTV asserts that the division between the federal government and the states should be disregarded for

---

[7] The Friedman Declaration does not include any allegations that reflect an unmistakable waiver by the FTC. *See* Friedman Decl. ¶¶ 10–17 (describing Mr. Friedman's interaction with FTC staff attorneys). Quite the contrary, the Friedman declaration alleges that the FTC issued a second Civil Investigative Demand to DIRECTV on December 13, 2013. In light of the additional CID described by Mr. Friedman, DIRECTV's contention that the FTC had unmistakably waived all of its claims is even more implausible.

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

preclusion purposes. But DIRECTV misunderstands that "in our federal system state and national sovereignty are separate and distinct from one another, and each political entity has power to determine what are offenses against it and to try and punish such offenses independently." *United States v. Miller*, 14 F.3d 761, 763 (2d Cir. 1994). For this reason, "state prosecution will collaterally estop the federal government only if federal authorities substantially controlled the state action or were virtually represented by the state court prosecutor." *United States v. Charles*, 213 F.3d 10, 21 (1st Cir. 2000);[8] *Stephens v. Attorney Gen. of Cal.*, 23 F.3d 248, 249 (9th Cir. 1994) (holding that the "state would be bound by the prior [federal] determination only if state prosecutors had participated actively in the federal prosecution."). DIRECTV has not alleged—and could not allege—that the FTC controlled the state actions.

Even putting aside the independent sovereignty of state and federal governments, DIRECTV does not fall within *Taylor*'s third exception to the rule against non-party preclusion. That exception allows that, "in certain limited circumstances, a non-party may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit." *Taylor*, 533 U.S. at 894 (internal quotations omitted). As *Taylor* explains, "[r]epresentative suits with preclusive effect on nonparties include properly conducted class actions . . . and suits brought by trustees, guardians, and other fiduciaries." *Id.* In general, "[a] party's representation of a nonparty is 'adequate' for preclusion purposes only if, *at a minimum*: (1) the interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." *Id.* at 900 (quotations and citations omitted).

Neither of *Taylor*'s requirements for a non-party to be "adequately represented" are met here.[9] As to the first requirement, the states and the federal government are independent

---

[8] The Supreme Court later rejected the notion of "virtual representation" as a basis for privity in *Taylor*, 553 U.S. at 893–904.

[9] The Friedman Declaration. does not include any allegations that suggest that the FTC controlled the state action. *See* Friedman Decl. ¶¶ 5–9 (describing the multistate investigation and settlement). It also does not allege any facts that would satisfy *Taylor*'s requirements for the FTC to be "adequately represented" by the states. *Id.*

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

sovereigns with different interests and priorities. And as for *Taylor*'s second requirement, DIRECTV has not alleged—nor could it allege—1) that the states understood themselves to be acting in a representative capacity for the FTC; or 2) that the state courts took care to protect the FTC's interests. In fact, the state-court judgments reflect that the FTC's interests were explicitly *not protected* because federal claims were carved out of the state consent judgments. California Judgment ¶¶ 10.1, 13.1; D.C. Judgment ¶¶ 10.1, 14.1.[10]

DIRECTV also argues that *California v. IntelliGender, LLC*, 771 F.3d 1169 (9th Cir. 2014) establishes privity between the states and the FTC. But neither *IntelliGender*'s holding nor its reasoning applies here. *IntelliGender* considered whether a state should be precluded from pursuing one remedy—restitution—already obtained by members of a federally certified class under the Class Action Fairness Act ("CAFA"). *Id.* at 1171-72. The Ninth Circuit held that, in such a situation, the state could not thereafter seek restitution for the same class members covered by the previous federal-court-approved class-action settlement. *Id.* at 1179–82. The Ninth Circuit found privity because the state was seeking restitution for the very same individuals who were members of a certified class in the prior federal action brought under the same statute (the California Unfair Competition Law). *Id.* at 1180–81. Here, there is no certified class or federal-court-approved settlement, and the states and the FTC have asserted different causes of action under different statutes. *IntelliGender*'s reasoning is plainly limited to the class-action context where identical claims are at issue. *See IntelliGender*, 771 F.3d at 1179–82.[11]

---

[10] DIRECTV suggests that by bringing the state-court judgments before the Court, the FTC is improperly seeking evidentiary findings at the pleading stage. DIRECTV Opp. at 15. Not so. The state-court judgments are properly considered because they are referenced in DIRECTV's answer. *See* FTC Motion at 7 n.1. And the content of those judgments render DIRECTV's affirmative defenses implausible and therefore insufficient under *Twombly* and *Iqbal*.

[11] Any hypothetical double recovery can be dealt with at the remedy stage, when the Court can determine equitable relief that avoids double recovery by deducting any prior payments from DIRECTV to consumers from a final remedial award. *See, e.g., FTC v. Commerce Planet*, 878 F.Supp.2d 1048, 1088–93 (C.D. Cal. 2012) (consumer loss calculated by subtracting money previously paid back to injured consumers through refunds and chargebacks from total consumer injury figure).

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

### G. Issue Preclusion Is Inapplicable Because DIRECTV Does Not Allege That Any Issue Was Actually Litigated And Decided.

DIRECTV does not deny that, in order for issue preclusion to apply, "an issue of fact or law [must be] actually litigated and determined by a valid and final judgment, and the determination [must be] essential to the judgment." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Further, there is no dispute that "settlements ordinarily occasion no issue preclusion" unless it is clear "that the parties intend their agreement to have [preclusive] effect." *See* DIRECTV Opp. at 15–16 (citing *Arizona v. California*, 530 U.S. 392, 414 (2000)). Instead, DIRECTV makes the puzzling assertion that a determination of whether any issues were "actually litigated" "cannot be made on the record presented here." DIRECTV Opp. at 16.

The "record presented here" is entirely of DIRECTV's making. And that record contains no suggestion that any issue in the settlements with the states was actually litigated and determined. The California state settlement, which the FTC submitted with its motion to strike, makes clear that the settlement was entered "without trial or adjudication of any issue of law or fact." California Judgment at 1. The District of Columbia judgment submitted by DIRECTV has nearly identical language, stating that "[t]his Judgment is made without trial or adjudication of any issue of fact or law, or finding of liability of any kind." D.C. Judgment ¶ 8.20. And the Friedman Declaration does not allege that active litigation or decision by the courts occurred. *See* Friedman Decl. ¶ 8. DIRECTV's claim that the parties' intent that the judgments have preclusive effects "may be inferred from the multistate judgments" is not plausible. DIRECTV Opp. at 16.

DIRECTV distinguishes *Borges Colon v. Roman-Abreu,* 438 F.3d 1, 19 (1st Cir. 2006) because, in that case "there was no hearing, no findings, and, therefore, no issue preclusion." DIRECTV Opp. at 16. But DIRECTV has not alleged that any hearing or findings took place in

connection with the multistate settlements.[12] The Court's admonition in *Borges Colon*—that the plaintiff's argument seeking preclusion "makes no sense"—applies equally to DIRECTV.

### H. The Administrative Procedure Act Does Not Apply.

DIRECTV's opposition, for the first time, offers a potential legal foundation for its so-called "Previous Nationwide Settlement" defense from an unexpected source: The Administrative Procedure Act ("APA"). Nothing in DIRECTV's amended answer suggests that DIRECTV might be asserting an affirmative defense based on the APA. DIRECTV's amended answer fails to give the FTC notice of any defense that relies on the APA. It also fails to allege facts that would render such a defense plausible.

Under the APA, two kinds of agency action are subject to judicial review. First, "agency action made reviewable by statute." 5 U.S.C. § 704. And second, "final agency action for which there is no other adequate remedy in a court." *Id.* DIRECTV does not identify what agency action it purports to challenge or why no remedy exists in this Court.[13] The defense should be stricken.

### I. Leave To Amend Should Be Denied.

Leave to amend affirmative defenses should be freely given where an amendment would not prejudice the moving party. *Perez v. Gordon & Wong*, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012). Nonetheless, leave to amend is not appropriate here, for two reasons.

First, DIRECTV has already amended its answer once to address deficiencies identified by the FTC. On April 16, 2015 the FTC sent a letter to DIRECTV regarding a potential motion

---

[12] The Friedman Declaration also does not allege that any hearing or determination of any issue occurred. *See* Friedman Decl. ¶¶ 5–9.

[13] Even if DIRECTV had identified a challenged agency action, additional hurdles exist. An "agency action" is defined as the "whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). And not all agency actions are reviewable under the APA. When a statute precludes judicial review or an agency action is "committed to agency discretion by law," the APA does not authorize judicial review. 5 U.S.C. § 701 (a)(1)–(2). And unless specifically made reviewable by statute, only *final* agency actions are reviewable. To be final, it must be an action "by which rights or obligations have been determined, or from which legal consequences will flow." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 930 (9th Cir. 2010) (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). It is not apparent how DIRECTV imagines its defense meets these requirements.

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

1  to strike certain affirmative defenses. Dkt. No. 24 at 2. The parties met and conferred, and
2  agreed that DIRECTV would file an amended answer. *Id.* DIRECTV filed its amended answer
3  on May 18, 2015. Dkt. No. 27. The parties met and conferred again after DIRECTV filed its
4  amended answer, and the FTC explained the bases for the present motion to strike. DIRECTV
5  has had ample opportunity to adequately plead the disputed affirmative defenses.

6  Second, leave to amend should be denied because the additional facts alleged in the
7  Friedman Declaration would not remedy DIRECTV's amended answer's inadequacies.[14] Laches
8  is not available when the government is enforcing a public right, as the FTC is here. Estoppel
9  against the government only exists in cases of government misconduct, and the Friedman
10 Declaration does not allege anything approaching affirmative misconduct. *See* Friedman Decl.
11 ¶¶ 10–17. Waiver by the government must be unmistakable, but the Friedman Declaration's
12 description of the FTC's refusal to participate in the state settlements is anything but an
13 unmistakable waiver.[15] *See id.* Claim preclusion is unavailable because 1) the FTC was not a
14 party (or a privy) to the state settlements; and 2) preclusion of federal claims was explicitly
15 carved out of the state judgments. Neither of these facts is disputed in the Friedman Declaration.
16 *See id.* ¶¶ 5–17, Ex. 1. Issue preclusion does not apply because, as is evident from DIRECTV's
17 answer, the Friedman Declaration, and the express terms of the consent judgments, no issues
18 were actually litigated and decided in the state settlements. *Id.* ¶¶ 5–8, Ex. 1. The APA does not

---

[14] The lack of factual support for DIRECTV's affirmative defenses is striking here for another reason: DIRECTV is in possession of all the core facts that could support the disputed defenses. DIRECTV suggests that discovery is necessary to understand the nature of the FTC's communications with DIRECTV's counsel and DIRECTV's interactions with the states during settlement negotiations. But DIRECTV was privy to all communications that could serve as a factual foundation for these defenses. Discovery is unnecessary to unearth facts that DIRECTV already possesses. Further leave to amend will serve no purpose.

[15] To be clear, the FTC does not concede DIRECTV's claim that the FTC was invited to participate but declined. The Friedman Declaration states only that certain FTC *attorneys* declined to participate in the state settlement. Only the Commission, not Commission staff, has the authority to initiate or decline to initiate an action in a court of law. 15 U.S.C. § 45 ("[I]f it shall appear to the *Commission* that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges . . . .") (emphasis added). The Friedman Declaration makes no assertion that the Commission declined to participate.

FTC's Reply ISO Motion To Strike DIRECTV's Affirmative Defenses
Case No. 15-cv-01129-HSG

apply in this case because DIRECTV has an adequate remedy in this Court. The result of these conclusions is clear. More facts will not help DIRECTV. Leave to amend should be denied.

### III. CONCLUSION

For the reasons stated above, the Court should strike DIRECTV's affirmative defenses based on laches, estoppel, waiver, claim preclusion, issue preclusion, and "previous nationwide settlement agreement" with prejudice.

Respectfully Submitted,

Dated: June 22, 2015           /s/ Jacob A. Snow_____

Jacob A. Snow
Eric D. Edmondson
Erika Wodinsky
Boris Yankilovich

Attorneys for Plaintiff
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5100 (phone)
(415) 848-5184 (facsimile)