Jonathan E. Nuechterlein
General Counsel

Eric D. Edmondson, D.C. Bar No. 450294
Erika Wodinsky, Cal. Bar No. 091700
Jacob A. Snow, Cal. Bar No. 270988
Boris Yankilovich, Cal Bar No. 257887
901 Market Street, Suite 570,
San Francisco, CA 94103
(415) 848-5100 / (415) 848-5184 (fax)
*eedmondson@ftc.gov; ewodinsky@ftc.gov;
jsnow@ftc.gov; byankilovich@ftc.gov*

Raymond E. McKown, Cal. Bar No. 150975
Stacy Procter, Cal. Bar No. 221078
10877 Wilshire Blvd., Suite 700,
Los Angeles, CA 90024
(310) 824-4343 / (310) 824-4380 (fax)
*rmckown@ftc.gov; sprocter@ftc.gov*

Attorneys for Plaintiff
Federal Trade Commission

CHAD S. HUMMEL (Bar No. CA 139055)
E-mail: CHummel@manatt.com
CLAYTON S. FRIEDMAN (Bar No. CA 245513)
E-mail: CFriedman@manatt.com
MICHAEL YAGHI (Bar No. CA 202720)
E-mail: MYaghi@manatt.com
MANATT PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

CHRISTIAN E. BAKER (Bar No. CA 247006)
E-mail: CBaker@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Defendants
DIRECTV and DIRECTV, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br>        Plaintiff,<br><br>        v.<br><br>**DIRECTV,**<br>    a corporation,<br>and<br><br>**DIRECTV, LLC,**<br>    a limited liability company,<br><br>        Defendants. | Case No. 15-cv-01129-HSG<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS** |

Having (i) met and conferred regarding the appropriate level of protection for confidential materials elicited or produced during the proceeding of this action, (ii) reviewed the

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER - 15-CV-01129-HSG

Northern District of California's Model Protective Order for Standard Litigation, adopting the Model Order's provisions where appropriate and modifying them where necessary to accommodate the unique circumstances of this action, (iii) and worked diligently and cooperatively to resolve any differences between the parties and to arrive at a jointly-stipulated proposal, the parties hereby submit the following Proposed Stipulated Protective Order Regarding Confidential Materials.

1.  PURPOSE AND LIMITATIONS: Disclosure and discovery activity in this action will involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, Plaintiff Federal Trade Commission ("FTC") and Defendants DIRECTV and DIRECTV, LLC ("Defendants") hereby stipulate to and petition the Court to enter this Stipulated Protective Order Regarding "Confidential" Materials (the "Order"), as defined herein. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge that this Order does not automatically entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file under seal.

2.  DEFINITIONS: As used in this Order:
    a.  "Materials" shall refer to any document, writing, recording, transcript of oral testimony, recorded or graphic matter, tangible object, and electronically stored information, or to any portion of the foregoing. Any Materials disclosed, provided, produced, or filed in this proceeding by any Person, whether a Party or Non-Party, that contain (1) Sensitive Personal Information as defined in paragraph 3, or (2) trade secrets or other competitively sensitive information (such as confidential research, development, technical, commercial, or financial information) not otherwise publicly accessible or available, as well as any

1    information that discloses the substance of the contents of such Materials, may be
2    designated as Confidential by any Party or by the Non-Party that discloses,
3    produces, provides, or files the Materials.
4    b.   "Non-Party" shall refer to any Person who is not a Party.
5    c.   "Party" shall refer to any party to this action, including all of its officers,
6    directors, employees, and contractors.
7    d.   "Person" shall refer to any natural person, partnership, corporation, association, or
8    governmental or other legal entity, including, but not limited to, each Party and
9    any Non-Party.
10   e.   "Sensitive Personal Information" shall include a Person's Social Security number,
11   taxpayer identification number, date of birth (other than year), home address,
12   driver's license number or other state identification number (or a foreign country
13   equivalent), passport number, personal financial information, such as bank
14   account, credit card, or debit card number(s), and medical records or other
15   information relating to the Person's treatment of physical or mental health or
16   condition or to the provision of or payment for health care to the Person.
17   3.   <u>CONFIDENTIAL MATERIALS</u>:  Consistent with Fed. R. Civ. P. 26(c), any Materials
18   disclosed, provided, produced, or filed in this proceeding by any Party or Non-Party that contain
19   (1) Sensitive Personal Information, or (2) trade secrets or other competitively sensitive
20   information (such as confidential research, development, technical, commercial, or financial
21   information) not otherwise publicly accessible or available, as well as any information that
22   discloses the substance of the contents of such Materials, may be designated as Confidential by
23   any Party or by the Non-Party that discloses, produces, provides, or files the Materials.  The
24   designating Party or Non-Party may designate as Confidential only those portions of Materials
25   that qualify for Confidential treatment under this Order.  A designation that Materials are
26   Confidential shall constitute a representation by the designating Party or Non-Party, in good
27   faith and after careful determination, that the designated Materials, or portion thereof, are
28   eligible for such designation pursuant this Order.  Such designated Materials, as well as any

1  information that discloses the substance or contents of such Materials, shall be treated as
2  Confidential pursuant to and to the extent permitted by this Order.
3  4.     Sensitive Personal Information shall be afforded all the protections of this Order
4  afforded to other Confidential Materials, and also shall be secured by any receiving Party or
5  Non-Party in such a manner as to minimize the possibility of disclosure, intentional or
6  unintentional, to unauthorized Persons, including the physical storage thereof in a secure area or
7  law office, the electronic storage thereof on a password-protected computer or system which
8  may be accessed only by Persons authorized to have access to the Sensitive Personal
9  Information pursuant to the terms of this Order, and the transmission thereof only to other
10 authorized Persons by a trackable method with restricted delivery to such Persons.
11 5.     Any Party or Non-Party who, as part of this proceeding, discloses, provides, or produces
12 to any other Party, or files with the Court, materials that are Confidential under this Order shall
13 designate such Materials as Confidential at the time of the disclosure, provision, production, or
14 filing. Materials shall be designated as Confidential by placing on or affixing to the document
15 or other medium containing Confidential Material (in such manner as will not interfere with the
16 legibility thereof), or, if an entire folder or box of documents is confidential, by placing or
17 affixing to that folder or box, the designation "CONFIDENTIAL – FTC v. DIRECTV., Case
18 No. 15-cv-01129-HSG," or any other appropriate notice that identifies this proceeding, together
19 with an indication of the portion or portions of the document considered to be Confidential
20 Material. Confidential Materials contained in electronic documents may also be designated as
21 confidential by placing the designation "CONFIDENTIAL – FTC v. DIRECTV, Case No. 15-
22 cv-01129-HSG," or any other appropriate notice that identifies this proceeding, on the face of
23 the CD or DVD or other medium on which the document is produced. Masked or otherwise
24 redacted copies of Materials may be produced where the portions masked or redacted contain
25 privileged matter, provided that the copy produced shall indicate at the appropriate point that
26 portions have been masked or redacted and the reasons therefor.
27 6.     Notwithstanding paragraph 5, if during a deposition in this proceeding, a deponent (or
28 the deponent's counsel) fails to designate as Confidential appropriate portions of the deponent's

deposition testimony on the record during the course of or at the close of the deposition, the deponent (or the deponent's counsel) may, no later than ten days after the deposition transcript becomes available to the deponent, designate as Confidential those portions of the transcript that contain Confidential Materials.  The Confidential designation may be accomplished by marking "CONFIDENTIAL" every page of the transcript that contains Confidential Materials, notifying all Parties of the transcript page and line numbers of the pages deemed to be Confidential, and marking the first and last such pages of such ranges as "CONFIDENTIAL – START" and "CONFIDENTIAL – END," respectively.  Until the earlier of the expiration of this ten-day period or the Confidential designation, the entire deposition transcript shall be treated as Confidential.

7.      Notwithstanding paragraph 5, any Party, within thirty days of receiving Confidential Materials from a Non-Party as part of this proceeding, may designate such Materials as Confidential.   Until the earlier of the expiration of this thirty-day period or the Confidential designation, such Materials shall be treated as Confidential.

8.      With respect to all Materials provided for inspection by a Party or its counsel, all Confidential Materials shall be stamped "CONFIDENTIAL – FTC v. DIRECTV., Case No. 15-cv-01129-HSG" by the Party or Non-Party desiring such designation, or otherwise designated by such Party or Non-Party in writing, within thirty days of production.  Until the end of such thirty-day period, the document production will be deemed to be designated Confidential in its entirety under the terms of this Order.  A designation of Confidential by stamping or labeling need not be made until after counsel for the inspecting party has inspected the Materials and selected Materials to be copied.  Making Materials available for inspection shall not constitute a waiver of any claim to designate such Materials as Confidential, and all Materials provided for inspection by a Party's or Non-Party's counsel shall be treated as though designated Confidential at the time of inspection.

9.      Any Party or Non-Party who previously disclosed, provided, or produced to or filed with the FTC, as part of Federal Trade Commission Matter Number 1023141, Materials entitled to confidentiality under the Federal Trade Commission Act, or any other federal statute or

1 regulation, or under any federal court or FTC precedent interpreting such statute or regulation,
2 may, within ninety days of entry of this Order, designate any such Materials as Confidential to
3 the extent permitted by this Order.  This designation may be accomplished by notifying all
4 Parties of the Bates ranges (or other identifying information) of such Materials that are to be
5 designated Confidential.  Until the earlier of the expiration of this ninety-day period or the
6 Confidential designation, such Materials shall be treated as Confidential.

7 10.     The disclosure of Confidential Materials or information that discloses the substance of
8 the contents of Confidential Material (including through any writing or communication
9 reproducing, paraphrasing, or otherwise disclosing the content of Confidential Materials) shall
10 be limited to the following Persons:

11 a.     The Court presiding over this proceeding and related officials involved in this
12 proceeding or any other related proceeding (such as appellate review of this
13 proceeding) in which the Confidential Materials are used, including judges,
14 magistrates, commissioners, referees, jurors, court reporters and Persons
15 preparing transcripts of testimony, and other personnel of the Court.

16 b.     The FTC, including its Commissioners, counsel, staff, employees, and agents
17 (including consultants not covered under Subparagraph 10(e) below), as well as
18 contractors assisting the FTC in the preparation or hearing of this proceeding
19 under the direction and control of the FTC, its Commissioners, counsel, staff,
20 employees, or agents.

21 c.     Defendants' outside counsel of record in this proceeding, as well as their
22 associated attorneys and other employees or contractors assisting such counsel in
23 the preparation or hearing of this proceeding under the direction and control of
24 such counsel; provided, however, that no such Person shall be an officer,
25 director, or employee of any Defendant.

26 d.     The following three individuals, who are in-house legal counsel at DIRECTV:
27 Robin Rogers, Christopher Murphy, and Ted Suzuki.

28 e.     Any independent experts or consultants retained or consulted by the parties in

|   |   |   |
|---|---|---|
| 1 |   | this proceeding, including the employees of such experts or consultants who are |
| 2 |   | assigned to assist such experts or consultants, in connection with services in the |
| 3 |   | preparation or hearing of this proceeding. |
| 4 | f. | Any Person who, based on a good faith and objectively reasonable belief or |
| 5 |   | understanding of counsel of record for the disclosing party, created, sent, |
| 6 |   | received or reviewed the Confidential Materials, or who has had access to the |
| 7 |   | Confidential Materials independent of this proceeding. |
| 8 | g. | Any trial or deposition witness and the witness's counsel, if the Confidential |
| 9 |   | Materials are, based on a good faith and objectively reasonable belief or |
| 10 |   | understanding of counsel of record for the disclosing party, reasonably related to |
| 11 |   | the witness's testimony. |
| 12 | h. | Any Person designated by the Court in the interest of justice, upon such terms as |
| 13 |   | the Court deems proper. |

11. Prior to disclosing Confidential Materials to any Person on the basis of subparagraph 10(d), 10(e), 10(f), or 10(g), the disclosing Party shall provide to such Person a copy of this Order and obtain from such Person a signed statement in the form attached hereto as Exhibit A. Such signed statement shall be retained by counsel for the disclosing Party and need not be filed with the Court or served upon opposing counsel, unless requested for good cause or ordered by the Court. A Person's refusal or practical inability to sign this statement, after the disclosing Party's good faith effort to secure signature, shall not restrict the disclosing Party (or its counsel) from disclosing the materials to the Person during trial, deposition, or other discovery or pretrial proceeding; provided, however, that the disclosing Party (or its counsel) shall serve on or provide to the Person a copy of this Order before the disclosure, and, in the case of the Person's refusal, makes a record of the Person's refusal to sign, or, in the case of impracticability, makes a good faith attempt to obtain the Person's signature after the disclosure.

12. Disclosure of Confidential Materials, or information that discloses the substance of the contents of Confidential Materials, to any Person described in Paragraph 10 of this Order shall

1  be only for the purposes of the preparation and hearing of this proceeding, or any appeal
2  therefrom, and for no other purpose whatsoever.  Any such receiving Person to whom
3  Confidential Materials are disclosed in this proceeding shall: (a) read this Order; (b) use such
4  Confidential Materials, or information that discloses the substance of the contents of
5  Confidential Materials, only for purposes permitted by this Order; and (c) not disclose or
6  divulge the content of Confidential Materials, or information that discloses the substance of the
7  contents of Confidential Materials, other than as permitted by this Order.  However, nothing
8  contained in this Order shall be construed as imposing these or any other obligations on the
9  Court or court personnel.

10  13.   Nothing in this Order shall restrict the use of Confidential Materials outside of this
11  litigation by any Person, or the disclosure of Confidential Materials to any Person (or that
12  Person's counsel), who: (a) originally disclosed, provided, or produced such Materials in this
13  proceeding; (b) has had such Materials in its possession, custody, or control independent of this
14  proceeding or Federal Trade Commission Matter Number 1023141; or (c) has discovered such
15  materials independent of this proceeding or Federal Trade Commission Matter Number
16  1023141.

17  14.   In addition to paragraph 13, nothing in this Order shall restrict the use or disclosure of
18  Confidential Materials by the FTC, subject to taking appropriate steps to preserve the
19  confidentiality of such Materials: (1) as provided by the FTC's Rules of Practice, 16 C.F.R.
20  §0.1, *et seq*., and any cases construing them, or Sections 6(f) and 21 of the Federal Trade
21  Commission Act and any cases construing them; or (2) pursuant to any other legal obligation
22  imposed upon the FTC.  To the extent required by applicable laws or regulations, the FTC shall
23  provide prior notice of such use or disclosure to the designating Person.

24  15.   Without written permission from the Party or Non-Party who designated the Materials
25  Confidential or an order of the Court, a Party may not file in the public record in this action any
26  Confidential Materials.  Instead, a Party that seeks to file Confidential Material must comply
27  with Civil Local Rule 79-5, including its provisions for filing Materials under seal.  For
28  Materials designated Confidential by a Non-Party, the Party seeking their filing shall provide to

1  that designating Non-Party advance notice of at least three days (excluding Saturdays, Sundays,
2  and legal holidays defined under Fed. R. Civ. P. 6) before filing an Administrative Motion to
3  File Under Seal under Rule 79-5(d).  If the designating Non-Party agrees in writing to withdraw
4  its Confidential designation from the Materials at issue or to otherwise permit their filing in the
5  public records, such Materials may be filed in the public record and shall no longer be treated as
6  Confidential in this proceeding.
7  16.    Nothing in this Order shall be construed to affect in any way the admissibility of any
8  Materials, testimony, or any other evidence in this proceeding.  This Order shall have no effect
9  upon, and its scope shall not extend to, any Party's use of its own discovery Materials in this
10 proceeding.
11 17.    Any Party or Non-Party who designates any Materials as Confidential pursuant to this
12 Order may consent to the removal of such designation by so notifying counsel of record for the
13 other Parties in writing, after which time such Materials shall no longer be treated as
14 Confidential in this proceeding.  Any Party or Non-Party that, acting in good faith, inadvertently
15 or mistakenly designates Materials as Confidential may withdraw that designation so notifying
16 counsel of record for the other parties in writing immediately after discovering the erroneous
17 designation, after which time such Materials shall no longer be treated as Confidential in this
18 proceeding.
19 18.    Any Party may challenge a designation of any Materials as Confidential and request
20 removal of the designation as follows:
21     a.    The Party seeking such removal shall give the Party or Non-Party who
22          designated the Materials as Confidential written notice thereof specifying the
23          Materials as to which such removal is sought and the reason for the request.
24     b.    If the Parties and/or Non-Party cannot reach agreement concerning the matter
25          within fifteen days after such notice, then the Party requesting the removal of the
26          designation as Confidential may file and serve a motion for an order of the Court
27          directing that the designation be removed.
28     c.    For Confidential Materials other than Sensitive Personal Information, the Party

        or Non-Party desiring to maintain their designation as Confidential shall have the burden of establishing grounds for such treatment.  The burden of establishing that any Sensitive Personal Information should not be designated Confidential shall be upon the party seeking to remove the designation.

19. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this proceeding.  Moreover, the failure to designate Materials as Confidential in accordance with this Order and the failure to object to such designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order shall neither be construed as a waiver of any Person's right to object to the furnishing of Materials in response to discovery in this proceeding, nor relieve any Person of the obligation to produce Materials in the course of discovery in this proceeding.

20. If a Party or Non-Party through inadvertence discloses, produces, or provides any Confidential Materials without designating them as Confidential as provided in this Order, that Party or Non-Party shall promptly give written notice to the receiving Person that the Materials are Confidential and should be treated as such in accordance with this Order.  The receiving Person shall treat such Materials as Confidential from the date it receives such notice.  Disclosure of such Materials prior to receipt of such notice to a Person not authorized to receive Confidential Materials shall not be deemed a violation of this Order; however, each Person to whom disclosure has been made is to be advised that the Materials disclosed are Confidential and must be treated in accordance with this Order.

21. In the case of any accidental or inadvertent disclosure of Confidential Materials or any other disclosure not in accordance with this Order, the Person responsible for the disclosure (or the Person's counsel) shall promptly notify counsel for the Party or Non-Party who designated the Materials as Confidential, or any such Person who is not represented by counsel, of the disclosure, and shall make every effort to prevent further disclosure, including attempting to retrieve all copies of the Confidential Materials from the recipients thereof, and attempting to secure the agreement of the recipients not to further disseminate the Confidential Materials in

1 any form.

2 22.  At the time that any consultant, expert, or other Person retained to assist a Party's
3 counsel in this proceeding concludes his or her participation in this proceeding, such Person
4 shall return to counsel of record for the retaining Party all copies of Confidential Materials,
5 together with all notes, memoranda, or other papers reproducing, paraphrasing, or otherwise
6 disclosing Confidential Materials, or certify as to their destruction.  Furthermore, within thirty
7 days after the completion of this proceeding, all Confidential Materials, including any writing or
8 communication reproducing, paraphrasing, or otherwise disclosing such Confidential Materials,
9 shall be collected by counsel for the receiving Party and either destroyed or returned to the Party
10 or Non-Party who disclosed, produced, or provided the Materials; provided, however, that
11 attorney work product, expert reports, deposition transcripts and other sworn statements, or
12 pleadings reproducing, paraphrasing, or otherwise disclosing Confidential Materials may be
13 retained in counsel's files subject to this Order and providing that such Confidential Materials
14 shall not be used for any purpose outside of those permitted by this Order.  For purposes of this
15 Order, this proceeding shall be considered completed when the entire proceeding has been
16 resolved and any related orders have become final and non-appealable.

17 23.  All Persons who receive Confidential Materials shall remain under a continuing duty not
18 to disclose such Materials, except as permitted in this Order.  This duty shall continue in full
19 force and effect after the completion of this proceeding.  However, nothing contained in this
20 Order is intended to be construed as authorizing a Person to disobey a lawful court order or
21 subpoena issued in another proceeding.

22 24.  The Parties, in conducting discovery from any Non-Party as part of this proceeding,
23 shall provide to each such Non-Party a copy of this Order so as to inform the Non-Party of the
24 Non-Party's rights and obligations under this Order.

25 25.  The Parties reserve their rights to seek, through stipulated agreement or otherwise,
26 additional protections for the use of Confidential Materials at trial.

27 26.  In the event that any additional Person becomes a Party to this proceeding, that Person,
28 upon proper notice, shall be bound by this Order unless and until a different Protective Order is

1  entered with respect to that Person.

2  SO STIPULATED

3

4  Dated:  June 23, 2015                  /s/ *Eric D. Edmondson*
                                           Eric D. Edmondson
5                                          Counsel for Plaintiff
                                           Federal Trade Commission
6
7                                          Pursuant to Local Rule 5-1(i), the filer attests
                                           that concurrence in the filing of this document
8                                          has been obtain from the other signatory.

9

10

11  Dated:  June 23, 2015                 /s/ *Chad S. Hummel*
                                           Chad S. Hummel
12                                         Counsel for Defendants DIRECTV and
                                           DIRECTV, LLC
13

14

15

16

17

18  IT IS SO ORDERED

19                                         _____
                                           Haywood S. Gilliam, Jr.
20                                         United States District Judge
                                           Northern District of California
21

22

23

24

25

26

27

28

[P̶R̶O̶P̶O̶S̶E̶D̶] STIPULATED PROTECTIVE ORDER - 15-CV-01129-HSG

Page 12 of 12

| | |
|---|---|
| Jonathan E. Nuechterlein<br>General Counsel<br><br>Eric D. Edmondson, D.C. Bar No. 450294<br>Erika Wodinsky, Cal. Bar No. 091700<br>Jacob A. Snow, Cal. Bar No. 270988<br>Boris Yankilovich, Cal Bar No. 257887<br>901 Market Street, Suite 570,<br>San Francisco, CA 94103<br>(415) 848-5100 / (415) 848-5184 (fax)<br>*eedmondson@ftc.gov; ewodinsky@ftc.gov;*<br>*jsnow@ftc.gov; byankilovich@ftc.gov*<br><br>Raymond E. McKown, Cal. Bar No. 150975<br>Stacy Procter, Cal. Bar No. 221078<br>10877 Wilshire Blvd., Suite 700,<br>Los Angeles, CA 90024<br>(310) 824-4343 / (310) 824-4380 (fax)<br>*rmckown@ftc.gov; sprocter@ftc.gov*<br><br>Attorneys for Plaintiff<br>Federal Trade Commission | CHAD S. HUMMEL (Bar No. CA 139055)<br>E-mail: CHummel@manatt.com<br>CLAYTON S. FRIEDMAN (Bar No. CA 245513)<br>E-mail: CFriedman@manatt.com<br>MICHAEL YAGHI (Bar No. CA 202720)<br>E-mail: MYaghi@manatt.com<br>MANATT PHELPS & PHILLIPS, LLP<br>11355 West Olympic Boulevard<br>Los Angeles, CA 90064-1614<br>Telephone: (310) 312-4000<br>Facsimile: (310) 312-4224<br><br>CHRISTIAN E. BAKER (Bar No. CA 247006)<br>E-mail: CBaker@manatt.com<br>MANATT, PHELPS & PHILLIPS, LLP<br>One Embarcadero Center, 30th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 291-7400<br>Facsimile: (415) 291-7474<br><br>Attorneys for Defendants<br>DIRECTV and DIRECTV, LLC |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br>    Plaintiff,<br><br>v.<br><br>**DIRECTV,**<br>    a corporation,<br>and<br><br>**DIRECTV, LLC,**<br>    a limited liability company,<br><br>    Defendants. | Case No. 15-cv-01129-HSG<br><br>**ACKNOWLEDGMENT OF [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS** |

By undersigning, I acknowledge that have received and read the Protective Order entered by the Court in the above-captioned case on _____ [date] and I agree to be bound

**ACKNOWLEDGMENT OF [PROPOSED] STIPULATED PROTECTIVE ORDER - 15-CV-01129-HSG**

by the terms of that Protective Order.

As a condition to my receipt or review of any Materials designated Confidential pursuant to that Protective Order, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, and that I shall observe and comply with all of its provisions. I further understand and agree that I am not permitted to use, and I shall not use, Confidential Materials for any purpose other than those permitted under the Protective Order.

Date: _____          Signature: _____

                                 Printed Name: _____