Jonathan E. Nuechterlein
General Counsel

Eric D. Edmondson, D.C. Bar No. 450294
Erika Wodinsky, Cal. Bar No. 091700
Jacob A. Snow, Cal. Bar No. 270988
Boris Yankilovich, Cal Bar No. 257887
901 Market Street, Suite 570,
San Francisco, CA 94103
(415) 848-5100 / (415) 848-5184 (fax)
*eedmondson@ftc.gov; ewodinsky@ftc.gov;*
*jsnow@ftc.gov; byankilovich@ftc.gov*

Raymond E. McKown, Cal. Bar No. 150975
Kenneth Abbe, Cal. Bar No. 172416
Stacy Procter, Cal. Bar No. 221078
10877 Wilshire Blvd., Suite 700,
Los Angeles, CA 90024
(310) 824-4343 / (310) 824-4380 (fax)
*rmckown@ftc.gov; sprocter@ftc.gov*

Attorneys for Plaintiff
Federal Trade Commission

Chad S. Hummel (Bar No. CA 139055)
Clayton S. Friedman (Bar No. CA 245513)
Mark D. Campbell (Bar No. CA 180528)
Michael Yaghi (Bar No. CA 202720)
*chummel@sidley.com, cfriedman@sidley.com;*
*mcampbell@sidley.com; myaghi@sidley.com*
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-2600
Facsimile: (310) 595-2601

Ryan M. Sandrock (Bar No. CA 251781)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
*rsandrock@sidley.com*

Attorneys for Defendants
DIRECTV and DIRECTV, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>        Plaintiff,<br><br>    v.<br><br>**DIRECTV,**<br>        a corporation,<br>and<br><br>**DIRECTV, LLC,**<br>    a limited liability company,<br><br>        Defendants. | Case No. 15-cv-01129-HSG<br><br>**STIPULATED ORDER RE:<br>DISCOVERY OF ELECTRONICALLY<br>STORED INFORMATION** |

1.    **PURPOSE**

~~**[Proposed]**~~ Stipulated Order Re: Discovery of ESI - 15-cv-01129-HSG

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.      COOPERATION**

The parties are aware of the importance the Court places on cooperation, and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.      LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.      PRESERVATION**

The parties have discussed their preservation obligations and needs, and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure that proper ESI is preserved, the parties agree that:

       a.   Only ESI created or received after January 1, 2007 will be preserved.

       b.   The parties have committed to exchanging a list of the types of ESI they believe should be preserved and the criteria for organizational departments, custodians or descriptions of custodians, or general job titles, for which they believe ESI should be preserved.  In the context of responding to the Federal Trade Commission's ("FTC") Civil Investigative Demands ("CIDs") in connection with the FTC's investigation leading to this action, Defendants (collectively, "DIRECTV") have already preserved and produced to the FTC certain ESI that was in their possession, custody, or control.

       c.   In addition to the agreements referenced in Paragraph 6 of the Initial Joint Case

**[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ESI - 15-CV-01129-HSG**

Management Statement (Dkt. 33), the parties agree generally not to require the preservation or production of the following categories of materials, absent a showing of good cause by the requesting party:

    i.   Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; and

    ii.   Back-up data that are duplicative of data that are more accessible elsewhere.

The parties agree that they may subsequently identify additional types of ESI that need not be preserved, logged, or produced.

    d.   Recognizing that the obligation to preserve materials is not necessarily identical to and coextensive with the obligation to produce materials in discovery, the parties agree that any agreement or commitment to preserve materials by any party does not constitute that party's admission that such materials are properly discoverable or will be produced in discovery.

## 5.    SEARCH

The parties agree that after responding in writing to requests to produce pursuant to Fed. R. Civ. P. 34, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The parties may agree to use search terms where appropriate.

## 6.    PRODUCTION FORMATS

Except as noted below, the parties agree to produce documents in native format whenever possible, in near-native format when native is not possible, and, if neither format is technologically feasible, TIFF files with metadata and extracted text.

For email ESI, the parties agree to produce in MSG, EML, or PST formats, or if none of these formats is technologically feasible, as TIFF files with metadata and extracted text. For webpage ESI, the parties agree to produce in existing native format, or that is not technologically feasible, in a near-native format that would sufficiently permit a full and fair examination of ESI. For multimedia ESI, the parties agree to produce in .mp3 or .mp4 formats, or not technologically

feasible, in existing native format.  For materials available only in "hard" format—e.g., on paper—the parties agree to produce in a PDF format, with searchable text embedded in the PDF, or  if not technologically feasible, as singe-page TIFF files with metadata and extracted, searchable text.  For ESI available only in a format accessible through proprietary software not available to the general public, the parties agree to confer about production.

If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

The parties agree to permit de-duplication of identical files only in accordance with the FTC's Production Guide (exchanged between the parties).  Specifically, the parties agree to de-duplicate only if within a unique custodian search, and only by using hash value (MD5 or SHA-1).

The parties agree not to use email threading software as part of production.

The parties agree to strip password protection from ESI materials produced whenever possible.  If not possible, the producing party shall provide a reference sheet with clearly identified passwords for password-protected materials.

The parties agree not to degrade the searchability of documents as part of the document production process.

Subject to and consistent with this Order, the parties agree to adhere to the Federal Trade Commission, Bureau of Consumer Protection Production Requirements, attached hereto as Exhibit A, including, but not limited to, for the procedures governing the production of Metadata in ESI.

DIRECTV need not re-produce to the FTC in discovery documents that DIRECTV has already produced to the FTC as part of its responses to the FTC's CIDs.  However, to the extent that any such previously produced documents are responsive to the FTC's requests in discovery, in lieu of re-production DIRECTV shall specify which of its previously produced documents are responsive.

**7.    PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ESI  -  15-CV-01129-HSG

agree, if appropriate, to discuss phasing the production of ESI (e.g., phasing by ESI source or type).

**8.    DOCUMENTS PROTECTED FROM DISCOVERY**

a.  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case is not itself a waiver in this case or in any other federal or state proceeding.  Nothing in this Order shall be interpreted to limit the applicability of Fed. R. Evid. 502(d).

b.  The parties shall take reasonable steps to prevent the disclosure of privileged or work product material (together, "protected" material).  In the event of such disclosure, the parties shall follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) and herein for materials produced in discovery in this action by both parties and nonparties.

c.  If a receiving party discovers material produced to it by a party or nonparty in this action that the receiving party reasonably believes to be protected material, the receiving party shall promptly notify the producing party in writing and segregate that material (or the protected portion) until it receives a response from the producing party or the passage of seven days, whichever is earlier.  If, after such notice, the party that produced the material fails within seven days to state its position about the privileged or protected status of the material, the receiving party may deem all claims of privilege of protection for that material waived.

d.  If a producing party discovers that it has disclosed protected material to another party, it shall (1) notify the receiving party in writing within seven days after such discovery, and (2) take prompt reasonable steps to identify any other protected material that it also may have disclosed.  If the producing party fails to notify the receiving party within seven days of its disclosure of the protected material and

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ESI  -  15-CV-01129-HSG

state its position about the privileged or protected status of the material, the receiving party may deem all claims of privilege of protection for that material waived.

e.  If the parties disagree about the applicability of any asserted privilege or other protection for material that the producing party contends is protected material and should not have been disclosed, the parties shall promptly meet and confer to resolve the issue.  If the parties cannot resolve the issue, the party that produced the material shall have the obligation to raise that dispute to the Court and shall exercise reasonable diligence in doing so.

f.  Any party's return, sequester, or destruction of any material pursuant to this Order or the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) does not waive any right to challenge the assertion of privilege or other protection for that material in any litigation.

**9.    MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, through Counsel of Record.

Dated: October 7, 2015

/s/ Eric D. Edmondson
Eric D. Edmondson
Counsel for Plaintiff
FEDERAL TRADE COMMISSION

Pursuant to Local Rule 5-1(i), the filer attests that concurrence in the filing of this document has been obtained from the other signatory.

Dated: October 7, 2015

/s/ Chad S. Hummel
Chad S. Hummel
Counsel for Defendants

**[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ESI  -  15-CV-01129-HSG**

1

2   IT IS ORDERED that the forgoing Agreement is approved.

3

4   Dated:  October 15, 2015

5

6   Haywood S. Gilliam, Jr.
    United States District Judge
7   Northern District of California

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ESI - 15-CV-01129-HSG**