UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01129-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 32 |

Pending before the Court is the Federal Trade Commission's ("FTC") motion to strike DirecTV, Inc.'s affirmative defenses. For the following reasons, the FTC's motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

On March 11, 2015, the FTC filed this lawsuit against DirecTV, alleging four causes of action: (1) failure to disclose or disclose adequately pricing of DirecTV's satellite television subscription service, in violation of 15 U.S.C. § 45(a); (2) failure to disclose adequately premium channel offer terms, in violation of 15 U.S.C. § 45(a); (3) failure to disclose all material terms, in violation of 15 U.S.C. § 57(a); and (4) failure to obtain consumers' express informed consent, in violation of 15 U.S.C. § 57(a). Dkt. No. 1. DirecTV filed an amended answer on May 18, 2015, and the FTC moved to strike six of DirecTV's affirmative defenses on June 1, 2015. Dkt. Nos. 27, 32.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510

U.S. 517 (1994). "Because motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent." *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK, 2010 WL 3749284, at *1 (N.D. Cal. Sept. 23, 2010) (internal quotation marks omitted). In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted); *cf. Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

Most courts have held that the standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), with respect to complaints also apply to affirmative defenses, such that they must state a plausible claim for relief to survive a motion to strike. *See Otey v. Crowdflower, Inc.,* No. 12-cv-05524-JST, 2013 WL 5734146, *4 (N.D. Cal. Oct. 22, 2013) ("This Court agrees with the many judges in this district, however, who routinely apply *Iqbal's* heightened pleading standard to affirmative defenses."); *Prime Media Group LLC v. Acer Am. Corp.,* No. 12-cv-05020-EJD, 2013 WL 621529, *2, n.2 (N.D. Cal. Feb. 19, 2013) ("Although the Ninth Circuit has not yet settled this issue once and for all, it seems a foregone conclusion at this point that the Rule 8 pleading standard . . . should also apply to affirmative defenses."); *Barnes & Noble, Inc. v. LSI Corp.,* 849 F. Supp. 2d 925, 928 (N. D. Cal. 2012) ("Most courts have held that the *Ashcroft/Twombly* pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."); *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program,* 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses."). Although the Ninth Circuit has not yet addressed this question, the Court finds the reasoning of these decisions persuasive and will apply the *Twombly/Iqbal* standard when resolving the FTC's motion.

### III. ANALYSIS

The FTC moves to strike six affirmative defenses asserted in the Amended Answer: laches, estoppel, waiver, claim preclusion, issue preclusion, and previous nationwide settlement. In support of each of these affirmative defenses, DirecTV's Amended Answer recites the same paragraph of factual allegations:

> [I]n December 2010 and effective January 2011, after a lengthy investigation and negotiation with a multi-state group of attorneys general, DIRECTV entered into a nationwide agreement with 50 states (and the District of Columbia), resulting in 51 substantially similar judgments and consent orders. The issues addressed by the investigation and in the orders cover the same conduct at issue in this lawsuit: introductory discount price offers for satellite TV program packages, the requirement of a two year commitment to obtain the introductory pricing, how long the promotional price remains in effect, the disclosure of the regular price, the possible imposition of early cancellation fees, and roll to pay premium channel offers. The FTC was invited to participate in the negotiation and resolution of those issues before the settlement was finalized but declined. There has never been an enforcement proceeding brought against DIRECTV by any state or the District of Columbia based on the multi-state agreement, and DIRECTV has relied, in part, on the requirements of that agreement in designing its advertising disclosures. The FTC has been aware of the multi-state agreement and DIRECTV's advertising since late 2010 and did not take any formal action against the company on the issues implicated by the multi-state agreement until 2015. Regardless of the nationwide settlement agreement, it would be inequitable for Plaintiff to seek injunctive, monetary, or other equitable relief extending back for almost a decade based on at least the foregoing.

Dkt. No. 27 at 8-13. The FTC argues that these facts, even if true, do not plausibly support any of the six affirmative defenses challenged by its motion. *See* Dkt. No. 32 at 4. The Court will address each in turn.

#### A. Laches

"Laches is an equitable defense that prevents a plaintiff, who 'with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights.'" *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012) (citation omitted). "To prove laches, the 'defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself.'" *Id.* (citation omitted).

As an initial matter, the FTC does not seriously dispute that the factual allegations pled in the Amended Answer at least facially support a finding of laches under this standard. DirecTV

3

asserts that (1) the FTC delayed its suit for four years after it was invited to participate in a resolution of the very same practices challenged in this case, which (2) prejudiced DirecTV because it designed its subsequent advertising disclosures in reliance on the settlement agreements reached with the attorneys general of all fifty states and the District of Columbia. Dkt. No. 36 at 9. Whether the FTC's conduct was sufficiently dilatory and DirecTV's prejudice sufficiently severe to warrant laches are factual questions inappropriate for determination on a motion to strike.

Instead, the FTC argues that DirecTV's laches defense must be stricken because "[l]aches is not available as an affirmative defense against the government in a suit by its agency to 'enforce a public right or protect a public interest.'" Dkt. No. 32 at 4 (citing *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978)). *Ruby* is not so clear. As DirecTV correctly notes, the sentence following the passage in *Ruby* cited by the FTC observes that "[i]t may be that this rule is subject to evolution as was the traditional rule that equitable estoppel would not lie against the government." *Ruby*, 588 F.2d at 705 n.10. However, that same footnote also states that were laches to apply to the government in enforcing a public right, a showing of affirmative misconduct also would likely be required. *Id*.

While neither party cites authority interpreting the *Ruby* footnote, at least one district court has rejected the FTC's argument that *Ruby* forecloses a laches defense against the FTC. *See FTC v. Hang-Ups Art Enterprises, Inc.*, No. CV 95-cv-0027-RMT-JGX, 1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995) (rejecting the argument that *Ruby* precludes a laches defense against the FTC and denying motion to strike that affirmative defense). In denying the FTC's motion to strike defendant's laches defense, *Hang-Ups* cited *Ruby* for the principle that "laches may be a defense against the government if 'affirmative misconduct' by the government is shown," and found that "[t]he facts of the case should decide whether there has been affirmative misconduct by the government such that laches might apply." *Id*.

The Court agrees with the reasoning of *Hang-Ups*. While, under *Ruby*, DirecTV very likely will have to prove affirmative misconduct to prevail on its laches defense, the defense as pled provides the FTC sufficient notice of DirecTV's theory, and alleges specific facts that

4

plausibly could support such a finding. *See Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *Sec. People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). At the pleading stage, no more is required, and the Court accordingly denies the FTC's motion to strike DirecTV's laches affirmative defense.[1]

### B. Estoppel

The Ninth Circuit has "outlined the ordinary elements of estoppel as: (1) The party to be estopped must know the facts; (2) He must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) The latter must be ignorant of the true facts; and (4) He must rely on the former's conduct to his injury." *Ruby*, 588 F.2d at 703 (citing *United States v. Wharton*, 514 F.2d 406, 412 (9th Cir. 1975)). The FTC concedes that estoppel is available against the government, Dkt. No. 32 at 5, with the caveat that additional requirements apply: (1) affirmative misconduct going beyond mere negligence; and (2) the wrongful conduct threatened to work a serious injustice and that the public's interest will not suffer undue damage. *See Watkins v. U.S. Army*, 875 F.2d 699, 706-07 (9th Cir. 1989).

For the same reasons discussed with regard to the laches defense, the Court finds that DirecTV has sufficiently pled its estoppel defense. The ultimate question of whether DirecTV can *prove* the elements of estoppel is not the issue at this stage. The FTC has notice of DirecTV's legal theory, and the answer adequately pleads facts which plausibly could support a finding in DirecTV's favor. The FTC's motion to strike the estoppel affirmative defense is denied.

---

[1] The FTC also cites *FTC v. Bronson Partners LLC*, No. 3:04CV1866 (SRU), 2006 WL 197357, at *1 (D. Conn. Jan. 25, 2006), in support of its position. The Court agrees with the FTC that the Ninth Circuit's rules do not bar a party from citing an unpublished district court order. But the Court finds that the rule cited approvingly by *Bronson Partners* -- namely, that "[t]he settled precedent in [the Second C]ircuit holds that laches is not an available defense in an SEC enforcement action seeking injunctive relief" (citation omitted) -- is meaningfully different than the controlling Ninth Circuit rule discussed in *Ruby*.

5

### C. Waiver

Waiver is the intentional relinquishment of a known right. *Alocozy v. U.S. Citizenship & Immigration Servs.*, 704 F.3d 795, 797 (9th Cir. 2012). The FTC moves to strike DirecTV's waiver defense on two grounds: (1) that it cannot waive an act of Congress; and (2) that the facts alleged in the Amended Answer do not plausibly support that defense. Dkt. No. 32 at 6.

The Court disagrees with the FTC that this case involves the waiver of an act of Congress. Even assuming that DirecTV could prevail on its waiver defense, the success of that affirmative defense would not undermine any statutory obligation placed on the FTC. The FTC was not statutorily required to bring this lawsuit against DirecTV—it, like virtually all federal agencies, is vested with discretion to bring suit to enforce its statutory mandate.

Whether DirecTV has alleged sufficient facts to plausibly assert waiver, however, is a different question. DirecTV concedes that in order to prevail on its waiver defense, it must show that any waiver was "unmistakable." Dkt. No. 36 at 12 (citing *United States v. Philip Morris, Inc.*, 300 F. Supp. 2d 61, 66 (D.C. Cir. 2004)); *see also* Dkt. 48 (transcript of August 14, 2015 motions hearing) at 14:21-23. In line with the foregoing analysis of the other affirmative defenses, and given the parties' agreement that a waiver defense can lie against the government under certain circumstances, the Court finds this affirmative defense adequately pled. DirecTV may or may not be able to meet the high burden for this defense at trial (or on summary judgment), but that is not the inquiry before the Court at the pleading stage. The FTC's motion to strike this defense is denied.

### D. Claim Preclusion

"Claim preclusion, or res judicata, bars 'successive litigation of the very same claim' following a final adjudication on the merits involving the same parties or their privies." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). In general, "state and federal governments are separate parties for res judicata purposes, so that litigation by one does not bind another." 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4458 (2d ed.). However, "[p]reclusion may flow from a state party to the United States . . . if the relationships

established by a special statutory scheme warrant the conclusion—likely to be expressed in terms of 'privity'—that preclusion is appropriate." *Id*. (citing *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1002 (9th Cir. 1980)).

DirecTV argues that it may assert claim preclusion in this case because all 50 state attorneys general (and the District of Columbia) have already sued and obtained relief under the state analogues of the federal statute on which the FTC bases its causes of action. *See* Dkt. No. 36 at 14-15. According to DirecTV, the FTC was "adequately represented" by those state governments when they litigated and ultimately settled their virtually identical state-law claims arising from the same alleged misconduct at issue in this case. *Id*. (citing *Taylor v. Sturgell*, 553 U.S. 880, 881 (2008) ("'[I]n certain limited circumstances,' a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit.") (citation omitted)).

DirecTV fundamentally misconstrues the "adequately represented" exception articulated by the Supreme Court in *Taylor*. In *Taylor*, the Supreme Court expressly cabined that exception to a particular kind of representative suits: "[r]epresentative suits with preclusive effect on nonparties include properly conducted class actions and suits brought by trustees, guardians, and other fiduciaries." *Taylor*, 553 U.S. at 894 (citations omitted). Accordingly, "[a] party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." *Id*. at 900 (citation omitted). While DirecTV appears to argue that the interests of the state and District of Columbia attorneys general were aligned, the facts alleged in the affirmative defense give no indication that those attorneys general understood themselves to be acting in a representative capacity for the federal government or that the original court took care to protect the interests of the federal government. Put another way, DirecTV does not allege facts sufficient to plausibly state an affirmative defense of claim preclusion under *Twombly*, given the legal standards discussed above.

For these reasons, the FTC's motion to strike the claim preclusion affirmative defense is

granted, with DirecTV granted leave to amend if it can do so consistent with the requirements of Rule 11.

### E.     Issue Preclusion

Issue preclusion, also known as collateral estoppel, "attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'" *Amadeo*, 290 F.3d at 1159 (alterations in original) (quoting *Arizona v. California*, 530 U.S. 392, 414 (2000)).  "A voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue." *Id.*; *see also Arizona*, 530 U.S. at 414 (consent judgments "ordinarily occasion no issue preclusion . . . unless it is clear . . . that the parties intend their agreement to have such an effect").

The FTC moves to strike DirecTV's issue preclusion defense on the ground that the consented-to multistate judgments did not contemplate such preclusive effect.  Dkt. No. 32 at 9 (citing multistate judgment, which states that it was entered "without trial or adjudication of any issue of law or fact.").  DirecTV responds that whether the multistate judgments were intended to have a preclusive effect depends on the intent of the parties and is thus necessarily a question of fact that cannot be resolved on a motion to strike.  Dkt. No. 36 at 15-16.

The Court agrees with the FTC.  In general, consent agreements like the multistate judgments entered into by DirecTV do not occasion issue preclusion unless it is clear that the parties intended their agreement to have that effect. *See Arizona*, 530 U.S. at 414.  Here, DirecTV has asserted that judgments exist, but has pled no facts to suggest that the parties intended the agreements to be preclusive.  At base, DirecTV appears to misconstrue the relevant burden.  Contrary to DirecTV's argument, the Court need not "find that the multistate judgments were entered before any of the issues were 'actually litigated'" in order to strike its issue preclusion defense.  Dkt. No. 36 at 16.  To withstand a motion to strike an affirmative defense, DirecTV, not the FTC, must plead facts sufficient "to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Twombly*, 550 U.S. at 556-57.  Accordingly, that the "record presented here" does not permit the Court to determine whether a plausible defense of issue preclusion exists inures to FTC's benefit, not DirecTV's.

1    Accordingly, FTC's motion to strike the issue preclusion affirmative defense is also
2 granted, with DirecTV granted leave to amend if it can do so consistent with the requirements of
3 Rule 11.

### F.   Previous Nationwide Settlement

DirecTV's ninth affirmative defense is titled "Previous Nationwide Settlement Agreement." Dkt. No. 27 at 12. The affirmative defense does not reference a legal theory under which a "previous nationwide settlement agreement" would serve as a defense to liability in this action. *Id.* at 12-13. DirecTV attempts to remedy this deficiency in its opposition by clarifying that the defense is based on at least Section 706(1) of the Administrative Procedures Act (although DirecTV's opposition leaves open the possibility that other bases could exist). Dkt. No. 36 at 17. But DirecTV may not supplement its Amended Answer through its opposition. *Cf. Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989) (a court deciding a motion to dismiss "may not consider any material beyond the pleadings"). To the extent that DirecTV's ninth affirmative defense is based on the Administrative Procedures Act, DirecTV was obligated to identify the applicable statutory provision and plead sufficient facts—such as the agency decision to be reviewed and why that decision may be challenged in district court—to demonstrate that such a defense is plausible. The ninth affirmative defense falls well short of that standard, and is stricken with leave to amend to the extent DirecTV can do so consistent with its Rule 11 obligations.

//
//
//
//
//
//
//
//

IV. **CONCLUSION**

The FTC's motion to strike DirecTV's affirmative defenses is **GRANTED IN PART AND DENIED IN PART**. DirecTV must file its amended answer on or before January 18, 2016. If DirecTV cannot now, consistent with its Rule 11 obligations, amend the stricken affirmative defenses to remedy the defects identified by the Court, it may seek leave to amend later if it subsequently discovers a sufficient factual basis.

**IT IS SO ORDERED.**

Dated: 12/21/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge