UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

          Plaintiff,

    v.

DIRECTV, INC., et al.,

          Defendants.

Case No.  15-cv-01129-HSG  (MEJ)

**DISCOVERY ORDER**

Re: Dkt. No. 102

Pending before the Court is the parties' discovery letter concerning Plaintiff Federal Trade Commission's (the "FTC") request to compel Defendants DIRECTV and DIRECTV, LLC ("Defendants") to respond to its Interrogatory Request 10, which seeks the following: "Identify each Person for whom or on whose behalf DIRECTV has paid any fees or costs for legal representation in connection with this action." Jt. Ltr. at 1, Dkt. No. 102.  The FTC explains that Defendants have produced only 38 documents in response to its requests for production, and the FTC has therefore subpoenaed that evidence from nonparties that do business with Defendants. *Id.*  However, after the FTC issued the subpoenas, Defendants' counsel, Sidley Austin LLP, took over representation of the nonparties.  *Id.*  The FTC argues information regarding the breadth of nonparty representation coverage by Sidley is relevant because it raises concerns about Defendants' influence over the nonparties. *Id.* at 2.  However, as the FTC admits, it does not seek to compel any nonparty's production through this request. *Id.*  If the FTC claims nonparties are improperly withholding documents, it should first seek to compel disclosure from those nonparties, as any influence Defendants have over the nonparties is not at issue if the FTC is able to obtain the discovery to which it is entitled.  Accordingly, the Court **DENIES** the FTC's request without prejudice.

     **IT IS SO ORDERED.**

Dated: February 11, 2016

_____

MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California