UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01129-HSG  (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 106 |

The Court is in receipt of the discovery dispute letter filed by Defendants DIRECTV and DIRECTV, LLC's (collectively, "DIRECTV") and Plaintiff Federal Trade Commission ("FTC") regarding DIRECTV's Rule 30(b)(6) deposition notice Topic 3, which seeks information regarding "[t]he results of any and all research, surveys, or tests conducted by the FTC concerning DIRECTV's advertising that the FTC contends has been or is deceptive." Dkt. No. 106.  The Court previously considered this issue and, on December 3, 2015, granted DIRECTV's motion to seek further responses to its questions on Topic 3, finding the topic was "designed to elicit discoverable information, including questions relating to which ads were allegedly deceptive, how they were deceptive, whether the FTC has any factual support for its contention that consumers have been deceived, its investigation of alleged consumer complaints, and the scope of alleged consumer harm or putative bases for monetary relief."  Order at 8, Dkt. No. 81.  However, in doing so, the Court also excluded "any testimony that is properly deemed privileged." *Id.* at 10. The FTC now seeks to prevent a further deposition based on attorney work product, deliberative process privilege, and law enforcement privilege.  Jt. Ltr. at 1.

Having reviewed the parties' positions, the Court finds DIRECTV is entitled to a further deposition on Topic 3.  The FTC maintains it "has already produced to DIRECTV thousands of

DIRECTV's advertisements gathered by the FTC during its investigation," and "DIRECTV now has all the underlying factual information as the FTC upon which it can test consumer perception," Jt. Ltr. at 1-2. But the proper inquiry is not so limited. DIRECTV may seek relevant information surrounding the FTC's investigation, such as "whether there has been any fact gathering; who did it; when it was done; where it is reported, if at all; how it was conducted; what inquiry was made and of whom; why the inquiry has taken so long; and the like." *Ressler v. United States*, 2012 WL 3231002, at *3 (D. Colo. Aug. 6, 2012). Thus, DIRECTV is free to inquire into information such as the FTC's fact gathering techniques and how it conducted the investigation. *Ressler*, 2012 WL 3231002, at *3 (federal agency's "fact gathering" activities proper subject of a 30(b)(6) deposition). At the same time, while DIRECTV is entitled to discover facts, it is "not entitled to explore opposing counsel's thought processes as to which facts support these contentions (and which do not), or what inferences can be drawn from the evidence that has been assembled so far." *FTC v. CyberSpy Software, LLC*, 2009 WL 2386137, at *4 (M.D. Fla. July 31, 2009). Accordingly, while the Court shall permit a further deposition on Topic 3, DIRECTV should be mindful to direct its questioning to the facts surrounding the investigation and not the FTC's evaluation of those facts.

The FTC also argues DIRECTV's inquiry violates Federal Rule of Civil Procedure 26(b)(4)(D) as it seeks consulting expert information. Jt. Ltr. at 2. Rule 26(b)(4)(D) shields the disclosure of specified information about non-witness experts retained or employed in anticipation of litigation or preparation for trial. It "precludes discovery against experts who (are) informally consulted in preparation for trial, but not retained or specially employed." *Todd v. Tempur-Sealy Int'l, Inc.*, 2015 WL 1022886, at *2 (N.D. Cal. Mar. 6, 2015) (internal quotation marks and citations omitted). "[T]his preclusion not only encompasses information and opinions developed in anticipation of litigation, but also insulates discovery of the identity and other collateral information concerning experts consulted informally." *Id.* (internal quotation marks and citations omitted) (denying defendants' request to compel plaintiffs to identify with whom they consulted as a possible expert). While the FTC is correct that DIRECTV may not obtain information regarding non-witness experts, it is not clear why this does not entitle DIRECTV to depose the

1  witness designated by the FTC for a 30(b)(6) deposition now.  The Court finds no merit to the
2  FTC's argument that such a deposition must be delayed.
3        Finally, the FTC requests that, should the Court decide the FTC must provide further
4  responses on Topic 3, DIRECTV should seek those answers through written discovery or through
5  a deposition by written questions, "given the high risk of inadvertent disclosure of privileged
6  information."  Jt. Ltr. at 3 n.3.  As the FTC has not shown a written deposition is necessary, the
7  Court DENIES its request.
8        **IT IS SO ORDERED.**

10  Dated: February 24, 2016

                                                      _____
                                                      MARIA-ELENA JAMES
                                                      United States Magistrate Judge

United States District Court
Northern District of California

3