UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br>    v.<br>DIRECTV, INC., et al.,<br>    Defendants. | Case No. 15-cv-01129-HSG (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 130 |

The Court is in receipt of the parties' discovery dispute letter concerning Plaintiff Federal Trade Commission's ("FTC") Federal Rule of Civil Procedure 30(b)(6) Deposition Topic 1, which seeks the following testimony: "The results of any and all research, surveys or tests, performed by or for [Defendants DIRECTV and DIRECTV, LLC (collectively, "DIRECTV")] concerning the design, location or wording of disclosures in DIRECTV advertisements, websites or other marketing materials of material terms, including price, required subscriber agreement, early cancellation fee, or the existence of a negative option." Jt. Ltr., Dkt. No. 130; *id.*, Ex. A (Notice of Dep.), Dkt. No. 130-1.

The FTC argues this information is relevant because, in its Complaint, the FTC alleges DIRECTV's ads violate the FTC Act and the Restore Online Shoppers' Confidence Act by failing to adequately disclose the actual price of its satellite-television subscription service, the full length of its required contract, and DIRECTV's negative-option marketing to sell premium channels. Jt. Ltr. at 2. As the central issue in the case is whether necessary disclosures are made in a manner that consumers can see and understand, the FTC maintains that surveys and tests performed by or for DIRECTV regarding price, the required length of subscriber commitment, and the premium channel negative option are clearly relevant. *Id.*

1 In response, DIRECTV argues the FTC's notice is overbroad and vague because it seeks testimony on the "results" of research, "which could include a myriad of topics some relevant, many not." *Id.* at 4.  DIRECTV further argues the topic requires it to speculate as to which terms the FTC believes are material because it seeks testimony on consumer perception related to "material terms" of the subscriber agreement. *Id.*  DIRECTV requests the Court limit testimony to the following topic: "Conclusions reached by DIRECTV, based on non-privileged research or studies it has conducted, legal requirements, and/or data available to it, regarding the adequacy of disclosures in its advertising of introductory program package subscription pricing, the subscriber agreement, early cancellation fees, and premium channel offers." *Id.*

Having reviewed the parties' positions, the Court finds the FTC's Topic 1 both relevant and appropriately limited in scope.  Topic 1 does not include a "myriad of topics," but instead focuses on "research, surveys or tests, performed by or for DIRECTV," and it limits material terms to "price, required subscriber agreement, early cancellation fee, or the existence of a negative option."  Further, although DIRECTV seeks to limit the request to the "conclusions" it reached, this would prevent the FTC from discovering relevant information, such as the objectives of DIRECTV's advertising research and the data it obtained from its studies.

Accordingly, the Court **GRANTS** the FTC's motion to compel.

**IT IS SO ORDERED.**

Dated: April 6, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge