UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01129-HSG   (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 142 |

Defendants DIRECTV and DIRECTV, LLC (collectively, "DIRECTV") and Plaintiff Federal Trade Commission's ("FTC") have filed a joint discovery letter regarding DIRECTV's Requests for Production of complaints from the FTC's Consumer Sentinel system ("Sentinel) regarding DIRECTV competitors Dish Network, Comcast XFINITY, Cox Communications, Verizon FIOS, Time Warner Cable, Charter Communications, and other providers of cable or satellite television services. Jt. Ltr., Dkt. No. 142. The FTC objected to producing any documents, and DIRECTV therefore seeks to compel production. *Id.* at 1.

DIRECTV argues these complaints are relevant because the FTC intends to rely on the volume of consumer complaints against DIRECTV as evidence that DIRECTV's advertising violated the Federal Trade Commission Act, 15 U.S.C. §§ 53(b) and 57b, and Section 5 of the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8404. Jt. Ltr. at 1. DIRECTV maintains it needs to be able to defend itself against this claim by showing that there is nothing exceptional about the volume or content of complaints against DIRECTV or that the raw volume is in any way probative of deceptive advertising. *Id.* DIRECTV believes that production of Sentinel complaints regarding DIRECTV's competitors will show that the number of complaints against it was not exceptional, and it argues the FTC wants to bar DIRECTV from obtaining and analyzing this evidence because it could undermine the FTC's case. *Id.* DIRECTV further argues the requested

1   production of Sentinel complaints may show that consumers complained regarding competitor
2   disclosures on the same issues presented in this case and that if consumers "complained more
3   often regarding competitor disclosures that the FTC would deem acceptable, that may be probative
4   of the fact that consumers are not in fact deceived or misled by the DIRECTV advertising but are
5   really complaining about something else." *Id.* at 2.  Finally, DIRECTV contends that any burden
6   on the FTC is minimal as it has already produced Sentinel complaints regarding DIRECTV in a
7   single spreadsheet, and it can likely produce the information in a single spreadsheet for each
8   company.  *Id.*

9   In response, the FTC argues that nothing in its Complaint suggests this case is predicated
10  on an "unusual" number of consumer complaints against DIRECTV as compared to other
11  companies, and DIRECTV cannot point to anything in the case record to substantiate its
12  "speculative hunch" about the FTC's intent to rely on complaints about other companies to prove
13  its case against DIRECTV.  *Id.* at 3.  Even if the complaints were somehow relevant, the FTC
14  argues DIRECTV "cannot defend against its own culpability by trying to show that its competitors
15  in the cable and satellite television industry also engaged in the same type of deceptive advertising
16  as DIRECTV."  *Id.*  The FTC also argues that producing its records of complaints about numerous
17  other companies is highly burdensome and not proportional to the needs of this case.  *Id.* at 4.
18  Although DIRECTV points out that the FTC previously produced complaints regarding
19  DIRECTV in a single spreadsheet, the FTC notes it has actually produced two spreadsheets, which
20  together contained more than ninety thousand complaints.  *Id.*  The FTC states these files "were so
21  massive" that it had to turn to an outside vendor to generate them.  *Id.*  It maintains that to comply
22  with DIRECTV's request, the FTC would have to query and produce files for six specified
23  companies and that, based on a similar query and production performed for the DIRECTV
24  complaints in this case, "the FTC conservatively estimates that this would take approximately 15-
25  25 hours of attorney and paralegal time for each of the six specified companies—for a total of 90
26  to 150 hours—to build the appropriate queries, review output files, and remove obvious false
27  positives (without engaging in a far more labor-intensive file-by-file review)."  *Id.*
28  Having reviewed the parties' positions, the Court finds DIRECTV's requests may be

relevant, but they are not proportional to the needs of the case. Bearing in mind the proportionality requirements of Federal Rule of Civil Procedure 26, the parties have not shown any attempt to agree upon a more limited scope of production. Rule 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Under Rule 26, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case"). Further, the parties have not set forth their proposed compromise on the issues in dispute, as required under the undersigned's Discovery Standing Order (revised March 14, 2016). With this in mind, the Court ORDERS the parties to meet and confer in person again on this issue to determine if they are able to agree on a more limited production. If unable to agree, the parties shall file an updated joint letter that includes each party's proposed compromise on the issues in dispute.

**IT IS SO ORDERED.**

Dated: May 3, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3