UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTV, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-01129-HSG   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 143 |

## BACKGROUND

Defendants DIRECTV and DIRECTV, LLC (collectively, "DIRECTV") and Plaintiff Federal Trade Commission's ("FTC") have filed a joint discovery letter in which DIRECTV seeks to depose Ray McKown, counsel for FTC in this case. Dkt. No. 143. DIRECTV seeks testimony regarding Mr. McKown's communications with DIRECTV and the state attorneys general of all 50 states concerning the 2011 Multi-State Settlement ("MSA"), through which all 50 states settled claims covering DIRECTV's advertising disclosures at issue in this case. *Id.* at 1. DIRECTV states Mr. McKown is the sole FTC witness to key conversations he had with DIRECTV that will support its MSA-related affirmative defenses. *Id.* at 1. It argues Mr. McKown led DIRECTV to believe the FTC would not take any action regarding certain issues in this lawsuit because those issues were covered by the MSA, and his testimony is necessary because Mr. McKown "was the principal if not sole interface with DIRECTV's counsel relating to the terms of the MSA and the decision by the FTC not to join in the MSA." *Id.* at 2. In response, the FTC argues that deposing opposing trial counsel during the pendency of active litigation should be permitted only under extraordinarily narrow circumstances, and such circumstances are not present here because DIRECTV itself has all the information about these communications. *Id.* at 3-4.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

"A party may depose 'any person' under Rule 30(a)(1), and there is no express prohibition against deposing an attorney of record in a case." *Chao v. Aurora Loan Servs., LLC*, 2012 WL 5988617, at *3 (N.D. Cal. Nov. 26, 2012) (citing *Graff v. Hunt & Henriques*, 2008 WL 2854517, at *1 (N.D. Cal. July 23, 2008). Still, "[t]he Supreme Court . . . alluded to a presumption that trial counsel should not be forced to testify because doing so compromises the standards of the legal profession." *Nocal, Inc. v. Sabercat Ventures, Inc.*, 2004 WL 3174427, at *2 (N.D. Cal. Nov. 15, 2004) (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)); *see also Chao*, 2012 WL 5988617, at *3. "For this reason, attorney depositions even for fact discovery generally are allowed only when the discovery cannot be obtained from another place." *Chao*, 2012 WL 5988617, at *3 (citing *Graff*, 2008 WL 2854517, at *1).

In considering whether to permit testimony by an opposing party's attorney-witness, courts in this District utilize the standard set out by the Eighth Circuit in *Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir. 1986). *See, e.g.*, *Chao*, 2012 WL 5988617, at *4; *S.E.C. v. Jasper*, 2009 WL 1457755, at *3 (N.D. Cal. May 26, 2009); *Graff*, 2008 WL 2854517, at *2; *Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors Bureau*, 2007 WL 4171136, at *1. The *Shelton* court explained that attorney depositions should be permitted only where the party seeking the deposition shows that (1) no other means exist to obtain the information, (2) the

1    information sought is relevant and nonprivileged, and (3) the information is crucial to the

2    preparation of the case. 805 F.2d at 1327.

## DISCUSSION

Applying the *Shelton* factors, the Court finds DIRECTV has not met its burden to overcome the strong presumption against deposing counsel during active litigation. DIRECTV has not demonstrated that no other means exist to obtain the requested discovery. DIRECTV claims to seek this testimony to bolster its affirmative defenses of laches, waiver, and estoppel, and argues that Mr. McKown is the only FTC witness regarding the discussions he had with DIRECTV's counsel. Jt. Ltr. at 1. However, given that DIRECTV's own counsel were party to those communications, it is clear that DIRECTV knows what was said during conversations between its lawyers and FTC counsel. Indeed, as the FTC points out, DIRECTV has already submitted its narratives of those conversations to the Court. *Id.* at 3 (citing Dkt. No. 36-1 at ¶¶ 11, 12, 15, 16). Because DIRECTV itself has all the information about these communications, deposing Mr. McKown is unwarranted. *See Chao*, 2012 WL 5988617, at *5 (rejecting defendant's demand to depose plaintiffs' trial counsel where defendant's own records, combined with document productions, "provides a sufficient avenue for [defendant] to obtain the information it needs"); *Coleman v. Dist. of Columbia*, 284 F.R.D. 16, 19 (D.D.C. 2012) (barring the deposition of defendant's attorney about communications between her and plaintiff's counsel where "[p]laintiff's counsel admits that it was present during these communications").

Further, while information regarding the FTC's commitments concerning the MSA may be relevant, DIRECTV has not shown why it cannot seek the same information directly from the FTC through a Rule 30(b)(6) deposition. As Mr. McKown's communications with DIRECTV's counsel are relevant to the extent they were made on behalf of the FTC, the appropriate course is for DIRECTV to seek discovery about these communications from the FTC itself. *See Graff*, 2008 WL 2854517, at *1-2 & n.2 (noting defendant's ability to determine the scope of plaintiff's grant of authority to its counsel through interrogatories and party depositions, instead of deposing the lawyer himself). In fact, it appears DIRECTV has already done precisely that, as it has noticed the FTC's Rule 30(b)(6) deposition on "[a]ll communications, negotiations, and discussions

3

between or involving the FTC, on the one hand, and DIRECTV (including its attorneys) and/or any or all of the 'attorneys general of all 50 states and the District of Columbia,' on the other, both before and after the effective date of the multi-state settlement agreement, concerning the multi-state settlement agreement and any of its terms." Jt. Ltr. at 5 (quoting DIRECTV's Rule 30(b)(6) Deposition Notice, Topic 1). This topic includes Mr. McKown's communications made within the scope of his duties for the FTC, and it subsumes Mr. McKown's communications on behalf of the FTC with the states and their attorneys general. DIRECTV has also noticed the FTC's deposition on "[t]he decision by the FTC, including the reasons for the decision, not to object to, to intervene in, or to seek to modify or augment the terms of the multi-state settlement agreement." *Id.* (quoting DIRECTV's Topic 2). Thus, DIRECTV has failed to establish that its need to depose Mr. McKown is "crucial" to its preparation of its case.

## CONCLUSION

Based on the analysis above, the Court **DENIES** DIRECTV's request to compel Ray McKown's deposition.

**IT IS SO ORDERED.**

Dated: May 3, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge