UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01129-HSG   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 146 |

On May 2, 2016, Defendants DIRECTV and DIRECTV, LLC (collectively, "DIRECTV") and Plaintiff Federal Trade Commission ("FTC") filed a joint discovery letter regarding DIRECTV's Requests for Production of complaints from the FTC's Consumer Sentinel system ("Sentinel") regarding DIRECTV competitors Dish Network, Comcast XFINITY, Cox Communications, Verizon FIOS, Time Warner Cable, Charter Communications, and other providers of cable or satellite television services (a total of ten companies). Dkt. No. 142. After reviewing the parties' positions, the Court found DIRECTV's requests may be relevant, but they were not proportional to the needs of the case. Dkt. No. 144. Bearing in mind the proportionality requirements of Federal Rule of Civil Procedure 26, the Court noted that the parties did not show any attempt to agree upon a more limited scope of production and they had not set forth their proposed compromise on the issues in dispute, as required under the undersigned's Discovery Standing Order. *Id.* Thus, the Court ordered the parties to meet and confer to determine if they are able to agree on a more limited production. *Id.*

On June 8, 2016, the parties filed an updated letter stating they have not been able to reach an agreement. Dkt. No. 146. DIRECTV now proposes the FTC produce all consumer complaints for three DIRECTV competitors (Comcast, DISH, and Charter)—as opposed to all ten companies—noting the FTC has already run a query to identify the number of complaints for these

1   competitors, and the total is 231,802 (100,988 Comcast + 96,813 DISH + 34,001 Charter). *Id.* at
2   1. The FTC proposes producing random samples of consumer complaints for three companies of
3   DIRECTV's choosing. *Id.* at 3. Under its proposal, DIRECTV can choose the sample from each
4   population, or it can let the FTC choose the sample. *Id.*

5         Having reviewed the parties' positions, the Court finds the FTC's sampling proposal more
6   closely comports with Rule 26's demand for proportionality. Rule 26 provides that a party may
7   obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or
8   defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider
9   include "the importance of the issues at stake in the action, the amount in controversy, the parties'
10  relative access to relevant information, the parties' resources, the importance of the discovery in
11  resolving the issues, and whether the burden or expense of the proposed discovery outweighs its
12  likely benefit." *Id.* Under Rule 26, "[t]he parties and the court have a collective responsibility to
13  consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed.
14  R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared
15  responsibility on all the parties to consider the factors bearing on proportionality before
16  propounding discovery requests, issuing responses and objections, or raising discovery disputes
17  before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25,
18  2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing
19  advisory committee notes for proposition that parties share a "collective responsibility" to
20  consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of
21  th[e] case").

22        Unlike DIRECTV's proposal for a full-scale production of all Sentinel files for three
23  companies (totaling more than 200,000 files), sampling would achieve Rule 26's demand for
24  proportionality. At this point, the relevance of these materials is largely speculative and a random
25  sample therefore gives DIRECTV what it seeks through these Requests for Production while
26  rendering the FTC's burden reasonably proportional to the materials' purported evidentiary value.
27  At the same time, the FTC's proposal mirrors the Court's April 4, 2016 Order mandating
28  DIRECTV to produce a random sample of consumer files from the company's RIO database. *See*

Dkt. No. 31.  Reciprocal production on this basis is appropriate.

However, DIRECTV agreed to reduce its request from ten to three companies if it obtained all complaints for the three companies.  As a random sample of three companies drastically alters DIRECTV's request and greatly reduces the FTC's production burden, it may be appropriate for the FTC to produce a random sample from other companies as well.  Accordingly, the parties shall further meet and confer in compliance with the undersigned's Discovery Standing Order to determine which companies' complaints the FTC shall produce as well as the appropriate sample size for each company.  If unable to agree, the parties shall file an updated joint letter.

**IT IS SO ORDERED.**

Dated: June 9, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3