UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01129-HSG (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 152 |

The Court has received the parties' discovery dispute letter regarding the Federal Trade Commission's ("FTC") Request for Production No. 4 ("RFP No. 4") (requesting production of "[a]ll advertisements created, drafted, or prepared, but not disseminated to consumers, relating to service"). Jt. Ltr., Dkt. No. 152. RFP No. 4 was the subject of an earlier discovery dispute letter. Dkt. No. 70. On December 3, 2015, the Court ruled on the parties' dispute regarding RFP No. 4:

> Having reviewed the parties' positions, the Court finds good cause to limit the FTC's request. On one hand, as discussed above, the FTC has established the relevancy of its request. On the other hand, the FTC's position—that Defendants rejected draft ads with clearer disclosures out of concern that such ads would attract fewer customers—is merely speculative at this point, and the FTC has not shown why it needs all draft ads and related documents from the past seven years to establish this claim when a representative sample could be just as probative. Defendants maintain they would need to search for and review "hundreds of thousands of additional ads" to find and produce all draft ads relevant to the FTC's request. *Id.* Considering the importance of the requested discovery to the FTC's case, the Court finds the burden of producing all draft ads and related documents outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1) (In determining the scope of discovery, court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Accordingly, the Court ORDERS the parties to meet and confer in person to determine whether they can

>   agree to a more limited production. If unable to reach an agreement,
>   the parties shall file an updated joint letter in compliance with the
>   undersigned's Discovery Standing Order, and each party shall attach
>   their proposal.

Dkt. No. 81 at 13.

Seven months have elapsed since the Court's order granting the FTC's motion to compel production in response to RFP No. 4. Counsel for defendants DIRECTV LLC and DIRECTV, Inc. (together "DIRECTV") represents that it made "repeated offers . . . to engage in a meaningful dialogue" on the issue, but that FTC did not contact DIRECTV to discuss it until June 16, 2016. Jt. Ltr. at 4. The FTC explains it could not propose a more limited production earlier because the production of "a comprehensive set" of final ads by DIRECTV and a third party was "substantially delayed." Jt. Ltr. at 1. Discovery closes on July 22, 2016. Dkt. No. 138 at 2.

The FTC asks the Court to order DIRECTV to produce (1) draft ads for 350 specific ads, and (2) creative summaries in a more legible format. In Opposition, DIRECTV argues that (1) it cannot locate drafts associated with particular ads; (2) all drafts that reflect review by its in-house legal department are privileged[1]; and (3) the FTC's proposal is unduly burdensome in light of the potential marginal relevance of the information. It further argues the FTC's "twelfth hour request" is untimely. DIRECTV instead proposes to search for and produce a sampling of up to 300 ads that it determines are not privileged. DIRECTV also represents that it has produced the most legible copies of all the creative summaries available.

When the Court ordered the parties to meet and confer to determine whether they could agree to a more limited production, it contemplated the parties would do so promptly after issuance of the order. Nevertheless, the Court's order requiring DIRECTV to produce the drafts

---

[1] DIRECTV argues that all final disseminated ads are submitted to its in-house counsel for review through the Review Approval Process ("RAP") tool; all draft ads reflecting review by in-house counsel are privileged; and it does not separately maintain non-privileged and privileged drafts. The Court, however, does not know whether drafts sent to in-house counsel for review are preserved by DIRECTV outside RAP (e.g., by virtue of being sent to RAP via email or because they are uploaded to RAP from other locations such as department drives, shared folders, or individual computers) and can be produced directly from those sources. The Court also does not know whether drafts are more easily produced for certain time periods or for certain types of ads or whether the FTC wants to prioritize either of these categories of drafts. In light of the lateness of this request, the Court cannot investigate these issues further.

1 stands, and DIRECTV has not produced them.

2 In light of counsel's representation that DIRECTV has investigated various options for producing draft ads associated with specific final disseminated ads but cannot practicably do so, the Court's prior analysis of relevance and burden, and the FTC's delay in meeting and conferring on the issue, the Court adopts DIRECTV's proposed compromise (Jt. Ltr. at 5), **with the following modifications**:

(1) As soon as practicable, DIRECTV shall produce a sampling of 350 draft ads. DIRECTV shall produce a random sampling that covers each of the relevant years. When producing the draft ads, DIRECTV shall describe in detail the methodology by which it located the available drafts and selected the sampling of ads produced;

(2) If DIRECTV objects to producing 350 drafts on the ground that some of them are privileged, counsel for DIRECTV shall file a declaration describing the efforts they have made to locate draft ads outside RAP and confirming they cannot reasonably produce the requested information from a source outside RAP;

(3) If the FTC challenges either the methodology DIRECTV utilized to select the sampling, the privilege issue, or the adequacy of DIRECTV's search for draft ads outside RAP, it shall **promptly** meet and confer with DIRECTV to attempt to reach a compromise. If the parties cannot do so, they shall file an updated joint letter in compliance with the undersigned's Discovery Standing Order. The Court strongly urges the parties to resolve this issue without further court intervention and to agree to a production schedule that will not require a further extension of court-ordered deadlines.

//
//
//
//
//
//
//

As to the creative summaries, DIRECTV represents it has produced them all and is willing to continue to search for better quality copies.  The Court accepts DIRECTV's representations and orders it to continue to search for better quality copies and to promptly produce any it finds.

**IT IS SO ORDERED.**

Dated: July 15, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge