1 | Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:15-cv-01129 HSG |
| Plaintiff, | Judge: Haywood S. Gilliam, Jr. |
| vs. | |
| DIRECTV, a corporation, | DISCOVERY STIPULATION ARISING FROM COURT-ORDERED MEET AND CONFER (DKT. 160) AND [PROPOSED] ORDER |
| and | |
| DIRECTV, LLP a limited company, | |
| Defendants. | |

Pursuant to the Court's order (Dkt. 160), the parties met and conferred in court on July 25, 2016. The parties reached agreement on the following:

1. **Letter Brief re: RFP 4**: The parties agree that the issue (Dkt. 152) has been resolved by the Court's order (Dkt. 156). DIRECTV is preparing its production in accordance with the Court's order.

2. **Letter Brief re: RFPs 6 and 7:**
   a. DIRECTV will search for and produce any relevant, responsive eye-mapping studies/reports from Valpak, Wishabi, and RealEyes. DIRECTV will also search for and produce any relevant, responsive additional research from Wishabi. DIRECTV will provide information on the results of these searches by July 29, 2016.
   b. DIRECTV will search for and produce any relevant, responsive .comScore data/studies/reports (in particular any data regarding click-throughs). DIRECTV will provide information on the results of this search by July 29, 2016.
   c. DIRECTV will search for and produce for relevant, responsive McKinsey surveys/studies/reports. DIRECTV will provide information on the results of this search by July 29, 2016.
   d. DIRECTV will run and review the FTC's search terms (as set forth in Dkt. 155—both Query 1 and Query 2) on Giles Lundberg's materials and produce responsive documents reasonably in advance of Mr. Lundberg's deposition.
   e. The FTC will not seek any further ESI under RFPs 6 and 7.
   f. This resolves Dkt. 155.

3. **DIRECTV Topic 17 to FTC:**
   a. The FTC will identify in its opening expert report (or in another form no later than the day opening expert reports are exchanged) any DIRECTV-produced documents supporting any FTC claim that DIRECTV's consumer perception research demonstrated that the company was aware of consumer deception.
   b. The deposition will be taken off calendar.

4. **DIRECTV Topic 18 to FTC:**

    a. The FTC will produce declaration(s) by August 5, 2016 regarding how videos were captured and what DIRECTV website material was selected for capture.

    b. The deposition will be taken off calendar, with the understanding that DIRECTV can depose the witnesses if necessary after receiving the declaration(s).

5. **FTC 30(b)(6) Topic 4**:  The parties will continue to work cooperatively on the authentication and explanation of sales and cancellation data produced by DIRECTV.

6. **FTC 30(b)(6) Topic 14:**

    a. DIRECTV will produce declaration(s) by August 5, 2016 regarding the universe from which the sample of recorded calls was drawn and how the recorded calls were selected.

    b. The deposition will be taken off calendar, with the understanding that the FTC can depose the witness(es) if necessary after receiving the declaration(s).

7. **FTC 30(b)(6) Topics 9-11:** DIRECTV will produce a witness after the ruling on the Ted Suzuki deposition.

8. **FTC 30(b)(6) Topics 12-13:**  Withdrawn.

9. **Website Analytics**: DIRECTV will allow the FTC to meet with the appropriate DIRECTV employee to discuss analytics on either 8/2, 8/3, 8/4.  DIRECTV will provide the FTC with the opportunity to review the analytics data in the possession of DIRECTV, and if additional relevant, responsive material exists, DIRECTV will produce that material to the FTC.

10. **ROG 4:**  DIRECTV will agree that any dissemination schedules produced by third-party agents of DIRECTV are accurate.   DIRECTV agrees that DIRECTV's final television advertisements aired nationally.   The parties are still discussing dissemination regarding digital ads and will continue to work cooperatively on this front.

11. **ROG 26:**

    a. DIRECTV will go back to see if there are any additional scripts that have not been produced and will produce any such scripts that are reasonably available.

    b. DIRECTV will also see if there are additional sample video recordings of the agent's computer screen during sales calls.  If additional such videos exist and are reasonably available, DIRECTV will produce them.

    c. Required Call Components: DIRECTV will provide or identify reasonably available information specifying the time periods during which each Required Call Component was operative (i.e., the time period during which each Required Call Component directed sales agents to include the specified components).

    d. For the Required Call Components and the scripts DIRECTV has produced or will produce, DIRECTV will confirm that these are the final scripts actually used for customer calls.

**12.** **Banner Ads**: DIRECTV will produce in native format if reasonably available.

**13.** **Production from Third Parties**: The FTC will provide by July 29, 2016 a confirmation that it has produced all such documents or will identify by category documents that it has not.

**14.** **No Further Issues**. The parties will continue to resolve privilege log issues in good faith. There shall be no further discovery motion practice on any issue without good cause.

Dated:  July 27, 2016　　　　　　　　　　　　　Dated:  July 27, 2016

/s/ Eric D. Edmondson　　　　　　　　　　　　/s/ Chad S. Hummel
Eric D. Edmondson　　　　　　　　　　　　　Chad S. Hummel
Counsel for FTC　　　　　　　　　　　　　　Counsel for DIRECTV


Eric D. Edmondson, D.C. Bar No. 450294　　　Chad S. Hummel, SBN 139055
Erika Wodinsky, Cal. Bar No. 091700　　　　　chummel@sidley.com
Jacob A. Snow, Cal. Bar No. 270988　　　　　Clayton S. Friedman, SBN 245513
Boris Yankilovich, Cal Bar No. 257887　　　　cfriedman@sidley.com
901 Market Street, Suite 570,　　　　　　　　Mark D. Campbell, SBN 180528
San Francisco, CA  94103　　　　　　　　　　mcampbell@sidley.com
(415) 848-5100 / (415) 848-5184 (fax)　　　　Michael Yaghi, SBN 202720
eedmondson@ftc.gov; ewodinsky@ftc.gov;　　myaghi@sidley.com
jsnow@ftc.gov; byankilovich@ftc.gov　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　　1999 Avenue of the Stars, 17th Floor
Raymond E. McKown, Cal. Bar No. 150975　Los Angeles, CA  90067
Stacy Procter, Cal. Bar No. 221078　　　　　Telephone:  (310) 595-2600
Kenneth H. Abbe, Cal. Bar No. 172416　　　Facsimile:    (310) 595-2601
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
(310) 824-4343 / (310) 824-4380 (fax)　　　　Ryan M. Sandrock, SBN 251781
rmckown@ftc.gov; sprocter@ftc.gov;　　　　rsandrock@sidley.com
　　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP

| | |
|---|---|
| kabbe@ftc.gov | 555 California Street, Suite 2000<br>San Francisco, CA 94104 |
| Attorneys for Plaintiff<br>Federal Trade Commission | Telephone:  (415) 722-1200<br>Facsimile:    (415)772-7400 |
| | Attorneys for Defendants<br>DIRECTV and DIRECTV, LLC |

<u>Attestation pursuant to Local Rule 5.1(i)(3)</u>

Pursuant to Local Rule 5.1(i)(3), I attest that concurrence in the filing of this document has been obtained from all Signatories to this document.

/s/ Chad S. Hummel_____
Counsel for Defendants DIRECTV &
DIRECTV LLC

## ~~[PROPOSED]~~ ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:   July 27, 2016                          _____
HON. MARIA-ELENA JAMES