UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>DIRECTV, INC., et al.,<br>Defendants. | Case No.15-cv-01129-HSG<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 53, 78, 119 |

Defendant DIRECTV, LLC offers direct-to-home satellite television service to consumers by subscription. The Federal Trade Commission ("FTC") brought this action in March 2015 alleging violations of the FTC Act and the Restore Online Shoppers Confidence Act ("ROSCA"), 15 U.S.C. §§ 8401 et seq.

Pending before the Court is Defendant's motion for partial summary judgment as to the third and fourth causes of action. Count three alleges that Defendant charged or attempted to charge consumers for access to premium channels through a negative option feature while failing to clearly and conspicuously disclose all material terms of the transaction before obtaining consumers' billing information, in violation of 15 U.S.C. § 8403(1). Count four alleges Defendant failed to obtain consumers' express informed consent before charging their credit card, debit card, bank account, or other financial account for those premium channels, in violation of § 8403(2). Defendant contends that the FTC has produced no evidence to support these ROSCA contentions, and that as a matter of law, DIRECTV's premium channel package clearly discloses the material terms and that consumers provide informed consent.

For the reasons articulated below, the Court DENIES Defendant's motion.

**I.    ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

In conjunction with its opposition to Defendant's summary judgment motion, the FTC has sought leave to file under seal Exhibits H, I, J, and K to the Declaration of Eric Edmondson. Dkt. No. 78.

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks omitted).

Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because this is a summary judgment motion, the compelling reason standard applies. The

documents sought to be sealed were submitted to the FTC by Defendant in response to a civil investigative demand the FTC issued on January 4, 2014, Dkt. No. 78-1.  The exhibits contain sensitive business information regarding customer feedback and Defendant's development strategy and operations.  Having reviewed the contents of the exhibits, the Court finds that pursuant to the Court's protective order and the "compelling reasons" standard, the request is appropriately tailored to sealable information.  The motion to file under seal is GRANTED.  Dkt. No. 78.

## II.     SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is proper when the moving party demonstrates that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the initial burden of informing the Court of the basis for its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Material facts are those that may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  *Id.*

"[A] moving party without the ultimate burden of persuasion at trial . . . may carry its initial burden of production by either of two methods."  *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).  "The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial."  *Id*.  "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything."  *Id.* at 1102-03.

In deciding a summary judgment motion, the evidence is viewed in the light most favorable to the opposing party and all justifiable inferences are to be drawn in its favor.  *Anderson*, 477 U.S. at 255.  "Credibility determinations, the weighing of the evidence, and the

1  drawing of legitimate inferences from the facts are jury functions, not those of a judge [when he]
2  is ruling on a motion for summary judgment." *Id.* "Summary judgment is improper where
3  divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno*
4  *Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (internal quotation
5  marks omitted).

**III.   DISCUSSION**

ROSCA prohibits certain methods of negative option marketing on the Internet. A "negative option feature" is "an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer." 16 C.F.R. § 310.2(u). ROSCA prohibits charging consumers for goods or services in Internet transactions through a negative option feature, unless the seller "provides text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information." 15 U.S.C. § 8403(1). Additionally, ROSCA requires sellers to obtain a "consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for products or services through such transaction." § 8403(2).

The Court finds that Defendant's evidence (consisting of screenshots of DIRECTV's website) does not establish the absence of a genuine dispute. Contrary to Defendant's argument, the party opposing summary judgment does not have a duty to present evidence in opposition to a motion under Rule 56 in all circumstances. 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2727.2 (2016). In particular, that obligation does not exist when the movant's papers themselves demonstrate the existence of a genuine dispute of material fact. *Sheet Metal Workers' Int'l Ass'n, Local No. 355 v. N.L.R.B.*, 716 F.2d 1249, 1254 (9th Cir. 1983) (holding summary judgment should be denied "where the movant's papers are insufficient on their face or themselves demonstrate the existence of a material issue of fact"). In other words, while the contents of the website do not appear to be disputed, the inferences to be drawn from those contents are vigorously disputed, and that dispute is the heart of this case. *See Fresno Motors*, 771

F.3d at 1125; *see also Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985) ("Even where the basic facts are stipulated, if the parties dispute what inferences should be drawn from them, summary judgment is improper.").

Drawing all reasonable inferences in the FTC's favor, the Court cannot conclude that DIRECTV's disclosures regarding the premium channel promotion are sufficiently clear and conspicuous as a matter of law. For example, although the screenshot on the Package Selection Page states that the channels are free for three months, it does not plainly disclose the cost of the service after the promotion or how to cancel the package. Dkt. No. 53-4 at 4. Defendant argues that the site highlights the premium channel promotion by consistently using green font and including a hyperlink "[?]" after the offer so that consumers can notice it easily and relate it to the promotion. *See*, *e.g.*, Dkt. No. 53-4 at 58. But the FTC challenges the conspicuousness of these very disclosures, contending that because the links and info-hovers "have non-descriptive names (e.g., '[?,]' '[i,]' or '[Additional Offer Details,]') that tell the user nothing about what information they contain," it is unlikely that consumers saw the disclosures. Dkt. No. 71 at 14. Making all reasonable inferences in the Plaintiff's favor, there is an issue of fact as to whether these non-descriptive names rendered the disclosures less than clear and conspicuous. Accordingly, summary judgment is improper.

The Court finds for similar reasons that summary judgment is inappropriate on count four. Drawing all reasonable inferences in FTC's favor, there is an issue of fact as to whether the disclosures were adequate. It follows that there is a reasonable inference, viewing all facts in the light most favorable to Plaintiff, that consumers did not have sufficient information and thus could not have given informed consent when they clicked "I Accept. Submit My Order." *See also F.T.C. v. Health Formulas, LLC*, No. 2:14-CV-01649-RFB, 2015 WL 2130504, at *16 (D. Nev. May 6, 2015) ("[T]hese inadequate disclosures constitute evidence that Defendants often do not obtain consumers' express informed consent before charging their cards or accounts."). Accordingly, this claim also is not amenable to summary judgment.

## IV. CONCLUSION

For the reasons above, the Court DENIES Defendant's motion for summary judgment. The Court also DENIES Plaintiff's motion for leave to file supplementary material, Dkt. No. 119.

**IT IS SO ORDERED.**

Dated: 9/23/2016

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge