Jeffrey M. Tillotson, SBN 139372
jtillotson@tillotsonlaw.com
TILLOTSON LAW
750 N. St. Paul Street, Suite 610
Dallas, TX 75201
Telephone: (214) 382-3040

Chad S. Hummel, SBN 139055
chummel@sidley.com
Mark D. Campbell, SBN 180528
mcampbell@sidley.com
Bridget S. Johnsen, SBN 210778
bjohnsen@sidley.com
Ryan M. Sandrock, SBN 251781
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 722-1200
Facsimile: (415)772-7400

Attorneys for Defendants
DIRECTV and DIRECTV, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, a corporation, <br><br> and <br><br> DIRECTV, LLC, a limited liability company, <br><br> Defendants. | Case No. 3:15-cv-01129 HSG <br><br> Assigned to the Hon. Haywood S. Gilliam, Jr. <br><br> Referral to Hon. Maria-Elena James <br><br> **DIRECTV AND DIRECTV, LLC'S ADMINISTRATIVE MOTION TO ALLOW CERTAIN DOCUMENTS TO BE FILED UNDER SEAL** |

Pursuant to Civil L.R. 79-5 and the Protective Order entered in this case on October 15, 2015 [Dkt. 54], Defendants DIRECTV and DIRECTV, LLC (together, "DIRECTV") request that this Court enter an order allowing the filing of certain exhibits attached to DIRECTV's Opposition to the Federal Trade Commission's Motion for Summary Judgment, or, in the Alternative, Summary Adjudication, identified below, under seal. This motion is accompanied by the Declaration of Christopher Murphy and a Proposed Order.

The legal standard for sealing documents accompanying a dispositive motion is that the requesting party must show a "compelling reason" to submit the documents under seal. *Costco Wholesale Corp. v. Johnson & Johnson Vision Care Inc.*, No. 15-cv-00941-HSG, 2015 WL 2405486, at *1 (N.D. Cal. May 18, 2015) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)). Compelling reasons exist to protect DIRECTV's confidential and sensitive information found within and attached to DIRECTV's Opposition to the Federal Trade Commission's Motion for Summary Judgment, or, in the Alternative, Summary Adjudication.[1]

DIRECTV seeks to keep under seal limited instances of confidential and sensitive information consisting of: (1) DIRECTV internal business structures and operations; (2) DIRECTV strategic planning information; (3) DIRECTV consumer and competitive research, and the results of that research; and (4) DIRECTV sales data. DIRECTV in the normal course of business treats as confidential and takes reasonable steps to limit the disclosure of such information. *See* Declaration of Christopher Murphy ("Murphy Decl.") ¶ 5. DIRECTV would be harmed if its competitors had access to these materials because DIRECTV does not have access to similar materials of its competitors.

This Court and other courts in the Northern District have found the "compelling reason" standard satisfied where the release of the confidential business information at issue "might harm [a litigant's] ability to conduct its business." *See, e.g.*, *Delfino Green & Green v. Workers Compansation Solutions, LLC*, No. 15-cv-02302-HSG, 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015) (granting motion to seal documents containing confidential financial information); *Barnes v.*

---

[1] Moreover, these documents are substantially similar to other materials this Court has previously found appropriate for sealing in this litigation. *See* Dkt. 178.

1  *Hershey Co.*, No. 3:12-cv-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (finding
2  exhibits sealable "in their entirety because they contain confidential and private information about
3  [the Defendant's] business strategy and trade secrets, including internal operations information,
4  account assignments and divisions, financial information regarding specific clients, and
5  [Defendant's] organization structure and sales strategies"); *Costco,* 2015 WL 2405486, at *2 ("The
6  Court agrees that the redacted portions of the Exhibit contain sensitive pricing information,
7  disclosure of which could cause Defendant competitive harm.") (citing *In re Elec. Arts, Inc.*, 298
8  Fed. Appx. 568, 569 (9th Cir. 2008)); *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL
9  5355398, at *2 (granting motion to seal confidential financial information) (citing *Transperfect*
10 *Global, Inc., v. MotionPoint Corp.*, No. 10-cv-02590-CW, 2014 WL 4950082, at *1 (N.D. Cal. Sept.
11 25, 2014)). Moreover, the court has broad discretion to seal company documents:

> Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id*. (ellipses in original). In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon,* 435 U.S. at 598.

*Baker v. Yahoo! Inc*., 2015 WL 3660769, No. 13-cv-04980-LHK, at *2 (N.D. Cal. May 27, 2015).
The confidential and sensitive business information within and attached to DIRECTV's Opposition
to the Federal Trade Commission's Motion for Summary Judgment, or, in the Alternative,
Summary Adjudication could cause DIRECTV competitive harm if such information were released.
This provides a compelling reason for keeping this information under seal.

Additionally, DIRECTV has narrowly tailored this request and is not seeking to keep under
seal entire deposition transcripts. Indeed, DIRECTV consents to allowing the following documents

and portions of deposition transcripts to be made public: (1) Ex. B to the Sandrock Declaration, except for the narrowly tailored portions identified in Table 1 below; (2) Ex. C to the Sandrock Declaration, except for the narrowly tailored portions identified in Table 1 below; (3) Ex. D to the Sandrock Declaration, except for the narrowly tailored portions identified in Table 1 below; (4) Ex. E to the Sandrock Declaration, except for the narrowly tailored portions identified in Table 1 below; (5) Ex. F to the Sandrock Declaration, except for the narrowly tailored portions identified in Table 1 below; (6) Ex. G to the Sandrock Declaration, except for the narrowly tailored portions identified in Table 1 below; (7) Ex. H to the Sandrock Declaration, except for the narrowly tailored portions identified in Table 1 below; (8) Ex. J to the Sandrock Declaration; (9) Ex. K to the Sandrock Declaration; (10) and the Friedman Declaration, except for the narrowly tailored portions identified in Table 1 below.

DIRECTV thus respectfully requests that the materials set forth in Table 1 below be kept sealed, including because: (1) DIRECTV has a compelling interest in keeping such information confidential; (2) the redactions are narrowly tailored; (3) there is no less restrictive means available.

| Document | What Defendants Seek to Keep Under Seal (Page: Line, or paragraph) |
|---|---|
| Exhibit A to the Sandrock Declaration | 305:1-308:25 |
| Exhibit B to the Sandrock Declaration | 73:1-14, 75:4-21, 76:3-7, 76:17-25, 89:1-25, 90:6-92:6 |
| Exhibit C to the Sandrock Declaration | 197:1-198:6, 198:13-199:1, 199:10-200:25 |
| Exhibit D to the Sandrock Declaration | 89:1-92:25 |
| Exhibit E to the Sandrock Declaration | 253:9-254:15, 225:20-256:24 |
| Exhibit F to the Sandrock Declaration | 193:1-195:4, 195:13-198:2, 198:20-200:25, 205:1-206:5, 206:16-209:18, 210:2-211:22, 212:8-9, 212:20-25 |
| Exhibit G to the Sandrock Declaration | 65:2-12; 66:5-68:12; 70:12-25; 72:3-21; 149:2-150:24; 151:7-152:24 |
| Exhibit H to the Sandrock Declaration | 229:3-25; 230:3-232:25 |
| Exhibit I to the Sandrock Declaration | Entire Document |
| Exhibit 1 to the Wind Declaration | Entire Document |

| | |
|---|---|
| Exhibit 2 to the Wind Declaration | Entire Document |
| Exhibit 3 to the Wind Declaration | Entire Document |
| Exhibit 1 to the Wijntjes Declaration | Entire Document |
| Declaration of Clayton Friedman | 2:6-12; 2:25-3:1-13 |
| DirecTV's Opposition to the FTC's Partial Motion for Summary Judgment | 2:3, 2:5, 6:20-24, 9:1-2, 15:2, 15:4, 15:6-9, 17:16-18, 21:3 |

Dated: October 6, 2016

SIDLEY AUSTIN LLP

By  */s/ Ryan M. Sandrock*
Ryan M. Sandrock
Attorney for Defendants
DIRECTV and DIRECTV, LLC