UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTV, INC., et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-01129-HSG (MEJ)<br><br>**ORDER RE: DISCOVERY LETTER**<br><br>Re: Dkt. No. 203 |

Pending before the Court is a joint discovery letter in which the Federal Trade Commission ("FTC") argues Defendants DIRECTV and DIRECTV, LLC (collectively, "DIRECTV") failed to preserve (1) an interactive website that one of DIRECTV's experts, Jerry Wind, relied upon to create his expert report (the "Wind Report"), and (2) analytics data for DIRECTV's website. *See* Jt. Ltr. at 1-3, Dkt. No. 203. Pursuant to Federal Rule of Civil Procedure 37(e)(1), the FTC seeks sanctions or alternatively an order excluding the Wind Report and the underlying survey analytics evidence on the ground that DIRECTV failed to preserve relevant evidence.[1]  *Id*.

Federal Rule of Civil Procedure 37(e) addresses a party's failure to preserve electronically stored information ("ESI"). It provides in relevant part:

> If [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) *upon finding prejudice* to another party from loss of the information, may order measures no greater than necessary to cure the prejudice . . . .

---

[1] The FTC does not appear to contend DIRECTV "acted with the intent to deprive" the FTC of the information's use in litigation; consequently, the Court does not address it here. *See* Jt. Ltr. at 1 (referring only to Rule 37(e)(1)); *see also* Fed. R. Civ. P. 37(e)(2) (providing remedies upon a finding that the party that failed to preserve the ESI did so "with the intent to deprive another party of the information's use in litigation").

Fed. R. Civ. P. 37(e) (emphasis added).

The joint discovery letter does not provide information sufficient to allow the undersigned to decide whether sanctions are appropriate at this point. The Court accordingly temporarily denies the FTC's request for sanctions and grants its alternative request for leave to file a fifteen-page motion. Jt. Ltr. at 1. Any such motion must be filed by November 16, 2016 and must address: (1) DIRECTV's disclosures to the FTC about what website data DIRECTV was or was not preserving, and the FTC's responses thereto; (2) what "reasonable steps" the FTC contends DIRECTV should have taken to preserve the lost ESI; (3) why the FTC believes this ESI cannot be, or has not been, restored or replaced through additional discovery; (4) the prejudice caused by the loss of the ESI; and (5) why excluding the Wind Report is the most appropriate remedial measure under these circumstances. DIRECTV may file an Opposition by November 30, 2016, not to exceed 15 pages. The FTC's Reply shall not exceed five pages and shall be due by December 7, 2016. The Court will schedule a hearing on the motion if it deems it necessary. In light of the Thanksgiving holiday, the Court will also consider a stipulation by the parties for a different, mutually-agreeable briefing schedule.

Finally, the Court notes the parties' tendency to provide extensive documentary evidence in connection with their filings and to request much of this evidence be sealed pursuant to Civil Local Rule 79-5. The Court accordingly encourages the parties to meet and confer in connection with any sealing requests and also to determine whether certain facts can be stipulated to or supported by declaration rather than through other documentary evidence. If disputes arise regarding evidentiary support for the declarations, the Court can order further production as necessary.

**IT IS SO ORDERED.**

Dated: November 2, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge