UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTV, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-01129-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 177, 184, 187-88, 191, 194-95, 197 |

The Federal Trade Commission ("FTC") and DIRECTV, Inc. ("DIRECTV") have both filed various administrative motions (including a supplemental administrative motion) seeking to seal portions of the briefs and exhibits relating to the FTC's motion for partial summary judgment. *See* Dkt. Nos. 177, 184, 187-88, 191, 194-95, 197. The FTC has opposed several of these administrative motions. *See* Dkt. Nos. 190, 193, 199. Pursuant to the Court's order, Dkt. No. 208, the parties filed a jointly prepared chart listing all portions of documents sought to be sealed, the asserted grounds for sealing, and if applicable, the asserted grounds for opposition, Dkt. No. 212-1. The parties represented that the jointly prepared chart sets forth the current status of all requested redactions. Dkt. No. 212. Having carefully considered each of the requested redactions, the Court **GRANTS IN PART** and **DENIES IN PART** the administrative motions to seal.

**I.    LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point."

*Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation and internal quotation marks omitted). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

**II.   DISCUSSION**

Here, the Court applies the "compelling reasons" standard because the documents at issue

have more than a tangential relation to the merits of the case.  *See Ctr. for Auto Safety*, 809 F.3d at 1101.  The Court finds that the requested redactions in the jointly prepared chart at Dkt. No. 212-1 all satisfy the "compelling reasons" standard, on the grounds listed in column 6 ("Asserted Grounds for Sealing")—*except* for those listed in the chart below.

| Document | Dkt. No. (Unredacted Version) | Jt. Chart Pg. No. (Dkt. No. 212-1) | Portions of Document for Which Sealing is DENIED |
|---|---|---|---|
| Ortiz Decl., Ex. A (Bentley Dep.) | 187-15 | 2 | 136:13-22 |
| Ortiz Decl., Ex. B (Chen Dep.) | 187-16 | 3 | 69:15-20 |
| Ortiz Decl., Ex. C (Filipiak Dep.) | 187-17 | 4 | 81:6-7 |
| Ortiz Decl., Ex. D (Friedman Dep.) | 187-18 | 5 | 67:11-68:9, 69:11-16 86:8-24, 100:17-104:3, 183:14-184:6 |
| Ortiz Decl., Ex. E (Hause Dep.) | 187-19 | 5 | 41:2-9 |
| Ortiz Decl., Ex. F (Leever Dep.) | 187-20 | 7 | 143:1-144:15, 189:1-191:14 |
| Ortiz Decl., Ex. G (Patel Dep.) | 187-21 | 8 | 205:1-18, 206:6-14 |
| Ortiz Decl., Ex. H (Poling-Hiraldo Dep.) | 187-22 | 8 | 57:1-60-11, 83:2-84:25 |
| Ortiz Decl., Ex. P (Dep. Ex. 319) | 177-34 | 11 | Entirety |
| Ortiz Decl., Ex. T (Dep. Ex. 706) | 177-40 | 11 | Entirety |
| Ortiz Decl., Ex. U (Dep. Ex. 720) | 177-42 | 11 | Entirety |
| FTC's Motion for Partial Summary Judgment | 177-4, 187-14 | 11-12 | 1:23-25, 13:7-18 |
| Sandrock Decl., Ex. E (Friedman Dep.) | 188-14, 197-20 | 13 | 253:9-254:15 |
| Sandrock Decl., Ex. F (Stinson Dep.) | 188-16 | 13-14 | 193:1-195:4, 198:20-200:25, 205:1-206:5, 206:16-209:18, 210:2-211:22, 212:8-9, 212:20-25. |
| Friedman Decl. (Oct. 6, 2015) | 188-27 | 15 | 2:6-12, 2:25-3:13 |
| DIRECTV's Opposition to FTC's Motion for Partial Summary Judgment | 188-4 | 15 | 17:16-18 |
| Ortiz II Decl., Ex. MM (Hause Dep.) | 197-15 | 17 | 117:3 |
| Ortiz II Decl., Ex. QQ (May 13, 2010 CID Letter) | 195-11 | 18 | Entirety |
| Ortiz II Decl., Ex. RR (June 9, 2010 CID Letter) | 195-13 | 18 | Entirety |
| Ortiz II Decl., Ex. SS (July 2, 2010 CID Letter) | 195-15 | 18 | 1, 4-8 (from subsection "8." onward) |
| Ortiz II Decl., Ex. UU (April 6, 2011 CID Letter) | 195-19 | 18 | 1 |
| FTC's Reply in Support of Motion for Partial Summary Judgment | 197-12 | 19 | 7:4-7 |

Sealing is inappropriate for the portions of the documents listed above, but is appropriate for all other portions of documents listed in the jointly prepared chart at Dkt. No. 212-1.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motions to seal with respect to the

3

1  portions of documents listed in the chart above.  The Court **GRANTS** the motions to seal with
2  respect to all the other portions of documents listed in the jointly prepared chart at Dkt. No. 212-1.
3  Pursuant to Civil Local Rule 79-5(f)(3), the parties must, within 7 days, file revised redacted
4  versions of the documents listed in the chart above (except for the five documents for which the
5  motions to seal were denied as to the entire document).
6       **IT IS SO ORDERED.**
7  Dated:

                                          _____
                                          HAYWOOD S. GILLIAM, JR.
                                          United States District Judge