1
2
3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

        Plaintiff,

    v.

DIRECTV, INC., et al.,

        Defendants.

Case No. 15-cv-01129-HSG

**ORDER GRANTING IN PART AND DENYING IN PART THE FEDERAL TRADE COMMISSION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Re: Dkt. No. 176

On September 22, 2016, the Federal Trade Commission ("FTC") filed a motion for partial summary judgment.  *See* Dkt. No. 176 (original motion); Dkt. No. 187-3 (redacted motion). Specifically, the FTC moved for an order granting summary judgment in its favor on Counts III and IV of the complaint and on DIRECTV's affirmative defenses of estoppel, laches, and waiver. Dkt. No. 187-3 at 1.  The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  After careful consideration of the arguments made by the parties, the Court **GRANTS** summary judgment in the FTC's favor on DIRECTV's affirmative defense of waiver, and **DENIES** summary judgment on Counts III and IV of the complaint and on DIRECTV's affirmative defenses of estoppel and laches.[1]

## I.   LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party.  *Id.*

---

[1] On November 23, 2016, the Court issued an order ruling on the motion.  This order briefly sets out the Court's reasoning for that ruling.

But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (internal quotation marks omitted); *see also Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985) ("Even where the basic facts are stipulated, if the parties dispute what inferences should be drawn from them, summary judgment is improper."). If a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it may enter partial summary judgment. *See* Fed. R. Civ. P. 56(a).

With respect to summary judgment procedure, the moving party always bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that any reasonable trier of fact would have to find in its favor. *See Celotex*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102-03.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "If, however, a moving party carries its burden of production, the nonmoving party must

2    produce evidence to support its claim or defense." *Id.* at 1103.  In doing so, the nonmoving party

3    "must do more than simply show that there is some metaphysical doubt as to the material facts."

4    *Matsushita Elec.*, 475 U.S. at 586.  A nonmoving party must also "identify with reasonable

5    particularity the evidence that precludes summary judgment," because the duty of the courts is not

6    to "scour the record in search of a genuine issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275,

7    1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir.

8    1995)).  If a nonmoving party fails to produce evidence that supports its claim or defense, courts

9    must enter summary judgment in favor of the moving party.  *Celotex*, 477 U.S. at 323.

10   ## II.    COUNTS III-IV

11       The FTC seeks summary judgment on two claims under provisions of the Restore Online

12   Shoppers Confidence Act ("ROSCA") that relate to the online marketing of negative option

13   features.[2]  Dkt. No. 187-3 at 1; *see also* 15 U.S.C. § 8403(1) (2012) (requiring clear and

14   conspicuous disclosure of transaction's material terms); § 8403(2) (requiring customer's express

15   informed consent before billing).  The Court recently denied DIRECTV's motion for summary

16   judgment on these same claims.  *See* Dkt. No. 178 (*FTC v. Directv, Inc.*, No. 15-cv-01229-HSG,

17   2016 WL 5339797 (N.D. Cal. Sept. 23, 2016)).  In its prior order, the Court held that DIRECTV

18   had not established the absence of a genuine dispute of material fact because the parties

19   "vigorously disputed" what inferences should be drawn from DIRECTV's website.  *Id.* at *3

20   (citing *Fresno Motors*, 771 F.3d at 1125; *Int'l Union of Bricklayers*, 752 F.2d at 1405 (9th Cir.

21   1985)).  The briefing and evidence submitted on the present motion have not changed the Court's

22   view that divergent inferences reasonably can be drawn from the website. [3]  Therefore, summary

23

24   [2] "Negative option feature means, in an offer or agreement to sell or provide any goods or
     services, a provision under which the customer's silence or failure to take an affirmative action to
25   reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the
     offer." 16 C.F.R. § 310.2(w) (2016).
26   [3] The FTC misses the point by arguing that the parties agree there is no genuine dispute of
     material fact.  *See* Dkt. No. 187-3 at 11.  As the Ninth Circuit has held, the litigants' views cannot
27   replace the Court's judgment.  *See United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th
     Cir. 1978) ("It is well-settled in this circuit and others that the filing of cross-motions for summary
28   judgment, both parties asserting that there are no uncontested issues of material fact, does not
     vitiate the court's responsibility to determine whether disputed issues of material fact are present.

1  judgment is not warranted on the FTC's ROSCA claims.  *See Fresno Motors*, 771 F.3d at 1125;

2  *Int'l Union of Bricklayers*, 752 F.2d at 1405.

3  **III.    AFFIRMATIVE DEFENSES**

4          The FTC has also moved for summary judgment on DIRECTV's affirmative defenses of

5  estoppel, laches, and waiver.  Dkt. No. 187-3 at 1.  The Court finds that summary judgment is

6  warranted as to waiver, but not estoppel or laches.

7          **A.    Estoppel**

8           An essential element of estoppel, when pled against the government, is a showing that the

9  government engaged in "affirmative misconduct going beyond mere negligence."  *See Baccei v.*

10  *United States*, 632 F.3d 1140, 1147 (9th Cir. 2011).  "Affirmative misconduct on the part of the

11  government requires an affirmative misrepresentation or affirmative concealment of a material

12  fact, such as a deliberate lie or a pattern of false promises."  *Id.* (citation omitted).  Here, there is a

13  genuine dispute between the parties regarding the inferences that should be drawn from the facts

14  that are material to whether the FTC engaged in affirmative misconduct.  For example, the parties

15  make divergent arguments about what was reasonably meant by statements the FTC made to

16  DIRECTV regarding its investigation.  *Compare* Dkt. No. 188-3 at 21 (arguing that the FTC's

17  statement about "other issues" meant it was not investigating issues covered by the multistate

18  settlements) *with* Dkt. No. 187-3 at 22 (arguing that DIRECTV understood that the FTC's

19  investigation included issues covered by the multistate settlements, as well as broader issues).

20  Given that divergent reasonable inferences can be drawn regarding the facts that are material to an

21  essential element of DIRECTV's estoppel defense, summary judgment is not warranted.  *See*

22  *Fresno Motors*, 771 F.3d at 1125; *Int'l Union of Bricklayers*, 752 F.2d at 1405.

23          **B.    Laches**

24          For the reasons set out in the Court's order on the FTC's motion to strike DIRECTV's

25

26  ───────────────────────────

27  A summary judgment cannot be granted if a genuine issue as to any material fact exists.") (citing
authorities).  Here, as explained in the Court's prior order, the parties comprehensively dispute
what inferences properly may be drawn regarding the website's contents.  Making all reasonable

28  inferences in nonmovant DIRECTV's favor, as it must at this stage, the Court finds that the FTC is
not entitled to summary judgment.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   affirmative defenses, the Court holds that, for the defense of laches to apply to the government, the

2   defendant must also show affirmative misconduct.  *See* Dkt. No. 88 at 4-5 (*FTC v. Directv, Inc.*,

3   No. 15-CV-01129-HSG, 2015 WL 9268119, at *3 (N.D. Cal. Dec. 21, 2015)) (discussing *United*

4   *States v. Ruby Co.* 588 F.2d 697, 705 n.10 (9th Cir. 1978); *FTC v. Hang-Ups Art Enterprises, Inc.*,

5   No. 95-cv-0027-RMT-JGX, 1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995)); *see also United*

6   *States v. Becker*, No. 86 CIV. 3946 (JFK), 1989 WL 34048, at *4 (S.D.N.Y. Apr. 4, 1989) ("It is

7   well-established that the doctrines of estoppel or laches are not applicable to the United States

8   Government absent a showing of 'affirmative misconduct' by the Government.").  Under the same

9   reasoning the Court has applied in evaluating the estoppel defense, summary judgment is also

10  unwarranted as to DIRECTV's laches defense

11      **C.    Waiver**

12      "Waiver is the intentional relinquishment of a known right."  *Alocozy v. U.S. Citizenship &*

13  *Immigration Servs.*, 704 F.3d 795, 797 (9th Cir. 2012) (internal quotation marks omitted).

14  DIRECTV has conceded that this defense requires showing that waiver was "unmistakable."  *See*

15  *FTC v. Directv*, 2015 WL 9268119, at *4.  In opposition to the FTC's motion, DIRECTV argues

16  that the FTC "waived its right to initiate a claim when it unmistakably relinquished its right to join

17  the MSA." Dkt. No. 188-3 at 24.  DIRECTV bases this defense on evidence that FTC informed

18  DIRECTV that it had "other issues." Dkt. No. 188-3 at 25 (citing record).

19      The parties have no genuine dispute regarding the underlying facts relevant to assessing

20  waiver.  *Compare* Dkt. No. 187-3 at 24-25 *with* Dkt. No. 188-3 at 24-25.   And viewing the

21  evidence in the light most favorable to DIRECTV, and drawing all justifiable inferences in its

22  favor, the Court finds that this defense fails as a matter of law.  The FTC's statement that it had

23  "other issues," and its decision not to join the MSA, are insufficient to show that the FTC both

24  *intentionally* and *unmistakably* waived its right to bring this enforcement action.  Accordingly,

25  DIRECTV would not be able to carry its burden of persuasion regarding the waiver defense at

26  trial, and summary judgment is properly granted in the FTC's favor as to that defense.  *See*

27  *Alocozy*, 704 F.3d at 797 ("intentional" requirement); *FTC v. Directv*, 2015 WL 9268119, at *4

28  ("unmistakable" requirement); *Nissan Fire*, 210 F.3d at 1102 (burden of persuasion).

United States District Court
Northern District of California

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the FTC's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated:

_____

HAYWOOD S. GILLIAM, JR.
United States District Judge