UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTV, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01129-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE FEDERAL TRADE COMMISSION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 176 |

On September 22, 2016, the Federal Trade Commission ("FTC") filed a motion for partial summary judgment. *See* Dkt. No. 176 (original motion); Dkt. No. 187-3 (redacted motion). Specifically, the FTC moved for an order granting summary judgment in its favor on Counts III and IV of the complaint and on DIRECTV's affirmative defenses of estoppel, laches, and waiver. Dkt. No. 187-3 at 1. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). After careful consideration of the arguments made by the parties, the Court **GRANTS** summary judgment in the FTC's favor on DIRECTV's affirmative defense of waiver, and **DENIES** summary judgment on Counts III and IV of the complaint and on DIRECTV's affirmative defenses of estoppel and laches.[1]

**I.　LEGAL STANDARD**

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.*

---

[1] On November 23, 2016, the Court issued an order ruling on the motion. This order briefly sets out the Court's reasoning for that ruling.

1    But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from
2    the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec.*
3    *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), and "may not weigh the evidence
4    or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997),
5    *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).
6    "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn
7    from the undisputed facts." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119,
8    1125 (9th Cir. 2014) (internal quotation marks omitted); *see also Int'l Union of Bricklayers &*
9    *Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th
10   Cir. 1985) ("Even where the basic facts are stipulated, if the parties dispute what inferences should
11   be drawn from them, summary judgment is improper."). If a court finds that there is no genuine
12   dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it
13   may enter partial summary judgment. *See* Fed. R. Civ. P. 56(a).
14   With respect to summary judgment procedure, the moving party always bears both the
15   ultimate burden of persuasion and the initial burden of producing those portions of the pleadings,
16   discovery, and affidavits that show the absence of a genuine issue of material fact. *See Celotex*
17   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of
18   proof on an issue at trial, it "must either produce evidence negating an essential element of the
19   nonmoving party's claim or defense or show that the nonmoving party does not have enough
20   evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire &*
21   *Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will
22   bear the burden of proof on an issue at trial, it must also show that any reasonable trier of fact
23   would have to find in its favor. *See Celotex*, 477 U.S. at 325. In either case, the movant "may not
24   require the nonmoving party to produce evidence supporting its claim or defense simply by saying
25   that the nonmoving party has no such evidence." *Nissan Fire*, 210 F.3d at 1105. "If a moving
26   party fails to carry its initial burden of production, the nonmoving party has no obligation to
27   produce anything, even if the nonmoving party would have the ultimate burden of persuasion at
28   trial." *Id.* at 1102-03.

1  "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103.  In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*, 475 U.S. at 586.  A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment," because the duty of the courts is not to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)).  If a nonmoving party fails to produce evidence that supports its claim or defense, courts must enter summary judgment in favor of the moving party.  *Celotex*, 477 U.S. at 323.

## II.    COUNTS III-IV

The FTC seeks summary judgment on two claims under provisions of the Restore Online Shoppers Confidence Act ("ROSCA") that relate to the online marketing of negative option features.[2]  Dkt. No. 187-3 at 1; *see also* 15 U.S.C. § 8403(1) (2012) (requiring clear and conspicuous disclosure of transaction's material terms); § 8403(2) (requiring customer's express informed consent before billing).  The Court recently denied DIRECTV's motion for summary judgment on these same claims.  *See* Dkt. No. 178 (*FTC v. Directv, Inc.*, No. 15-cv-01229-HSG, 2016 WL 5339797 (N.D. Cal. Sept. 23, 2016)).  In its prior order, the Court held that DIRECTV had not established the absence of a genuine dispute of material fact because the parties "vigorously disputed" what inferences should be drawn from DIRECTV's website. *Id.* at *3 (citing *Fresno Motors*, 771 F.3d at 1125; *Int'l Union of Bricklayers*, 752 F.2d at 1405 (9th Cir. 1985)).  The briefing and evidence submitted on the present motion have not changed the Court's view that divergent inferences reasonably can be drawn from the website.[3]  Therefore, summary

---

[2] "Negative option feature means, in an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer."  16 C.F.R. § 310.2(w) (2016).

[3] The FTC misses the point by arguing that the parties agree there is no genuine dispute of material fact.  *See* Dkt. No. 187-3 at 11.  As the Ninth Circuit has held, the litigants' views cannot replace the Court's judgment.  *See United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("It is well-settled in this circuit and others that the filing of cross-motions for summary judgment, both parties asserting that there are no uncontested issues of material fact, does not vitiate the court's responsibility to determine whether disputed issues of material fact are present.

judgment is not warranted on the FTC's ROSCA claims. *See Fresno Motors*, 771 F.3d at 1125; *Int'l Union of Bricklayers*, 752 F.2d at 1405.

### III. AFFIRMATIVE DEFENSES

The FTC has also moved for summary judgment on DIRECTV's affirmative defenses of estoppel, laches, and waiver. Dkt. No. 187-3 at 1. The Court finds that summary judgment is warranted as to waiver, but not estoppel or laches.

#### A. Estoppel

An essential element of estoppel, when pled against the government, is a showing that the government engaged in "affirmative misconduct going beyond mere negligence." *See Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011). "Affirmative misconduct on the part of the government requires an affirmative misrepresentation or affirmative concealment of a material fact, such as a deliberate lie or a pattern of false promises." *Id.* (citation omitted). Here, there is a genuine dispute between the parties regarding the inferences that should be drawn from the facts that are material to whether the FTC engaged in affirmative misconduct. For example, the parties make divergent arguments about what was reasonably meant by statements the FTC made to DIRECTV regarding its investigation. *Compare* Dkt. No. 188-3 at 21 (arguing that the FTC's statement about "other issues" meant it was not investigating issues covered by the multistate settlements) *with* Dkt. No. 187-3 at 22 (arguing that DIRECTV understood that the FTC's investigation included issues covered by the multistate settlements, as well as broader issues). Given that divergent reasonable inferences can be drawn regarding the facts that are material to an essential element of DIRECTV's estoppel defense, summary judgment is not warranted. *See Fresno Motors*, 771 F.3d at 1125; *Int'l Union of Bricklayers*, 752 F.2d at 1405.

#### B. Laches

For the reasons set out in the Court's order on the FTC's motion to strike DIRECTV's

---

A summary judgment cannot be granted if a genuine issue as to any material fact exists.") (citing authorities). Here, as explained in the Court's prior order, the parties comprehensively dispute what inferences properly may be drawn regarding the website's contents. Making all reasonable inferences in nonmovant DIRECTV's favor, as it must at this stage, the Court finds that the FTC is not entitled to summary judgment.

4

affirmative defenses, the Court holds that, for the defense of laches to apply to the government, the defendant must also show affirmative misconduct. *See* Dkt. No. 88 at 4-5 (*FTC v. Directv, Inc.*, No. 15-CV-01129-HSG, 2015 WL 9268119, at *3 (N.D. Cal. Dec. 21, 2015)) (discussing *United States v. Ruby Co.* 588 F.2d 697, 705 n.10 (9th Cir. 1978); *FTC v. Hang-Ups Art Enterprises, Inc.*, No. 95-cv-0027-RMT-JGX, 1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995)); *see also United States v. Becker*, No. 86 CIV. 3946 (JFK), 1989 WL 34048, at *4 (S.D.N.Y. Apr. 4, 1989) ("It is well-established that the doctrines of estoppel or laches are not applicable to the United States Government absent a showing of 'affirmative misconduct' by the Government."). Under the same reasoning the Court has applied in evaluating the estoppel defense, summary judgment is also unwarranted as to DIRECTV's laches defense

### C. Waiver

"Waiver is the intentional relinquishment of a known right." *Alocozy v. U.S. Citizenship & Immigration Servs.*, 704 F.3d 795, 797 (9th Cir. 2012) (internal quotation marks omitted). DIRECTV has conceded that this defense requires showing that waiver was "unmistakable." *See FTC v. Directv*, 2015 WL 9268119, at *4. In opposition to the FTC's motion, DIRECTV argues that the FTC "waived its right to initiate a claim when it unmistakably relinquished its right to join the MSA." Dkt. No. 188-3 at 24. DIRECTV bases this defense on evidence that FTC informed DIRECTV that it had "other issues." Dkt. No. 188-3 at 25 (citing record).

The parties have no genuine dispute regarding the underlying facts relevant to assessing waiver. *Compare* Dkt. No. 187-3 at 24-25 *with* Dkt. No. 188-3 at 24-25. And viewing the evidence in the light most favorable to DIRECTV, and drawing all justifiable inferences in its favor, the Court finds that this defense fails as a matter of law. The FTC's statement that it had "other issues," and its decision not to join the MSA, are insufficient to show that the FTC both *intentionally* and *unmistakably* waived its right to bring this enforcement action. Accordingly, DIRECTV would not be able to carry its burden of persuasion regarding the waiver defense at trial, and summary judgment is properly granted in the FTC's favor as to that defense. *See Alocozy*, 704 F.3d at 797 ("intentional" requirement); *FTC v. Directv*, 2015 WL 9268119, at *4 ("unmistakable" requirement); *Nissan Fire*, 210 F.3d at 1102 (burden of persuasion).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the FTC's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: 11/26/2016.

                                                                               /s/ Haywood S. Gilliam, Jr.
                                                                               HAYWOOD S. GILLIAM, JR.
                                                                               United States District Judge