Eric D. Edmondson, D.C. Bar No. 450294
Erika Wodinsky, Cal. Bar No. 091700
Boris Yankilovich, Cal. Bar No. 257887
Jacob A. Snow, Cal. Bar No. 270988
901 Market Street, Suite 570, San Francisco, CA  94103
(415) 848-5100/(415) 848-5184 (fax)
*eedmondson@ftc.gov*; *ewodinsky@ftc.gov*;
*byankilovich@ftc.gov*; *jsnow@ftc.gov*

Raymond E. McKown, Cal. Bar No. 150975
Stacy Procter, Cal. Bar No. 221078
Kenneth H. Abbe, Cal. Bar No. 172416
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4343/(310) 824-4380 (fax)
*rmckown@ftc.gov*; *sprocter@ftc.gov; kabbe@ftc.gov*

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTV, a corporation, and<br><br>DIRECTV, LLC, a limited liability company,<br><br>　　　　　Defendants. | Case No. 15-cv-01129-HSG<br><br>**FEDERAL TRADE COMMISSION'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 37(e)(1)** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. The Convergys Website Survey Should Be Excluded Because DIRECTV Failed to Preserve the Two Interactive Websites Used in 2015 ........................................ 1

    B. A/B Testing Evidence Should Be Excluded Because No One—Not Even DIRECTV or Its Counsel—Knows What Was Lost ............................................... 3

    C. DIRECTV Should Not Be Permitted to Rely on Analytics Evidence of the Type It Destroyed *After* the Litigation Was Filed ............................................................ 5

    D. Exclusion of Evidence Is the Appropriate Remedy ............................................... 5

III. CONCLUSION ............................................................................................................... 5

## I. INTRODUCTION

Sanctions are appropriate under Rule 37(e) if the FTC is prejudiced by DIRECTV's loss of information that it should have (and reasonably could have) preserved. DIRECTV's opposition tries to make this motion about the parties' discovery negotiations. But DIRECTV's lengthy account of the parties' negotiations is both inaccurate and beside the point. Discovery negotiations that take place *after* evidence is lost cannot excuse DIRECTV's basic failure to preserve evidence. The Court's analysis should focus on the elements of Rule 37(e). Considered under those elements, the FTC's motion should be granted.

## II. ARGUMENT

### A. The Convergys Website Survey Should Be Excluded Because DIRECTV Failed to Preserve the Two Interactive Websites Used in 2015.

**Preservation.** DIRECTV contends in its opposition *both* that it is impossible to preserve the website in interactive form *and* that it would be straightforward for the FTC to have done it.[1] Both statements cannot be true. In fact, DIRECTV and the FTC (as a technical matter) could have preserved the interactive website in January 2015 and June–July 2015. But only DIRECTV knew at the time that it was conducting surveys that would form the core of its expert's analysis. DIRECTV would not inform the FTC of the dates of those surveys for over a year (in September 2016). If DIRECTV had disclosed the fact that it was conducting surveys on its live website, the FTC could have (and would have) preserved those websites as it preserved the 2013 site.

The FTC is not claiming—as DIRECTV suggests—that DIRECTV must "maintain or provide[] to the FTC a live, interactive, fully functioning iteration of directv.com." Declaration of Douglas Wells, Dkt. No. 220-16, ¶¶ 6–7. Rather, the FTC's motion is based on DIRECTV's obligation to preserve the core interactive website that consumers saw as they proceeded through the DIRECTV purchase flow. DIRECTV can comply with its evidence-preservation obligations however it chooses, but the FTC's preservation and production of DIRECTV's 2013 website is

---

[1] *Compare* Opp. at 2 ("It simply cannot be preserved.") *with* Opp. at 6 ("There was nothing to prevent the FTC from doing the same thing [i.e., capturing and producing] with the 2015 website.").

FTC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 37(e)(1)
CASE NO. 15-CV-01129-HSG                                                                          1

one reasonable means of preserving the interactive site.[2]  If DIRECTV planned to rely on the 2015 site as the basis for its survey, DIRECTV could have and should have preserved and produced evidence in a similar way.[3]

**Prejudice.**  DIRECTV asserts that the screenshots are sufficient for the FTC and the Court to understand the 2015 site.  Opp. at 9.  DIRECTV is mistaken: without the interactive site, it is not apparent, for example, whether a user must click or hover to reveal information, or how users navigate from page to page.[4]  And DIRECTV's screenshots are from the wrong dates, and given the frequent changes and updates to the site (Mot. at 4), there is no way to confirm that the screenshots correspond to the websites users saw.  DIRECTV could (and did) ask the FTC's experts questions in depositions using the actual interactive site used in the survey, but the FTC was given no such opportunity for Dr. Wind.

Next, DIRECTV claims that the FTC could have reconstructed the 2015 website from the source code.  Opp. at 9–10.  DIRECTV has long maintained that such a reconstruction effort is not possible.  Mot. at 4 n.2.  The FTC agrees that reconstructing the interactive site from the source code is not practical (especially because there was insufficient time—the survey dates were first disclosed in September 2016).  *Id.*  The produced source code therefore does not excuse DIRECTV's failure to preserve the interactive sites that surveyed consumers saw.

---

[2] DIRECTV cites *De Los Santos v. Kroger Texas, LP*, No. 3:14-CV-3086-G, 2015 WL 3504878 (N.D. Tex. June 3, 2015), for the proposition that DIRECTV had no "duty to create a new, simulated version of the interactive website used in the Convergys Study."  Opp. at 8.  In the *De Los Santos* case, however, the court noted in the context of a spoliation argument that Kroger had no duty to take pictures of the scene of a slip and fall, or to take witness statements after an accident (i.e., to create evidence)—it only had a duty to preserve such evidence if it had been created at the time.  *Id.* at *6 n.4.  Unlike the photos and statements in *De Los Santos*, the version of DIRECTV's website that formed the basis for the Convergys study did in fact exist in 2015.  It could have been preserved at the time (just as the FTC preserved the 2013 site).  Such a recreation (or restoration) is specifically contemplated by Rule 37(e), which applies when evidence is lost "and cannot be restored."

[3] The FTC encourages the Court to review the site captured and produced by the FTC, Exhibit A to the Stahl Declaration filed in support of the FTC's motion for partial summary judgment.  Dkt. Nos. 176-02 (Stahl Declaration), 176-03 (Notice of Manual Filing for the captured website and other exhibits to the Stahl Declaration).

[4] These defects in the evidence supporting the Wind Report are apparent from reviewing the Wind Report exhibits.  A declaration filed with this motion includes an explanation of where the Wind Report and its various exhibits have been filed in this action.  Declaration of Jacob Snow in Support of Reply ("Snow Reply Decl.") ¶ 6.

FTC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 37(e)(1)
CASE NO. 15-CV-01129-HSG                                                                        2

## B. A/B Testing Evidence Should Be Excluded Because No One—Not Even DIRECTV or Its Counsel—Knows What Was Lost.

**Preservation.** DIRECTV does not dispute that it has lost the test and control stimuli for web-based A/B tests performed in the Monetate and Adobe Test & Target tools.[5] The loss of the Adobe Test & Target information is particularly egregious because it was destroyed when a vendor contract concluded in 2014, *four years* after DIRECTV's obligation to preserve arose. Mot. at 2–3. DIRECTV also does not dispute that it could have preserved the test and control stimuli by (for example) taking screenshots. DIRECTV's primary argument in opposition is that "DIRECTV has produced all relevant A/B tests." Opp. at 12 (original emphasis removed).[6] This argument has no merit for two reasons.

*First*, the law does not permit DIRECTV to destroy documents that it unilaterally deems irrelevant. Rather, DIRECTV must preserve all material that is *potentially* relevant to litigation.[7] Moreover, DIRECTV may not assume that the lost A/B tests are not relevant. "[B]ecause the relevance of destroyed documents cannot be clearly ascertained because the documents no longer exist, a party can hardly assert any presumption of irrelevance as to the destroyed documents."[8]

---

[5] DIRECTV does assert that the source-code production included the "data reflecting the web pages . . . and A/B testing that the FTC claims . . . DIRECTV did not retain in 'interactive' form." Hummel Decl. ¶ 14. DIRECTV does not identify where in the source-code production the test and control stimuli reside, nor has it extracted the test and control stimuli from the source code and produced them. DIRECTV's opposition is the first time it has made this claim, despite the parties having met and conferred numerous times about web A/B tests. DIRECTV's disclosure, even if true, is too late and too incomplete to cure the prejudice.

[6] The Court should reject DIRECTV's argument that the parties' stipulation to resolve discovery disputes bars the FTC's motion. *See* Opp. at 11, 13. The stipulation provided that DIRECTV would search for and produce certain categories of documents relating to the FTC's RFPs 6 and 7. Dkt. No. 164 ¶ 2. It also provided that the FTC would "meet with the appropriate DIRECTV employee to discuss analytics" and "review the analytics data in the possession of DIRECTV, and if additional relevant, responsive material exists, DIRECTV will produce that material to the FTC." *Id.* ¶ 9. The stipulation resolved discovery disputes about production, not spoliation. Further, it was during the stipulated meeting on August 4, 2016 that DIRECTV's failure to preserve the test and control stimuli for A/B tests first came to light. The parties' stipulation does not foreclose a remedy for spoliation discovered while carrying out the parties' agreement.

[7] *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'") (emphasis original).

[8] *Id.* (internal quotations and revisions omitted).

FTC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 37(e)(1)
CASE NO. 15-CV-01129-HSG                                                                 3

1  Even if DIRECTV had preserved all relevant tests, the law requires that all *potentially relevant*
2  material be preserved.[9]

3  *Second*, DIRECTV does not know whether relevant A/B test stimuli have been lost. It is
4  not the case, as DIRECTV suggests, that the only relevant tests are those "relating to the terms
5  and conditions of its service *at issue in this case*." Opp. at 12. A/B testing information showing
6  how consumers respond to different font sizes, or different disclosure placement, or different
7  pricing structures, would be relevant to the FTC's claims in this action. DIRECTV cannot say—
8  because it does not know—that such web-based A/B tests never existed. DIRECTV's
9  identification by Bates number of "numerous Power Point [sic] presentations that were produced
10 to the FTC [that] referred to A/B testing" is no substitute for the lost web-based A/B test
11 information. Hummel Decl. ¶ 21, n.1, Dkt. No. 220-1. Critically, every document DIRECTV
12 identifies refers to *print* A/B tests, not the lost *web-based* A/B tests at issue in this motion. *See*
13 Snow Reply Decl. ¶ 5. That Converge Direct produced print-based A/B test information
14 underscores that DIRECTV should have preserved web-based test information.

15 **Prejudice.** DIRECTV claims that the FTC has "failed to prove" that similar A/B tests
16 exist. Opp. at 13. The FTC has no obligation to "prove" any such thing. Parties to litigation
17 must maintain information in their possession that is potentially relevant to litigation, whether
18 that information is helpful to them or not. By failing to preserve the A/B tests in Adobe Test &
19 Target (in use from 2011–2014) and Monetate (in use from 2015–2016), DIRECTV has lost
20 nearly every ordinary-course document that reflects the stimuli for web-based tests that
21 DIRECTV conducted over *five years* of operating its business, preserving only those A/B tests
22 performed specifically for litigation. This loss of A/B test information deprives the FTC of the
23 ability to compare evidence developed in litigation with ordinary-course evidence that might
24 contradict it. That prejudice is explicitly the focus of Rule 37(e)(1). Mot. at 10. Requiring the
25 FTC to prove the relevance of lost evidence would nullify the rule and frustrate its purpose.

---

[9] DIRECTV states that Audrey Chen testified that she participated in approximately ten A/B tests relating to the website. Opp. at 12. Later in her deposition, Ms. Chen clarified that she was involved with approximately 10–15 A/B tests *per year*. Snow Reply Decl. ¶ 2, Ex. A, 170:13–172:4.

FTC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 37(e)(1)
CASE NO. 15-CV-01129-HSG                                                                  4

**C.     DIRECTV Should Not Be Permitted to Rely on Analytics Evidence of the Type It Destroyed *After* the Litigation Was Filed.**

**Preservation.**  The loss of analytics data represents a basic failure by DIRECTV to preserve relevant information in this case.  DIRECTV's opposition does not explain how a DIRECTV vendor contract was modified *in late 2015* to provide that analytics data older than three years be discarded.  Mot. at 8.  It is no excuse that the parties were negotiating the scope of DIRECTV's web-analytics production in late 2015 and early 2016.[10]  If anything, those negotiations should have compelled DIRECTV to carefully preserve the analytics data at issue.

**Prejudice.**  Denying that any prejudice exists, DIRECTV claims that the FTC "cannot specifically point to anything it needs that was not provided."  Opp. at 15.  DIRECTV is wrong: the FTC points specifically to analytics data older than three years (for the categories of analytics information DIRECTV has produced in discovery).  Mot. at 8–9.  The FTC is entitled to test the data DIRECTV relies on against older data.  By the same token, DIRECTV cannot destroy older analytics data while simultaneously relying on new data to support its case.

**D.     Exclusion of Evidence Is the Appropriate Remedy.**

DIRECTV's opposition contends that exclusion of evidence is an inappropriate sanction, but offers no alternative remedy that would cure the prejudice, instead requesting "a hearing respecting the appropriate scope of such relief."  Opp. at 2.  No such hearing is necessary.  The FTC should be given the opportunity to consider and respond to any proposed alternative remedy in writing.[11]  The remedies available under Rule 37(e)(1) are well established.  Only exclusion will cure the prejudice.  *See* Mot. at 9–10.

**III.   CONCLUSION**

For the reasons stated above, the FTC's motion for sanctions should be granted.

---

[10] DIRECTV's account of the parties negotiations regarding web analytics is inaccurate and incomplete.  Snow Decl. ¶¶ 7–9.

[11] DIRECTV claims that the FTC's proposed remedy is overbroad because "[t]he FTC seeks to exclude the ***entire*** Convergys study" including phone subscribers.  Opp. at 6, n. 6.  DIRECTV is incorrect, the FTC's motion seeks only exclusion of any "web-based" survey conducted by DIRECTV.  Mot. at 10.

FTC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 37(e)(1)
CASE NO. 15-CV-01129-HSG                                                                                                      5

1
2
3   Dated:      December 7, 2016

Respectfully Submitted,

　　/s/ Jacob A. Snow

Eric D. Edmondson
Erika Wodinsky
Boris Yankilovich
Jacob A. Snow

Attorneys for Plaintiff
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5100 (phone)
(415) 848-5184 (facsimile)