Eric D. Edmondson, D.C. Bar No. 450294
Erika Wodinsky, Cal. Bar No. 091700
Boris Yankilovich, Cal. Bar No. 257887
Jacob A. Snow, Cal. Bar No. 270988
901 Market Street, Suite 570, San Francisco, CA  94103
(415) 848-5100/(415) 848-5184 (fax)
*eedmondson@ftc.gov*; *ewodinsky@ftc.gov*;
*byankilovich@ftc.gov*; *jsnow@ftc.gov*

Raymond E. McKown, Cal. Bar No. 150975
Stacy Procter, Cal. Bar No. 221078
Kenneth H. Abbe, Cal. Bar No. 172416
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4343/(310) 824-4380 (fax)
*rmckown@ftc.gov*; *sprocter@ftc.gov; kabbe@ftc.gov*

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, a corporation, and<br><br>DIRECTV, LLC, a limited liability company,<br><br>Defendants. | Case No. 15-cv-01129-HSG<br><br>**FEDERAL TRADE COMMISSION'S OPPOSITION TO DIRECTV'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**I.   INTRODUCTION**

DIRECTV's dispositive motion relating to monetary relief (hereinafter, the "Relief Motion") is unnecessary, untimely, and without merit. DIRECTV has known about the FTC's theory of monetary relief since the beginning of this case. And the FTC's specific monetary-relief calculation methodology was disclosed in the FTC's opening expert report relating to monetary relief on September 16, 2016. Further, the issue at the core of the Relief Motion—the scope of the Court's equitable authority—can easily be adjudicated in the existing pre- and post-trial schedule through motions in limine and post-trial briefing.

The timing of DIRECTV's filing therefore has nothing to do with necessity, and everything to do with burdening the FTC in the weeks leading up to trial, in the middle of the holiday season. In the two weeks in which DIRECTV would have the FTC prepare its opposition the FTC must file and oppose motions in limine and prepare its pretrial filings for submission to the Court. The opposition period also includes the Christmas and New Year's holidays. The FTC should be permitted to respond outside of the exigencies of trial preparation. ***The FTC therefore respectfully requests that the Court treat this opposition as a motion to change time on the Relief Motion and delay briefing and hearing until after trial.***

The Relief Motion also has no merit. The law requires that the FTC offer a reasonable calculation of DIRECTV's unjust gains. *FTC v. Commerce Planet*, 815 F.3d 593 (9th Cir. 2016). The FTC's unjust-gains calculation has two parts. First, the FTC proposes that DIRECTV return payments associated with inadequately disclosed price increases. Second, the FTC proposes that DIRECTV return (with some exceptions) premium-channel fees collected from consumers who canceled in the first six months after being automatically enrolled. FTC law governing equitable monetary relief allows the Court to return *all revenue*—which in DIRECTV's case is a monumental sum—collected from consumers subject to the deceptive advertising. In this case, however, the FTC has limited its calculation of unjust gains to fees which DIRECTV failed to adequately disclose in its advertising to prospective customers. The FTC's methodology is supported by past FTC cases, the law of equity, and common sense. DIRECTV's administrative motion, and the Relief Motion itself, should be denied.

## II. LEGAL STANDARD

Two orders of this Court, as well as the Civil Local Rules, prohibit DIRECTV from filing the Relief Motion.[1] First, the Court's standing order provides that "[p]arties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court and show good cause." Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 14. Second, the Court's scheduling orders set the deadline for the parties' summary judgment filings for September 22, 2016. Third, DIRECTV's motion violates Local Rule 7-2(a), which requires that motions "must be filed, served, and noticed in writing on the motion calendar of the assigned Judge for not less than 35 days after filing of the motion." Civ. Local Rule 7-11(a). DIRECTV's motion sets a hearing date of January 17, 2016—only 28 days after filing.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 610 (9th Cir. 1992). DIRECTV must show good cause to modify the Court's scheduling order. Fed. R. Civ. P. 16(b)(4). *In re Cathode Ray Tube Antitrust Litig.*, 2014 WL4954634, *2 (N.D. Cal. October 1, 2014). "If [the party seeking modification] was not diligent, the inquiry should end." *Id.* Prejudice to the party opposing modification can provide additional reasons to deny the motion. *Johnson*, 975 F. 2d at 609.

## III. ARGUMENT

The Relief Motion should be denied for three reasons. First, DIRECTV has been aware of the FTC's monetary-relief theory from the start of this case, and Dr. Rascher's specific calculation methodology was fully disclosed in his opening report on September 16, 2016. There is no reason for the Court to upset the pretrial schedule with a late dispositive motion that should have been filed months ago (if it had merit, which is does not). Second, a motion to dismiss

---

[1] DIRECTV's use of Civil Local Rule 7-11 to seek leave to file a dispositive motion is inconsistent with the purpose of administrative motions specified in the rule. A request to file a dispositive motion in violation of the Court's scheduling and standing orders is hardly a "miscellaneous administrative matter, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Civ. L.R. 7-11. DIRECTV should have sought leave to file the Relief Motion in a properly noticed motion under Civil Local Rule 7-2.

FTC'S OPP. TO DIRECTV'S ADMIN MOTION TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 15-CV-01129-HSG                                                                      2

under Rule 12(h) or a motion for partial summary judgment under Rule 56 is the wrong vehicle to resolve issues that can easily be dealt with as part of motions in limine and post-trial briefing. Third, the Relief Motion has no merit. It is contrary both to law and to common sense.

### A. DIRECTV Has Not Been Diligent in Filing The Relief Motion.

DIRECTV's administrative motion states that "[l]ast week . . . the FTC confirmed that what it is actually seeking as monetary relief is an unprecedented award of legal damages measured by the alleged loss of consumers' expectation interests in their contracts with DIRECTV." Dkt. No. 233 at 2. DIRECTV offers no evidence for this statement because none exists. The FTC will seek equitable monetary relief—not legal damages—at trial. Neither the FTC nor Dr. Rascher has ever suggested otherwise.

The FTC's initial disclosures—served on June 9, *2015*—stated "[i]n this case, the FTC plans to seek equitable monetary relief based on the injury to consumers attributable to DIRECTV's violations of the FTC Act and ROSCA alleged in the Complaint." Dkt. No. 237-3 p. 5. The initial disclosures also stated that the FTC would seek redress for "[i]njury flowing from DIRECTV's failure to adequately disclose the second-year price of the service subscription." *Id.*

Dr. Daniel Rascher calculated exactly that (i.e., payments flowing from DIRECTV's failure to disclose) in his opening report, served on September 16, 2016. That report offered a calculation of unjust gains that returned to consumers the difference between the first-year price and the inadequately disclosed second-year price. Expert Report of Dr. Daniel Rascher ("Rascher Report"), Dkt. No. 238-08, ¶¶ 14, 26. Returning payments for an inadequately disclosed price increase is, in the FTC's view, the most reasonable way of measuring DIRECTV's unjust gains. The Court could also order DIRECTV to issue a complete refund to all satellite-television customers—a much larger sum. *See Commerce Planet*, 815 F. 3d at 603 (measuring unjust gains as "the amount consumers paid for the product or service minus refunds and chargebacks"). The FTC's approach here is much more conservative, excluding those

1  payments that DIRECTV customers arguably understood they would be charged.[2]

2  DIRECTV's motion relies on the assertion that Dr. Rascher, in his deposition on December 15, 2016, somehow disclosed a novel theory of monetary relief reachable only as legal damages. He did nothing of the sort. Dr. Rascher's methodology—as he consistently described it in his opening report, his reply report, and both of his depositions—operationalizes the monetary relief that the FTC has requested in this case from the beginning. *See* Rascher Report ¶¶ 14, 26; Reply Report of Dr. Daniel Rascher, Dkt. No. 238-08 ¶ 116–118. The FTC frequently receives return of undisclosed fees as equitable monetary relief.[3] The Court should reject DIRECTV's rush to constitutionalize the details of an economist's calculation methodology.

**B.   The Relief Motion's Issues Can Be Resolved Under the Current Schedule.**

A proposed expert's testimony must be "relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995). If Dr. Rascher's analysis is, as DIRECTV (wrongly) contends, cognizable only as legal damages, then DIRECTV can make that argument in a motion in limine. The Relief Motion is completely unnecessary to bring DIRECTV's concerns about Dr. Rascher's monetary relief analysis before the Court.[4]

The Court should deny the Relief Motion outright. But if the Court is inclined to permit full briefing, the issues raised in the Relief Motion can be resolved during post-trial briefing.

---

[2] The methodology employed by Dr. Rascher resulted in 87 percent of DIRECTV's subscription revenue being eliminated from the FTC's calculation. The Court is free to consider other methodologies in awarding redress for consumer injury, including returning all revenue, which could result in a much larger monetary award than Dr. Rascher's calculation. *See, e.g.*, *FTC v. Commerce Planet*, 878 F.Supp.2d 1048, 1088 (C.D. Cal. June 22, 2012) (Consumer redress may be "calculated by 'the amount of money paid by the consumers, less any refunds made.'").

[3] *See, e.g.*, *FTC v. Commerce Planet*, 878 F.Supp.2d 1048, 1090 (C.D. Cal. June 22, 2012) (awarding equitable relief of $18.2 million for inadequately disclosed charges); *FTC v. AMG Servs., Inc.*, No. 12-cv-00536, 2016 WL 5791416, at *12 (D. Nev. Sept. 30, 2016) (awarding equitable relief for inadequately disclosed charges in connection with a payday-loan service); *FTC v. Swish Mktg., Inc.*, No. C09-03814-RS (N.D. Cal. June 14, 2011) (final judgment and order) (awarding equitable relief returning inadequately disclosed charges incurred when signing up for payday-loan matching service); *FTC v. One Techs., LP*, No. 3:14-cv-05066-JSC (N.D. Cal. Nov. 21, 2014) (stipulated order) (refunding consumers for allegedly inadequately disclosed charges incurred when signing up for credit score offer); *FTC v. CompuCredit Corp.*, No. 1:08-CV-1976-BBM-RGV (N.D. Ga. Dec. 19, 2008) (stipulated order) (refunding inadequately disclosed fees charged to subprime credit cards).

[4] The parties have met and conferred regarding the substance of the motions in limine, and DIRECTV has stated that it plans to file a motion to exclude Dr. Rascher's testimony based on the same foundation as the Relief Motion.

1  DIRECTV's administrative motion offers no explanation (because none exists) for why the
2  scope of the Court's equitable authority cannot be resolved after trial.

### C. The FTC's Proposed Monetary Relief Is Equitable in Nature.

The question raised by the Relief Motion is whether the Court, in exercise of its equitable powers, can order DIRECTV to pay monetary relief in the amount of DIRECTV's undisclosed price increases to consumers. DIRECTV contends that any calculation of unjust gains incorporating the economic concept of "expectation injury"—wherein a person is restored to the same financial position as if the defendant had performed as promised—is necessarily outside of the Court's equitable authority. Relief Motion p. 11.

DIRECTV's view is unsupported by the law. In *Commerce Planet*, the Ninth Circuit wrote that the Court's "*equitable powers are comprehensive*." 815 F.3d 593 at 599 (emphasis added). Further, "[t]o ensure that 'complete rather than truncated justice' is done, a court sitting in equity may 'go beyond the matters immediately underlying its equitable jurisdiction and decide whatever other issues and give *whatever other relief* may be necessary under the circumstances." *Id* (emphasis added). And in cases brought by the government, the court's "equitable powers assume an *even broader and more flexible character* than when only a private controversy is at stake." *Id* (emphasis added). "Unless a statute in so many words, or *by a necessary and inescapable inference*, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." *Id* (emphasis added). It is entirely incompatible with this expansive equitable command that the details of a proposed method of calculating unjust gains would suddenly deprive the Court of jurisdiction and the FTC of constitutional standing. Neither the language of the statute nor any case law cited by DIRECTV provides "by a necessary and inescapable inference" that the Court's "broader and more flexible" equitable authority is so limited. The Relief Motion should be denied.

### IV. CONCLUSION

For the reasons stated above, DIRECTV's administrative motion, and the Relief Motion, should be denied.

|   |   |   |
|---|---|---|
| | | Respectfully Submitted, |
| Dated: | December 26, 2016 | /s/ Jacob A. Snow |

Eric D. Edmondson
Erika Wodinsky
Boris Yankilovich
Jacob A. Snow

Attorneys for Plaintiff
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5100 (phone)
(415) 848-5184 (facsimile)