Jeff Tillotson, SBN 139372
jtillotson@TillotsonLaw.com
Tillotson Law
750 North Saint Paul, Suite 610
Dallas, TX 75201
Telephone: (214) 382-3040

Pete Marketos, *Pro Hac Vice*
pete.marketos@rgmfirm.com
Reese Gordon Marketos LLP
750 North Saint Paul
Dallas, TX 75201
Telephone: (214) 382-9810

Chad S. Hummel, SBN 139055
chummel@sidley.com
Mark D. Campbell, SBN 180528
mcampbell@sidley.com
Bridget S. Johnsen, SBN 210778
bjohnsen@sidley.com
Ryan M. Sandrock, SBN 251781
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 722-1200
Facsimile: (415) 772-7400

Attorneys for Defendants
DIRECTV and DIRECTV, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:15-cv-01129 HSG |
| Plaintiff, | Assigned to the Hon. Haywood S. Gilliam, Jr. |
| v. | **DIRECTV'S MOTION IN LIMINE NO. 4 RE: PRECLUDING THE FTC FROM OFFERING EVIDENCE (1) CONTRADICTING RULE 30(B)(6) DESIGNEE TESTIMONY OR (2) ON TOPICS WHERE PRIVILEGE WAS ASSERTED TO BLOCK DISCOVERY** |
| DIRECTV, a corporation, and DIRECTV, LLC, a limited liability company, | |
| Defendants. | |
| | **Date:** January 17, 2017<br>**Time:** 3:00 pm<br>**Courtroom:** 10 – 19th Floor |
| | **Complaint Filed:** March 11, 2015<br>**Trial Begins:** January 30, 2017 |

DIRECTV hereby moves *in limine* for an order precluding the FTC at trial from (1) offering any evidence or argument that contradicts the sworn testimony it offered in deposition as listed below under FRCP Rule 30(b)(6), or (2) on subjects on which the FTC blocked inquiry during discovery based on the assertion of privilege, including the common interest privilege, as cited below.

**ARGUMENT**

This motion covers two issues addressed during discovery in this case and on which the FTC asserted positions which should bind it at trial:  (1) TV advertisements and the telephone sales process which that the FTC contends are deceptive and the bases for those allegations; and (2) evidence that the FTC might offer to counter DIRECTV's affirmative defenses of laches and estoppel.  With respect to both subject matters, the FTC provided testimony through a Fed. R. Civ. Proc. 30(b)(6) designee.  As set out below, the FTC should be limited at trial to the evidence provided in that binding testimony.

*Rule 30(b)(6) testimony regarding allegations of deception*:  On June 9, 2016, DIRECTV took the deposition of the FTC pursuant to Fed. R. Civ. Pro. 30(b)(6) on the topic of the bases for the FTC's allegations of deceptive conduct.  The FTC designated Michael Ostheimer as its representative.  During that deposition, the FTC's allegations of deceptive advertising in particular media (TV, print, web, and phone) were thoroughly explored. The FTC's testimony on that date serves to limit the proof the FTC can present at trial with respect to two of those mediums: DIRECTV's TV ads and telephone sales process.

When asked about how DIRECTV's **television** advertising was deceptive, Mr. Ostheimer failed to provide any evidence about how the TV ads at issue deceived consumers (other than offering his own facial review of the ads).  After stating the FTC's position that advertising is deceptive only if a significant percentage of reasonable consumers are deceived by the advertising (Ostheimer Depo. 79:14-80:7 (Exhibit A)), Mr. Ostheimer testified on behalf of the FTC that there is no evidence of what percentage of consumers (if any) take away a false message from TV ads.  (*Id.* at 110:8-22).  The only evidence that the FTC could identify in support of its allegations that the TV ads are deceptive are the ads themselves.  (*Id.* at 131:21–132:3).  The FTC revealed no facts to

support the notion that consumers who view DIRECTV's TV ads take away any misimpressions about whether there is a two year commitment (*Id.* at 136:23-137:9) or whether the introductory price lasts more than one year (*Id.* at 137:10-138:12). No further evidence of alleged deceptiveness of the TV ads should be allowed.

When asked about how DIRECTV's **telephone sales** calls were deceptive, Mr. Ostheimer testified only that DIRECTV's agents do not inform consumers of the exact price they will pay in the second year of their commitment. (*Id.* at 220:24-222:22). That is the only alleged deficiency identified by the FTC in sales made by telephone, and DIRECTV stands prepared at trial to contest that allegation. The FTC did not contend through its Rule 30(b)(6) designee that DIRECTV's phone disclosures regarding the 24-month commitment, length of the introductory discounted price, the existence of an early cancellation fee, or the negative option aspect of the premium channel offer were deceptive in any way. More than 70% of DIRECTV customers subscribe by phone, thus there can be no monetary or other relief sought with respect to the issues identified above when the subscription was obtained by phone.

The FTC should be held to this testimony as DIRECTV relied on it in designing its expert studies and designating expert testimony. First, DIRECTV proffered no study of TV ads as the FTC has offered no evidence that they are deceptive in any way. Second, DIRECTV has focused its expert work on demonstrating that it in fact provides adequate information about its second year pricing in its telephone sales process.

In the Northern District, courts have found the testimony of a 30(b)(6) witness to be binding on the entity. *Gales v. Winco Foods*, No. C 09-05813 CRB, 2011 WL 3794887, at *5 n.3 (N.D. Cal. Aug. 26, 2011) ("As a 30(b)(6) witness, her testimony is a sworn corporate admission binding on the corporation."). An admission by a Rule 30(b)(6) witness is binding on the principal. *Dynetix Design Sols., Inc. v. Synopsys, Inc.*, No. C 11-5973 PSG, 2013 WL 4537838, at *3 (N.D. Cal. Aug. 22, 2013) (holding that a company's 30(b)(6) admission was binding to deny a motion in limine about another issue). Courts in the Northern District also have held that a party cannot rebut the testimony of their Rule 30(b)(6) witness when the opposing party has relied on the Rule 30(b)(6) testimony and the rebutting party has not provided an adequate explanation for the rebuttal.

*AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 4040388, at *24 (N.D. Cal. July 1, 2015) (cataloging cases on and approaches to this issue and holding that party was entitled to rely on 30(b)(6) testimony).  Both rules bar the FTC from supplementing its testimony at this late date.

*Rule 30(b)(6) testimony and privilege assertions relating to the affirmative defenses of laches and estoppel:*  DIRECTV has asserted the defenses of laches and estoppel in this case based on the fact that it fully resolved the identical advertising disclosure issues that are being litigated in this case when it entered into a multi-state settlement agreement (MSA) with every state in the nation in 2010.  The FTC then waited nearly 5 years to bring this lawsuit.  DIRECTV contends that the FTC not only waited too long (prejudicing it in many ways), but also affirmatively misled DIRECTV to believe that it was fully satisfied with the resolution of the MSA and was pursuing "other issues."  DIRECTV will offer evidence at trial that it would never have concluded the MSA negotiations or agreed to its terms if the FTC had acted in the way that it did here by ultimately suing on the same issues.

These contentions will be supported at trial by the testimony of DIRECTV's outside counsel in the MSA negotiations, Clayton Friedman, who will testify that he had numerous interactions with the FTC about the MSA prior to it being finalized in December 2010; the he invited the FTC to join in the MSA; that he briefed the FTC on the specific terms of the MSA before it was finalized; that the FTC never told him that it had any objections to the MSA or its specific terms; and that the FTC was examining "other issues."

Mr. Friedman had all of the foregoing interactions with FTC attorney Raymond McKown of the FTC's regional office located in Los Angeles.  Mr. Friedman was thoroughly deposed by the FTC on these issues, but the FTC refused to produce Mr. McKown for deposition, citing the presumption against deposing members of the opposing party's "trial team."  The FTC obtained a protective order on that basis (Dkt. 145), and elected to rely on Rule 30(b)(6) testimony of it designee, Thomas Syta, who did not have any first-hand knowledge of the relevant interactions with DIRECTV's counsel Mr. Friedman.  (Syta Depo. at 16:12-21; 47:6-17; 60:11-22 (Exhibit B)).  According to Mr. Syta, Mr. McKown was the principal lawyer representing the FTC (*Id.* at 16:22-

17:4) and was authorized to act on behalf of the FTC in dealing with DIRECTV at that time. (*Id.* at 17:10-18:8). Yet, the FTC chose to present Mr. Syta to testify regarding what Mr. McKown discussed with Mr. Friedman.

The FTC should be bound by that choice at trial. The Court should preclude the FTC from calling Mr. McKown or other witnesses to address the interactions with Mr. Friedman, and also preclude the FTC from introducing evidence on the following topics that is inconsistent with or in addition to the evidence provided in its Rule 30(b)(6) deposition:

- Communications between the FTC and the states regarding the investigation of DIRECTV, including whether the FTC was working with the states to determine the terms of the MSA, all undisclosed to DIRECTV; all such discovery was blocked based on the assertion of a common interest privilege (*Id.* at 27:6-12; 193:17-194:2);
- Whether DIRECTV made presentations regarding the proposed terms of the MSA to the FTC prior to the effective date in December 2010; Syta did not know (*Id.* at 74:1-11);
- Whether Mr. McKown told Mr. Friedman regarding the MSA that the FTC was looking at different or "other issues;" Syta did not know (*Id.* at 78:18-79:13; 80:19-81:14; 83:11-15);
- Whether the FTC ever informed DIRECTV that DIRECTV's advertising, if performed consistent with the MSA, would violate federal law; Syta was not aware that this occurred (*Id.* at 95:16-96:6); and
- Whether the FTC ever communicated any objection to DIRECTV to any of the terms of the MSA; Syta was not aware of any objections (*Id.* at 95:7-22).

The FTC is bound by this designee testimony at trial for the reasons cited above. With respect to its assertion of a common interest privilege with the states, a party may not use privilege as both a shield and a sword. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1163 (9th Cir. 1992). As such, the court may "fashion remedies to prevent surprise and unfairness to the party seeking discovery." *Hasbro Inc. v. Sweetpea Entertainment, Inc.*, No. cv-13-3406-DMG, 2014 WL 12561624, at *2 (internal citations omitted) (C.D. Cal. Mar. 14, 2014). Where a party claims a

4

1  privilege during discovery and then wishes to testify at trial, the court may ban that party from
2  testifying on the matters claimed to be privilege.  *Hasbro*, at *2 (barring witness from testifying who
3  had previously who had "raised the shield of attorney-client privilege" to refuse to testify about
4  damages during his deposition); *see also Fox v. California Sierra Fin. Servs.*, 120 F.R.D. 520, 530
5  (N.D. Cal. 1988) (stating that holder of privilege must disclose intention to waive attorney-client
6  privilege during discovery and that "any information as to which the privilege will be waived must
7  be made available to the opposing party through discovery so as not to afford the one party an unfair
8  advantage at trial."); *Naff v. State Farm*, 1:15-cv-00515-JLT, 2016 WL 4095948 (E.D. Cal. Aug. 2,
9  2016) (granting defendant's motion in limine regarding information as to which plaintiffs maintained
10 their privilege claim throughout discovery).

13 Dated:  December 27, 2016

14                                         By:  /s/Chad S. Hummel
15                                              Chad S. Hummel
                                                Jeff Tillotson
                                                Attorneys for Defendants
16                                              DIRECTV and DIRECTV, LLC