UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTV, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-01129-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 247-50, 253-57 |

Pending before the Court are the motions in limine filed by the Federal Trade Commission ("FTC") and Defendants DIRECTV and DIRECTV, LLC (together, "DIRECTV"). Dkt. Nos. 247-50, 253-57. Seven of the nine motions in limine seek to exclude expert testimony. Dkt. Nos. 247-49, 254-57. The other two motions in limine seek to exclude other evidence. Dkt. Nos. 250, 253. Each motion is opposed. Dkt. Nos. 260-63, 268-72. During the pretrial conference, the Court heard arguments on some of the motions in limine. Dkt. No. 287 at 16:8-27:19. After carefully considering the papers filed in connection with the motions in limine, as well as the oral arguments made by the parties, the Court **GRANTS IN PART** and **DENIES IN PART** the motions in limine.

I.  **MOTIONS IN LIMINE TO EXCLUDE EXPERT TESTIMONY**

DIRECTV has filed the following motions to exclude expert testimony: First Motion in Limine, Dkt. No. 247 (seeking to exclude the testimony of Dr. Anthony Pratkanis offered to demonstrate that DIRECTV's consumers are likely to be deceived by the company's advertising and do not see or understand its disclosures); Second Motion in Limine, Dkt. No. 248 (seeking to exclude the testimony of Dr. Tülin Erdem regarding her four consumer surveys relating to DIRECTV's 2013 website and a DIRECTV print advertisement from 2013); and Third Motion in Limine, Dkt. No. 249 (seeking to exclude the testimony of Dr. Daniel A. Rascher relating to

monetary relief). For its part, the FTC has filed the following motions to exclude expert testimony: Second Motion in Limine, Dkt. No. 254 (seeking to exclude the testimony of Dr. J. Howard Beales III regarding "the framework to analyze whether DIRECTV's advertisement can be considered deceptive within the meaning of Section 5 of the FTC Act" and "the appropriateness of the FTC's use and application of the 'significant minority' standard in this case"); Third Motion in Limine, Dkt. No. 255 (seeking to exclude the testimony of Dr. Jerry Wind regarding his analysis of recorded DIRECTV sales calls and predicated on the control-testing of DIRECTV's website in the Convergys study); Fourth Motion in Limine, Dkt. No. 256 (seeking to exclude certain testimony of Dr. Michael Bay regarding monetary relief); Fifth Motion in Limine, Dkt. No. 257 (seeking to exclude the testimony of Lorie M. Wijntjes regarding her study of DIRECTV customer complaints).

> Federal Rule of Evidence 702 governs the admission of testimony by expert witnesses:
>> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. For expert testimony to be admissible, the expert must be qualified, *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004), and the expert's testimony must be "both relevant and reliable," *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc) (internal marks omitted); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Rule 702 "contemplates a *broad conception* of expert qualifications." *Hangarter*, 373 F.3d at 1018 (emphasis in original). Courts consider a purported expert's knowledge, skill, experience, training, and education in the subject matter of his asserted expertise. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); *see also* Fed. R. Evid. 702. "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *AstenJohnson*, 740 F.3d at 463 (internal quotation marks omitted). Finally, reliability requires that an expert's testimony has "a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (internal quotation

marks and brackets omitted).

To determine whether an expert's testimony is reliable, courts apply a "flexible" inquiry, considering such factors as

> 1) whether a theory or technique can be tested; 2) whether it has been subjected to peer review and publication; 3) the known or potential error rate of the theory or technique; and 4) whether the theory or technique enjoys general acceptance within the relevant scientific community. However, whether these specific factors are reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine.

*AstenJohnson*, 740 F.3d at 463 (internal quotation marks and citation omitted). For example, courts may also consider whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion, *see General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997), and whether the expert has adequately accounted for obvious alternative explanations, *see Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994). Ultimately, "judges are entitled to broad discretion when discharging their gatekeeping function . . . not only [in] decid[ing] *whether* to admit expert testimony . . . [but also] in deciding *how* to test an expert's reliability." *Hankey*, 203 F.3d at 1168 (emphasis in original)).

Lastly, some caution is merited regarding the exclusion of expert evidence on motions in limine. First, courts should be cognizant that "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). Second, the trial court's gatekeeping function is much less critical in a bench trial because there "little danger" of prejudicing the judge, who can, after hearing the expert's testimony or opinion, determine what, if any, weight it deserves. *Shore v. Mohave Cty., State of Ariz.*, 644 F.2d 1320, 1322-23 (9th Cir. 1981); *see also F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) ("When we consider the admissibility of expert testimony, we are mindful that there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion in a bench trial." (internal quotation marks omitted)); *Flores v. Arizona*, 516 F.3d 1140, 1166 (9th Cir. 2008) ("[T]he expert testimony was . . . not prejudicial in this bench trial, where there was no danger that a jury might give too much credence to a legal expert."), *rev'd on other grounds sub nom. Horne v. Flores*, 557 U.S. 433

(2009). Third, a court's ruling on a motion in limine is not set in stone: "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Applying the standards described above to the seven motions in limine seeking to exclude expert testimony, the Court finds—with one exception discussed below—that the experts are qualified and their testimony meets the reliability and relevance requirements of Rule 702.[1] Since this is a bench trial, there is little risk that the expert testimony will prejudice the Court, and the arguments raised in the motion in limine can largely be addressed by giving expert testimony only the weight, if any, that it deserves. As explained at the pretrial conference, the Court will ensure on an ongoing basis that the testimony offered at trial meets the requirements of Rule 702.

In addition, the Court reiterates its concerns regarding the proposed expert testimony of Dr. Beales, which was the subject of the FTC's Second Motion in Limine. *See* Dkt. No. 254. While the Court will not prevent Dr. Beales from testifying at all, as sought by the FTC, *see id.* at 1:4-6, 5:13-15, the Court will not permit him to express any opinion regarding "an ultimate issue of law" at trial, *see Hangarter*, 373 F.3d at 1016. For example, at least two of the five major opinions expressed in Dr. Beales' report are clearly inadmissible legal opinions. *See* Dkt. No. 258-7 at 15:11-12 ("**Extrinsic Evidence is Necessary to Evaluate Alleged Deception for Advertising Claims that Are Not Literally False or False by Necessary Implication.**" (emphasis in original)); *id.* at 16:3-4 ("**Facial Review by the FTC . . . Should Be Afforded Little to No Weight.**" (emphasis in original)).

Finally, as noted above, there is one exception to the Court's denial of the motions in limine relating to expert testimony. The FTC's Fourth Motion in Limine seeks to exclude portions of the expert testimony of Dr. Baye. *See* Dkt. No. 256. This motion in limine is inappropriate insofar as it seeks to exclude Dr. Baye's testimony relying on his "Control Group," given that he is qualified to present that testimony and it meets the reliability and relevance requirements of Rule

---

[1] With regards to the FTC's other asserted grounds for exclusion, the Court finds exclusion of Dr. Wind's testimony is also not merited under Rule 403, Rule 408, or Rule 703, nor is exclusion of Ms. Wijntjes' testimony merited under Rule 703. *See* Fed. R. Evid. 403, 408, 703.

702. As noted at the pretrial conference, the battle of the experts between Dr. Baye and Dr. Rascher is a "core issue in the case." *See* Dkt. No. 287 at 24:22-25:2. Thus, the Court will ultimately consider the testimony of both experts at trial and determine which is entitled to more weight. However, this motion in limine is appropriate insofar as it seeks to exclude Dr. Baye's testimony relating to "countervailing benefits," which does not meet the relevancy requirement of Rule 702. Specifically, "countervailing benefits" are only relevant to claims under § 5 of the FTC Act, 15 U.S.C. § 45 (2012), that sound in unfairness, not deception. *Compare F.T.C. v. Neovi, Inc.*, 604 F.3d 1150, 1155 (9th Cir. 2010) ("[A]n unfair practice or act is one that causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by *countervailing benefits* to consumers or to competition." (internal quotation marks omitted) (emphasis added)) *with F.T.C. v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009) ("An act or practice is deceptive if first, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material." (internal quotation marks omitted)). Here, the FTC's section 5 claims sound in deception, not unfairness. *See* Dkt. No. 1 ("Compl.") ¶¶ 26-32. Therefore, Dr. Baye's testimony relating to "countervailing benefits" is legally irrelevant, and consequently, inadmissible.

## II. MOTIONS IN LIMINE TO EXCLUDE OTHER EVIDENCE

Two other motions in limine are before the Court. DIRECTV's Fourth Motion in Limine seeks to preclude the FTC from offering any evidence or arguments (1) that contradict certain sworn testimony it offered in deposition under Federal Rule of Civil Procedure 30(b)(6), or (2) on subjects on which the FTC blocked inquiry during discovery based on the assertion of privilege. Dkt. No. 250.[2] With respect to the 30(b)(6) issue, the Ninth Circuit has yet to resolve to what extent, if any, a Rule 30(b)(6) designee's testimony operates as a binding judicial admission on the designating party. *VMR Prod., LLC v. V2H ApS*, No. 213CV7719CBMJEMX, 2016 WL

---

[2] Technically, the Court construes this as two motions in limine. *See* Civil Pretrial and Trial Standing Order for Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 24 ("Each motion . . . should address a single, separate topic."). Accordingly, neither party can file any more motions in limine. *See id.* ¶ 24 ("Each party is limited to bringing five motions in limine.").

1177834, at *3 (C.D. Cal. Mar. 18, 2016); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 4040388, at *23-24 (N.D. Cal. July 1, 2015).[3]  Given that the evidence that DIRECTV seeks to exclude is not clearly inadmissible, the Court will deny DIRECTV's motion at this juncture.  The Court will monitor these evidentiary issues at trial, where they can be assessed in a fuller context.  With respect to the privilege issue, the FTC agrees that "having lawfully shielded specific evidence from discovery, a party should not affirmatively introduce that evidence at trial" but declares that it "has no intention of doing so here."  *See* Dkt. No. 263 at 5:6-9.  The Court accepts this characterization in denying DIRECTV's motion, but will hold the FTC to its word at trial.  *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield.")

For its part, the FTC's First Motion in Limine seeks to exclude evidence regarding DIRECTV's national compliance program based on the Multistate Agreement ("MSA") or in the alternative, to compel Takehiko ("Ted") Suzuki to testify regarding the program.  Dkt. No. 253.  The Court is not convinced that DIRECTV should be broadly precluded from presenting *any* evidence regarding the compliance program, *see* Dkt. No. 253 at 5:5-6 ("DIRECTV's evidence regarding compliance with the MSA should be excluded at trial."), given that DIRECTV apparently is not planning to assert that the compliance program immunizes it from section 5 or ROSCA liability, *see* Dkt. No. 268 at 1:18-19, but rather that the compliance program is relevant to its equitable defenses based upon the FTC's conduct, *id.* at 2:13-3:16.  The Court instructs the parties to be prepared on the first morning of trial to further discuss the precise basis for the FTC's request to compel Mr. Suzuki to testify, including the FTC's theory as to why such testimony is necessary and relevant.  The Court defers ruling on this motion pending that discussion.

---

[3] Courts have taken a variety of approaches to 30(b)(6) designee testimony: treating it as a sworn admission that is binding on the designating party; treating it like other deposition testimony, which can be contradicted and used for impeachment, but does not bind the designating party like a judicial admission; or taking the "middle ground" of treating it as binding on the designating entity where the opposing party relied on it and the designating party has failed to provide an "adequate explanation for the rebuttal offered at trial."  *See AngioScore*, 2015 WL 4040388, at *23-24 (collecting cases).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the FTC's Fourth Motion in Limine only insofar as it seeks to exclude Dr. Baye's testimony relating to "countervailing benefits." The Court defers ruling on the FTC's alternative request, in its First Motion in Limine, that the Court order Mr. Suzuki to testify. The Court **DENIES** the remainder of the FTC's First Motion in Limine, as well as all the other motions in limine filed by the parties. As always, the Court will evaluate the issues raised in the motions in limine on an ongoing basis at trial as the evidentiary record develops.

**IT IS SO ORDERED.**

Dated: 1/31/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge