| | |
|---|---|
| Jeff Tillotson, SBN 139372<br>jtillotson@TillotsonLaw.com<br>Tillotson Law<br>750 North Saint Paul, Suite 600<br>Dallas, TX 75201<br>Telephone: (214) 382-3040<br><br>Pete Marketos, *Pro Hac Vice*<br>pete.marketos@rgmfirm.com<br>Reese Gordon Marketos LLP<br>750 North Saint Paul, Suite 600<br>Dallas, TX 75201<br>Telephone: (214) 382-9810<br><br>Chad S. Hummel, SBN 139055<br>chummel@sidley.com<br>Mark D. Campbell, SBN 180528<br>mcampbell@sidley.com<br>Bridget S. Johnsen, SBN 210778<br>bjohnsen@sidley.com<br>Ryan M. Sandrock, SBN 251781<br>rsandrock@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 722-1200<br>Facsimile: (415) 772-7400<br><br>Attorneys for Defendants<br>DIRECTV and DIRECTV, LLC | Eric D. Edmondson, D.C. Bar NO. 450294<br>Erika Wodinsky, Cal. Bar NO. 091700<br>Boris Yankilovich, Cal. Bar NO. 257887<br>Jacob A. Snow, Cal. Bar NO. 270988<br>901 Market Street, Suite 570<br>San Francisco, CA 94103<br>(415) 848-5100/(415) 848-5184 (fax)<br>*eedmondson@ftc.gov;* ewodinsky@*ftc.gov;*<br>*byankilovich@ftc.gov; jsnow@ftc.gov*<br><br>Raymond E. McKown, Cal. Bar NO. 150975<br>Stacy Procter, Cal. Bar NO. 221078<br>Kenneth H. Abbe, Cal. Bar NO. 172416<br>10877 Wilshire Blvd., Suite 700<br>Los Angeles, CA 90024<br>(310) 824-4343/(310) 824-4380 (fax)<br>rmckown@*ftc.gov;* sprocter@*ftc.gov;*<br>*kabbe@ftc.gov*<br><br>Attorneys for Plaintiff<br>Federal Trade Commission |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DIRECTV, a corporation, and DIRECTV, LLC, a limited liability company,<br><br>　　　　Defendants. | Case No. 3:15-cv-01129 HSG<br><br>Assigned to the Hon. Haywood S. Gilliam, Jr.<br><br>**STIPULATION AND ORDER PERMITTING THE PARTIES TO BRING ADDITIONAL TECHNOLOGY INTO THE COURTHOUSE** |

Pursuant to Civil Local Rule 7-12 and the conference with the Court on February 3, 2017, the Federal Trade Commission ("FTC") and Defendants DIRECTV and DIRECTV, LLC (collectively "DIRECTV") hereby stipulate and jointly request an order permitting the parties to bring into the Courthouse additional technology and equipment for use during trial.[1]

During trial, both the FTC and DIRECTV intend to introduce exhibits including, among other things, numerous print ads in various shapes and sizes and multiple iterations of DIRECTV's website (including still captures, video captures, and interactive versions).

On February 3, 2017, the parties' respective counsel and technology personnel tested the courtroom trial technology and discovered certain issues that the parties believe may impede their ability to efficiently present various evidence to the Court. First, as mentioned above, during witness examinations, the parties may use exhibits in the form of electronic documents, videos, or interactive websites. Without the previously requested switches, the parties cannot efficiently switch between the various media needed to display differently formatted exhibits. Second, in DIRECTV's view, the resolution of the courtroom monitors diminishes the visibility of the advertising. As an example (again only in DIRECTV's view), when attempting to display print ads in a digital form, certain text is distorted and unreadable on the courtroom monitors.[2] Finally, the touchscreen monitor located at the witness stand currently displays the picture slightly off-center, which means that the witness cannot always see the full exhibit. And if the witness attempts to utilize the touchscreen annotations to draw on the screen, the annotations appear in a different location (i.e., offset from where the witness touched) on the monitors in the Courtroom.

---

[1] On January 30, 2017, the parties filed a Stipulation and Proposed Order Permitting the Parties to Bring Additional Technology into the Courthouse. [Dkt. No. 288]. The Court granted, in part, and denied, in part, the parties' requested additional technology. [Dkt. No. 290]. On February 3, 2017, the parties tested the Courtroom's technology and raised certain issues discovered therewith during a telephonic conference with the Court. The Court permitted the parties to file this joint stipulation to address the same. [Dkt. No. 294].

[2] DIRECTV plans to introduce exemplar print ads into evidence in the size and form disseminated to potential consumers. However, DIRECTV understands that the Court's preference, as stated to the parties, is to view the various exhibits in electronic format. Additionally, given the hundreds of different print ads at issue, it is cost prohibitive to DIRECTV to print every single ad in the correct size and format.

The Court's technology personnel were not able to fix that problem before the trial-date continuance was announced on Friday morning.

The parties appreciate the Court's concern regarding technology compatibility, seamlessness, efficiency, and the Court's ability to run the remainder of its docket using its existing technology without interruption from this case.  Therefore, the parties request permission to bring in the following additional technology and equipment, which will operate *independently* from the Court's existing system:

(1) One 4x8 switch/distribution amplifier;

(2) Two 4x1 switches;

(3) One speaker system;

(4) Seven 19-inch High Resolution Monitors for the bench (1), witness stand (1), counsel tables (2 for each side), and lecterns (1);

(5) One LCD projector and stand; and

(6) One projector screen.

The parties further jointly request access to the courtroom for purposes of setting up and testing the technology on Friday, March 3, 2017.  All equipment and necessary wiring will be placed in a manner so as not to interfere with other activities in the Courtroom when trial is not in session and to avoid any unsafe condition.  The parties remain mindful of the Court's docket and resources and will do their utmost to reduce interruption and inconvenience.

SO STIPULATED:

Dated: February 10, 2017

By: /s/ Jacob Snow
Jacob A. Snow
Counsel for Plaintiff Federal Trade Commission

Dated: February 10, 2017

By: /s/ Pete Marketos
Jeff Tillotson
Pete Marketos
Chad Hummel
Counsel for Defendants DIRECTV and DIRECTV, LLC

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Permitting the Parties to Bring Additional Technology into the Courthouse in compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory has concurred in this filing.

Dated:  February 10, 2017                                   SIDLEY AUSTIN LLP


                                                            By:  /s/ *Ryan M. Sandrock*
                                                                 Ryan M. Sandrock

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

3  Dated: February 21, 2017

   HON. HAYWOOD S. GILLIAM, JR.
   United States District Judge