Eric D. Edmondson, D.C. Bar No. 450294
Erika Wodinsky, Cal. Bar No. 091700
Jacob A. Snow, Cal. Bar No. 270988
Boris Yankilovich, Cal Bar No. 257887
901 Market Street, Suite 570,
San Francisco, CA  94103
(415) 848-5100 / (415) 848-5184 (fax)
eedmondson@ftc.gov; ewodinsky@ftc.gov;
jsnow@ftc.gov; byankilovich@ftc.gov

Raymond E. McKown, Cal. Bar No. 150975
Stacy Procter, Cal. Bar No. 221078
Kenneth H. Abbe, Cal. Bar No. 172416
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
(310) 824-4343 / (310) 824-4380 (fax)
rmckown@ftc.gov; sprocter@ftc.gov;
kabbe@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

Jeffrey M. Tillotson, SBN 139372
jtillotson@tillotsonlaw.com
Tillotson Law
750 North Saint Paul Street, Suite 610
Dallas, TX 75201
Telephone: (214) 382-3040

Pete Marketos, Pro Hac Vice
pete.marketos@rgmfirm.com
Reese Gordon Marketos LLP
750 North Saint Paul Street, Suite 610
Dallas, TX  75201
Telephone: (214) 382-9810

Chad S. Hummel, SBN 139055
chummel@sidley.com
Mark D. Campbell, SBN 180528
mcampbell@sidley.com
Bridget S. Johnsen, SBN 210778
bjohnsen@sidley.com
Ryan M. Sandrock, SBN 251781
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 722-1200
Facsimile:    (415)772-7400

Attorneys for Defendants
DIRECTV and DIRECTV, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>DIRECTV, a corporation,<br><br>and<br><br>DIRECTV, LLC, a limited liability company,<br><br>                    Defendants. | Case No. 3:15-cv-01129 HSG<br><br>Assigned to the Hon. Haywood S. Gilliam, Jr.<br><br>**STIPULATION REGARDING ADMISSIBILITY OF CERTAIN TRIAL EXHIBITS**<br><br>**[Local Rule 7-12]** |

1    Plaintiff Federal Trade Commission ("FTC") and Defendants DIRECTV and DIRECTV,

2    LLC ("DIRECTV") (collectively, the "parties") jointly stipulate, pursuant to N.D. Cal. Local Rule 7-

3    12, to the admissibility of the following trial exhibits.  The parties have decided not to file statements

4    regarding any disputed issues outside of the Court's standard procedures.

5    **(1) Print Advertisements**

6    The parties agree that the Trial Exhibits listed below, which are DIRECTV print

7    advertisements, may be admitted into evidence at trial, subject to the following stipulation:

8        DIRECTV's print ads were produced to the FTC electronically.  Print ads are

9        provided to consumers in paper form only.  To prepare the paper versions of print ads for

10       trial, the FTC used the electronic files provided to the FTC by DIRECTV or its agents.  The

11       format of the print ad exhibits provided in paper to the Court by the FTC (in the 1-1999 range

12       of the trial exhibits) may differ from the original paper version seen by consumers in some

13       respects, e.g., a double-sided print ad may have been printed single-sided, certain exhibits

14       include printer's instructions, and the type of paper may differ.  DIRECTV represents to the

15       Court that the paper forms of the FTC's print ad exhibits are not in the form provided to

16       consumers, and that Exhibits 2006-2023 and 2025-2026 are in the form provided to

17       consumers.  DIRECTV also asserts that the image quality of the paper print ads on the FTC's

18       exhibit list is lower than the image quality on the print ads that a consumer would have

19       viewed.

20   Exhibit Nos:  78, 79, 82, 83, 84, 85, 87, 88, 89, 90, 91, 92, 94, 96, 97, 98, 99, 105, 106, 107,

21   111, 112, 113, 114, 115, 116, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132,

22   134, 136, 137, 138, 139, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 156, 157,

23   160, 161, 162, 163, 164, 165, 166, 168, 169, 170, 171, 172, 173, 174, 176, 177, 179, 182, 184, 185,

24   186, 187, 188, 189, 190, 192, 193, 195, 197, 198, 199, 200, 201, 203, 206, 207, 208, 209, 210, 212,

25   213, 214, 215, 217, 218, 219, 222, 223, 224, 225, 226, 227, 228, 230, 231, 232, 234, 235, 238, 239,

26   240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 257, 258, 259, 262,

27   263, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285,

28   286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 299, 300, 301, 302, 303, 304, 305, 306,

1

308, 309, 310, 311, 312, 313, 321, 322, 323, 324, 325, 326, 327, 328, 329, 333, 334, 335, 1304, 1329, 1339, 1341, 2006-2023, 2025, and 2026.

### (2) Webflows

The parties agree that Trial Exhibit Nos. 1021, 1033, 1035, 1046, 1050, 1059, 1065, 1068, 1072, 1081, 2045, which are images of DIRECTV's website, directv.com, may be admitted into evidence at trial, subject to the following stipulation:

> The quality of the images of the above web-flow exhibits has been degraded due
> to technological limitations associated with memorializing the web-flows.  The
> above web-flow exhibits accurately reflect the content of those portions of
> directv.com that are displayed on the face of the exhibit but may exclude portions
> of the website.

### (3) FRE 1006 Summary Exhibits

The parties agree that Trial Exhibit Nos. 424, 433, 665, and 472, which are summary exhibits prepared by the FTC, may be admitted into evidence at trial.

### (4) Television Advertisements

The parties agree that Trial Exhibit Nos. 438 and 442-456, which are DIRECTV television advertisements, may be admitted into evidence at trial.

### (5) DIRECTV Sales Guides

The parties stipulate that Trial Exhibit Nos. 1-2, 5-7, 12-14, 18, 22-25, 27-31, 33-34, 36-37, 39-40, 42-46, and 49-65, which are DIRECTV's sales guides, may be admitted into evidence at trial, subject to the following stipulation:

> DIRECTV's sales guides are not advertisements and are not seen by consumers.
> Trial Exhibit Nos. 1-2, 5-7, 12-14, 18, 22-25, 27-31, 33-34, 36-37, 39-40, 42-46,
> and 49-65 include all sales guides located by DIRECTV and provided to the FTC,
> but these sales guides do not cover the entirety of the relevant time period at issue
> in this action.

### (6) DIRECTV "Call Flows"

The parties stipulate that Trial Exhibit Nos. 483, 485, 489, 499, 505, 511, 516, 521, and 524,

2

1  which are DIRECTV's call flows, may be admitted into evidence at trial, subject to the following

2  stipulation:

3        Trial Exhibits 483, 485, 489, 499, 505, 511, 516, 521, and 524 are referenced

4        generally as "call flows" at DIRECTV and are one of several categories of

5        materials provided to customer service agents to support the agent on inbound

6        sales calls to DIRECTV.

7  **(7) Screen Shots and Video Captures of DIRECTV Telephone Agent Dashboard**

8        The parties agree that Trial Exhibit Nos. 482 and 542-544, which are screen shots and video

9  captures of DIRECTV Telephone Agent Dashboards, may be admitted into evidence at trial.

10  **(8) DIRECTV SEC Filings**

11        The parties agree that Trial Exhibit Nos. 1290-1294, which are certified copies of DIRECTV

12  Form 10-K filings with the U.S. Securities and Exchange Commission from 2010-2014, may be

13  admitted into evidence at trial.

14

15  Dated: February 28, 2017         SIDLEY AUSTIN

16                     By:  /s/ Chad S. Hummel
                           Chad S. Hummel

17                             Attorneys for Defendants
                           DIRECTV and DIRECTV, LLC

18                 FEDERAL TRADE COMMISSION

19                     By:  /s/ Eric D. Edmondson
                           Eric D. Edmondson

20                             Attorneys for Plaintiff
                           Federal Trade Commission

21

22        Pursuant to Civil Local Rule 5-1(i), the filer attests that concurrence in the filing of this

23  document has been obtained from the signatories above.

24                     By:  /s/ Jacob A. Snow

25

26

27

28

STIPULATION REGARDING ADMISSIBILITY OF CERTAIN TRIAL EXHIBITS
3:15-CV-01129

1

2

**[PROPOSED] ORDER**

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4    Dated: _____3/1/2017_____                              _____
                                                                          HON. HAYWOOD S. GILLIAM, JR.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4