UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01129-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DIRECTV'S REQUEST TO SEAL CERTAIN TRIAL EXHIBITS**<br><br>Re: Dkt. No. 298 |

Pending before the Court is the request by Defendants DIRECTV and DIRECTV, LLC (collectively, "DIRECTV") to seal certain exhibits that the parties plan to offer at trial ("trial exhibits"). *See* Dkt. No. 298 to 298-21. DIRECTV and the Federal Trade Commission ("FTC") have filed a joint statement, Dkt. No. 298, two charts summarizing the parties' positions, Dkt. Nos. 298 at 4-16 & 298-3, a declaration by DIRECTV's counsel, Dkt. No. 298-1 ("Murphy Decl."), a proposed order, Dkt. No. 298-2, all of the trial exhibits subject to the sealing request, Dkt. Nos. 298-4 to 298-20, and proof of service, Dkt. No. 298-21. Having carefully reviewed all of the materials, the Court **GRANTS IN PART** and **DENIES IN PART** DIRECTV's sealing request.

I.   **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific

factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79 (citations, internal quotation marks, and alterations omitted).

"In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citation and internal quotation marks omitted). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (citations, brackets, and internal quotation marks omitted). For example, a court may order sealing under the "compelling reasons" standard of confidential and proprietary business information that would be "readily subject to improper use resulting in significant competitive harm if disclosed publicly and available to competitors." *See In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2015 WL 11658712, at *3 (S.D. Cal. Nov. 18, 2015).

A trial "is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana,* 447 F.3d at 1179 (internal quotation marks omitted). Therefore, a party seeking to seal evidence at trial must articulate "compelling reasons" for doing so. *Id.*; *see also United States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (same); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (same).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.,*

2

1  *LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must
2  meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at
3  1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or
4  harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors*
5  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see*
6  *also* Fed. R. Civ. P. 26(c).

**II.   DISCUSSION**

Here, the Court applies the "compelling reasons" standard because the trial exhibits by definition have more than a tangential relation to the merits of the case, *see Ctr. for Auto Safety*, 809 F.3d at 1101, and because the evidence introduced at the trial is central to the public's understanding of the judicial process, *see Kamakana*, 447 F.3d at 1179.

The Court **GRANTS** the request to seal Trial Exhibit 1365 because it contains DIRECTV's confidential source code, which is a trade secret. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret . . . [and therefore] meets the 'compelling reasons' standard."); *see also Kamakana*, 447 F.3d at 1179 (describing "release of trade secrets" as an "improper purpose" justifying sealing under the "compelling reasons" standard); Civ. L.R. 79-5 (trade secrets may be sealed).

The Court **DENIES** the request to seal the remaining proffered trial exhibits because DIRECTV has not persuasively articulated "compelling reasons" for sealing them. For example, some of the trial exhibits contain historical pricing information that would not appear to cause significant competitive harm to DIRECTV if divulged. *See, e.g.*, Trial Ex. 72 (DIRECTV presentation from 2011, projecting pricing strategy through 2014). Other trial exhibits contain more recent pricing information, but do not appear to contain business strategy that would result in significant competitive harm to DIRECTV if divulged. *See, e.g.*, Trial Ex. 2119 (DIRECTV's 2016 "All Included" National Offer - Business Rules). While many trial exhibits contain financial information, DIRECTV has failed to persuasively explain why the introduction of such information at an open trial would cause significant competitive harm to the company. This is

particularly true given that (a) much of the information is historical in nature, *see, e.g.*, Trial Exs. 660 and 2005 (financial data going back to 2005), and (b) DIRECTV was at all relevant times a publicly-traded company or a subsidiary of a publicly-traded company. DIRECTV also has not convincingly explained why disclosure of certain trial exhibits containing "customer care metrics and strategy" would cause significant competitive harm to the company. *See, e.g.*, Trial Ex. 641 (graphs of bundle-related executive escalations in 2014 and 2015). DIRECTV similarly has not made the requisite showing under the "compelling reasons" standard with regard to trial exhibits pertaining to "subscriber data," and the fact that this information is "not normally available to the public" is not alone sufficient. *See, e.g.*, Trial Ex. 2209 (customer churn data from April 2012 to March 2015); *see also* Murphy Decl. ¶ 4(d) (claiming that disclosure of non-public customer churn statistics could harm DIRECTV's "competitive standing," without explaining why). In addition, the Court is not persuaded that disclosure of certain trial exhibits containing internal "web analytics" research would reveal trade secrets or cause competitive harm, *see, e.g.*, Trial Ex. 1146 (findings on conversion rates for users entering purchase flow). The fact that motions to seal these documents were granted under the "good cause" standard is not dispositive here, *see Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."). Finally, for the great majority of the trial exhibits, DIRECTV seeks to seal the documents in their entirety—including substantial portions that the Court considers clearly nonsealable. *See, e.g.*, Trial Ex. 804 (containing, *inter alia*, aggregate demographic data that is clearly nonsealable). Such over-inclusive sealing requests run afoul of the "narrowly tailored" requirement for sealing in this District. *See* Civ. L.R. 79-5(b).

Overall, balancing the competing interests of the public and DIRECTV, the Court finds that there are not "compelling reasons" to seal the remaining proffered trial exhibits—particularly considering the strong public policy favoring the disclosure of trial proceedings in this enforcement action brought by the federal government against a prominent company with a large number of customers. At the end of this bench trial, the Court must issue findings of fact and conclusions of law regarding the claims at issue in this case. The documents DIRECTV seeks to seal go to the heart of the contested liability and restitution issues to be resolved by the Court. For

this reason, it is difficult to see how the Court could issue a transparent and complete ruling that informs the public of the basis for its decision if these exhibits are not a part of the public record to which the Court can refer.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** DIRECTV's request to seal certain proffered trial exhibits. If the exhibits that are the subject of DIRECTV's sealing application are offered at trial, only Trial Exhibit 1365 will be sealed. However, the versions filed on the Court's docket at Dkt. No. 298 in support of the sealing application will remain under seal. These documents were filed for the sole purpose of enabling the Court to make a determination as to whether the documents meet the standard for sealing at trial. The public interest in accessing these documents will only be triggered if they are actually offered at trial, as they will otherwise be irrelevant to the proceedings.

**IT IS SO ORDERED.**

Dated: 03/03/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge