| | |
|---|---|
| Jeff Tillotson, SBN 139372<br>jtillotson@TillotsonLaw.com<br>Tillotson Law<br>750 North Saint Paul, Suite 600<br>Dallas, TX 75201<br>Telephone: (214) 382-3040<br><br>Pete Marketos, *Pro Hac Vice*<br>pete.marketos@rgmfirm.com<br>Reese Gordon Marketos LLP<br>750 North Saint Paul, Suite 600<br>Dallas, TX 75201<br>Telephone: (214) 382-9810<br><br>Chad S. Hummel, SBN 139055<br>chummel@sidley.com<br>Mark D. Campbell, SBN 180528<br>mcampbell@sidley.com<br>Bridget S. Johnsen, SBN 210778<br>bjohnsen@sidley.com<br>Ryan M. Sandrock, SBN 251781<br>rsandrock@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 722-1200<br>Facsimile: (415) 772-7400<br><br>Attorneys for Defendants<br>DIRECTV and DIRECTV, LLC | Eric D. Edmondson, D.C. Bar NO. 450294<br>Erika Wodinsky, Cal. Bar NO. 091700<br>Boris Yankilovich, Cal. Bar NO. 257887<br>Jacob A. Snow, Cal. Bar NO. 270988<br>901 Market Street, Suite 570<br>San Francisco, CA 94103<br>(415) 848-5100/(415) 848-5184 (fax)<br>*eedmondson@ftc.gov;* e*wodinsky@ftc.gov;*<br>*byankilovich@ftc.gov; jsnow@ftc.gov*<br><br>Raymond E. McKown, Cal. Bar NO. 150975<br>Stacy Procter, Cal. Bar NO. 221078<br>Kenneth H. Abbe, Cal. Bar NO. 172416<br>10877 Wilshire Blvd., Suite 700<br>Los Angeles, CA 90024<br>(310) 824-4343/(310) 824-4380 (fax)<br>*rmckown@ftc.gov; sprocter@ftc.gov;*<br>*kabbe@ftc.gov*<br><br>Attorneys for Plaintiff<br>Federal Trade Commission |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>DIRECTV, a corporation, and DIRECTV, LLC, a limited liability company,<br><br>            Defendants. | Case No. 3:15-cv-01129 HSG<br><br>Assigned to the Hon. Haywood S. Gilliam, Jr.<br><br>**STIPULATION AND [PROPOSED] ORDER PERMITTING THE PARTIES TO BRING ADDITIONAL TECHNOLOGY INTO THE COURTHOUSE** |

Pursuant to Civil Local Rule 7-12, and as previously agreed by the Parties (as stipulated to in the Stipulation and Order Permitting the Parties to Bring Additional Technology into the Courthouse [Dkt. 299] and the Amended Joint Pretrial Statement [Dkt. 337]), the Federal Trade Commission ("FTC") and Defendants DIRECTV and DIRECTV, LLC (collectively "DIRECTV") hereby stipulate and jointly request an order permitting the parties to bring into the Courthouse additional technology and equipment for use during the trial commencing on August 14, 2017, consistent with the Court's previous orders and statements during the August 1, 2017 pretrial conference.[1]

During trial, both the FTC and DIRECTV intend to introduce exhibits including, among other things, numerous print ads in various shapes and sizes and multiple iterations of DIRECTV's website (including still captures, video captures, and interactive versions).

On March 3, 2017, the parties' respective counsel and technology personnel tested the courtroom trial technology and discovered certain issues that the parties believe may impede their ability to efficiently present certain evidence to the Court. First, during witness examinations, the parties may use exhibits in the form of electronic documents, videos, or interactive websites. Without the requested switches, the parties cannot efficiently switch between the various media needed to display differently formatted exhibits. Second, in DIRECTV's view, the resolution of the courtroom monitors diminishes the visibility of the advertising. As an example (again only in DIRECTV's view), when attempting to display print ads in a digital form, certain text is distorted and unreadable on the courtroom monitors.

The parties appreciate the Court's concern regarding technology compatibility, seamlessness, efficiency, and the Court's ability to run the remainder of its docket using its existing technology without interruption from this case. Therefore, the parties request permission to bring in the following additional technology and equipment, which will operate *independently* from the Court's existing system:

---

[1] The Court has granted nearly identical requests in its January 31, 2017 and February 21, 2017 Orders on the parties' Stipulation and Proposed Order Permitting the Parties to Bring Additional Technology into the Courthouse. [Dkt. Nos. 290, 299]. This Stipulation differs in that it (1) requests eight monitors (instead of the seven previously requested) in order to provide an additional monitor to the law clerk per the Court's request; (2) requests one 4x4 switch to accommodate the additional monitor and to facilitate setup; and (3) requests one additional laptop for the witness stand.

(1) One 4x8 switch/distribution amplifier;

(2) Two 4x1 switches;

(3) One 4x4 switch;

(4) One speaker system;

(5) Eight 19-inch High Resolution Monitors for the bench (1), the clerk (1), witness stand (1), counsel tables (2 for each side), and lecterns (1);

(6) One LCD projector and stand; and

(7) One projector screen;

(8) Three laptops per side (for trial exhibits, transcript feed, and witness stand);

(9) Two tables for trial-technology personnel;

(10) Two monitors for trial-technology personnel;

(11) One Elmo digital camera;

(12) Two printers for work rooms;

(13) Assorted cabling.

The parties have coordinated with the Courtroom Deputy to set up and test the technology on Friday, August 11, 2017, at 9:00 a.m. All equipment and necessary wiring will be placed in a manner so as not to interfere with other activities in the Courtroom when trial is not in session and to avoid any unsafe condition. The parties remain mindful of the Court's docket and resources and will do their utmost to reduce interruption and inconvenience.

///

///

///

SO STIPULATED:

Dated: August 7, 2017

By: /s/ Jacob A. Snow
    Jacob A. Snow
    Counsel for Plaintiff Federal Trade Commission

Dated: August 7, 2017

By: /s/ Jeff Tillotson
    Jeff Tillotson
    Pete Marketos
    Chad Hummel
    Counsel for Defendants DIRECTV and DIRECTV, LLC

# FILER'S ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Permitting the Parties to Bring Additional Technology into the Courthouse in compliance with Civil Local Rule 5-1(i)(3). I hereby attest that the signatory has concurred in this filing.

Dated: August 7, 2017                          SIDLEY AUSTIN LLP

                                                        By: /s/ Ryan M. Sandrock
                                                             Ryan M. Sandrock

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August 8, 2017

*[signature]*
HON. HAYWOOD S. GILLIAM, JR.
United States District Judge