Eric D. Edmondson, D.C. Bar No. 450294
Erika Wodinsky, Cal. Bar No. 091700
Boris Yankilovich, Cal. Bar No. 257887
Jacob A. Snow, Cal. Bar No. 270988
901 Market Street, Suite 570, San Francisco, CA  94103
(415) 848-5100/(415) 848-5184 (fax)
*eedmondson@ftc.gov*; *ewodinsky@ftc.gov*;
*byankilovich@ftc.gov*; *jsnow@ftc.gov*

Raymond E. McKown, Cal. Bar No. 150975
Stacy Procter, Cal. Bar No. 221078
Kenneth H. Abbe, Cal. Bar No. 172416
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4343/(310) 824-4380 (fax)
*rmckown@ftc.gov*; *sprocter@ftc.gov; kabbe@ftc.gov*

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DIRECTV, a corporation, and<br><br>DIRECTV, LLC, a limited liability company,<br><br>　　　　　Defendants. | Case No. 15-cv-01129-HSG<br><br>**FEDERAL TRADE COMMISSION'S STATEMENT REGARDING ADMISSION OF DEPOSITION TESTIMONY AT TRIAL** |

In light of the Court's statements today regarding the admission of deposition testimony, and the FTC's request to provide a brief on the issue, the parties have met and conferred on the telephone regarding the use of deposition testimony at trial. The parties have reached a common understanding with respect to some issues, but have also identified areas of disagreement. The FTC therefore seeks clarification of the process for admitting deposition testimony—in video and written form—at trial.

### A.  Submission of Written Transcripts

The FTC plans to submit written transcripts of some of the depositions taken in this matter, and DIRECTV apparently intends to do the same. The FTC has designated specific portions of each transcript and seeks to enter into evidence only those portions of the transcript that have been designated. All of these designations have been disclosed to DIRECTV. Some transcripts represent the testimony of DIRECTV 30(b)(6) witnesses, and are party admissions. Other transcripts represent the testimony of percipient witnesses that the parties have agreed may testify through deposition at trial. For all witnesses, the parties have exchanged designations, counter-designations, objections, and responses to objections. *See* Dkt. No. 337-5 (Joint Discovery Designations). The FTC requests that the Court permit the admission of these written transcripts with the parties' exchanged designations in the form approved by the Court by stipulation. Dkt. No. 359 (Order approving stipulation regarding the submission of designated deposition testimony).

### B.  Submission of Written Designations in Addition to Video Clips Played in Court

The FTC has played video clips of deposition testimony for four witnesses—Scott Hause, Jed Hellstrom, Jenny Bullen, and Suzanne Stinson. For these witnesses, the FTC played video of limited selections from its designated testimony in an effort to accommodate the Court's statement at the pre-trial conference that the parties play video only when necessary. The video testimony played to date has been intended to assist the Court by highlighting particular testimony, but it cannot replace the more complete designations that the FTC plans to submit in highlighted transcript form. If playing video of a particular witness will foreclose introduction of

any other testimony by that witness, the FTC will rely on submission of testimony in transcript form—and the FTC would not have played the shortened Hause, Hellstrom, Bullen, and Stinson videos.

For this reason, if the Court intends to allow submission of designated transcripts only when videos are not played, the FTC requests leave to submit transcript testimony for the witnesses whose video has already been played (i.e., Hause, Hellstrom, Bullen, and Stinson).

### C. Submission of Written Designations of 30(b)(6) Testimony for Witnesses Who Testified in Court

Clay Friedman has testified live at trial, but the FTC requests leave to submit very limited portions of his 30(b)(6) testimony on behalf of DIRECTV. The FTC also requests leave to submit the designated 30(b)(6) testimony of Stacy Rosenson. Both Mr. Friedman and Ms. Rosenson's deposition testimony on behalf of DIRECTV are party admissions that are admissible even if they testify live at trial. *AngioScore, Inc. v. TriReme Med., Inc.*, 2015 U.S. Dist. LEXI 86041 at *86 (N.D. Cal. July 1, 2015), *citing Gales v. Winco Foods*, 2011 U.S. Dist. LEXIS 96125 (N.D. Cal. 2011)("As a 30(b)(6) witness, her testimony is a sworn corporate admission binding on the corporation.").

### D. Timing and Procedures for Admitting Designated Portions of Transcripts

The FTC requests that the Court receive designated portions of deposition transcripts, based on the designations filed with the Court on July 18 in the parties' Joint Discovery Designations (Dkt. 337-5). With respect to these designations, the FTC plans to submit testimony that is, where possible, narrower than its previous designations. The FTC requests that the Court allow the introduction of this deposition testimony before the FTC completes the presentation of its case-in-chief, i.e., on Friday, August 25, 2017. At that time, the FTC will also seek admission of certain documents for which foundation is laid in the related testimony. In the FTC's view, this process will allow relevant testimony and exhibits to be admitted without taking undue time in Court.

Respectfully Submitted,

Dated: August 23, 2017                    FEDERAL TRADE COMMISSION

By: /s/ Eric D. Edmondson
Eric D. Edmondson
Attorneys for Plaintiff
Federal Trade Commission