SETH E. MERMIN, State Bar No. 189194
MIRIAM J. WAYNE
Public Good Law Center
3130 Shattuck Avenue
Berkeley, California 94705
(510) 393-8254
tmermin@publicgoodlaw.org

SUZANNE MARTINDALE, State Bar No. 273418
GEORGE P. SLOVER
Consumers Union
1535 Mission St.
San Francisco, CA 94103
(415) 431-6747

*Counsel for Amici Curiae*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                     Plaintiff,<br><br>     v.<br><br>DIRECTV, a corporation, and<br>DIRECTV, LLC, a limited liability company,<br><br>                     Defendants. | CASE NO. 15-cv-01129-HSG<br><br>**PUBLIC GOOD LAW CENTER, CONSUMERS UNION, CONSUMER ACTION, AND NATIONAL ASSOCIATION OF CONSUMER ADVOCATES' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF AS** ***AMICI CURIAE*** |

Public Good Law Center, Consumers Union, Consumer Action, and National Association of Consumer Advocates (collectively, "*amici curiae*"), respectfully move this Court for leave to file an amicus brief in support of Plaintiff Federal Trade Commission in the above-captioned matter.[1]

---

[1] The proposed *amici* have sought the consent of the parties to the filing of this memorandum. The FTC has given its consent; DIRECTV has stated that it opposes the filing.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the attached *amicus* brief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Public Good Law Center (Public Good), Consumers Union, Consumer Action, and National Association of Consumer Advocates submit this memorandum in support of their Motion for Leave to File as *Amici Curiae* in support of Plaintiff Federal Trade Commission (FTC) in the above-captioned case. As discussed below, the proposed memorandum of these consumer advocacy organizations will offer the court useful information and context regarding key issues in this case and perspectives which are distinct from those offered by the parties.

**I.     The proposed *amici curiae* have a strong interest in protecting consumers from deceptive marketing tactics.**

All proposed *amici curiae* have a strong interest in preventing deceptive and manipulative business practices that ensnare consumers in terms for which they never bargained and of which they are justifiably unaware.

A.     Public Good is a public interest law firm dedicated to the idea that the law exists to serve everyone. Public Good seeks to influence the development of the law in order to protect the rights of ordinary people through filing of amicus briefs in consumer protection, civil rights, and civil liberties cases. Public Good intervenes in significant cases to assist in the representation of ordinary people, seeking to make the rules a little bit fairer and the courts a little bit more accessible. Public Good uses *amicus* briefs to raise awareness of the real-life impact and tangible harms that stem from the use of deceptive advertising.

As an organization with a particular interest in protecting and safeguarding the rights of consumers who are at risk of harm in the marketplace as a result of misleading or deceptive advertisements, Public Good submits this brief to explain the importance and the reach of this

case. Public Good seeks to file to demonstrate not only the wrongs that this Court can right, but also the harm done by sharp dealing, the vital importance to the marketplace of a regime of clear and conspicuous disclosures, and the signal role of public prosecutions in modern American society.

      B.     Consumers Union is the policy and mobilization arm of Consumer Reports, an independent, nonprofit organization that works side by side with consumers to create a fairer, safer, and healthier world. As the world's largest independent product-testing organization, Consumer Reports uses its more than 50 labs, auto test center, and survey research center to rate thousands of products and services annually. Founded in 1936, Consumer Reports has over 7 million subscribers to its magazine, website, and other publications. Consumers Union has been active over the years in numerous policy issues affecting consumer rights in the marketplace.

      C.     Consumer Action, founded in San Francisco in 1971, is a national non-profit organization committed to consumer education and advocacy. During its more than three decades, Consumer Action has advanced consumer rights by referring consumers to complaint-handling agencies through a free hotline, publishing educational materials in Chinese, English, Korean, Spanish, Vietnamese and other languages, and advocating for consumers in the media and before lawmakers on a wide range of issues. Consumer Action is nationally renowned for its multilingual consumer education and advocacy in the fields of consumer protection, credit, banking, privacy, insurance and utilities.

      D.     National Association of Consumer Advocates (NACA) is a non-profit corporation whose members are private and public-sector attorneys, legal services attorneys, law professors, and law students whose primary focus involves the protection and representation of consumers. NACA's mission is to promote justice for all consumers by maintaining a forum for information

sharing among consumer advocates across the country and serving as a voice for its members as well as consumers in the ongoing effort to curb unfair and abusive business practices.

**II.     The Court would benefit from the perspective and experience of consumer advocacy organizations.**

The proposed *amici* all work to ensure that the stream of commerce "flow cleanly as well as freely." *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.,* 425 U.S. 748, 771-72 (1976)). The organizations are dedicated to reducing the use by companies of tricks and traps that ensnare consumers in terms to which they never knowingly agreed, of bait-and-switch tactics that deprive consumers of the benefit of their bargain, and of deceptive practices that serve only to skew the proper workings of the market.

Specifically, in underscoring the importance of putting a stop to deceptive marketing tactics like those engaged by Defendant DIRECTV, the proposed *amicus* memorandum addresses critical issues in the case and places them in both historical and current context: (1) DIRECTV's history of employing deceptive marketing tactics to manipulate consumers; (2) the failure to use clear and conspicuous disclosures is a violation of the FTC Act; (3) the use of fraudulent "teaser" rates that cause significant consumer harm; and (4) in an age when mandatory arbitration clauses are ubiquitous in consumer contracts, the extent to which public prosecutions like the present lawsuit are often the *only* avenue to put a stop to manipulative marketing tactics and to offer redress to customers.

The proposed *amici curiae*, which bring a collective total of over 150 years of experience advocating on behalf of consumers, seek to place the current lawsuit in the broader historical context of companies' attempts to deceive consumers, and of the invaluable and consistent role of the FTC in countering those efforts, providing redress for consumers, and helping to ensure a fair marketplace.

## CONCLUSION

For the foregoing reasons, *amici curiae* urge the Court to grant their motion for leave to file the attached *amicus* memorandum in support of Plaintiff FTC's position in this critically important case.

*Respectfully submitted,*                                    Dated: October 4, 2017

PUBLIC GOOD LAW CENTER

*By its counsel,*

/s/ Seth E. Mermin
Seth E. Mermin
Miriam J. Wayne
Public Good Law Center
3130 Shattuck Avenue
Berkeley, CA 94705
(510) 393-8254

CONSUMERS UNION

*By its counsel,*

/s/ Suzanne Martindale
Suzanne Martindale
George P. Slover
Consumers Union
1535 Mission St.
San Francisco, CA 94103
(415) 431-6747

**CERTIFICATE OF SERVICE**

I, Seth E. Mermin, hereby certify that on October 4, 2017, this motion and the accompanying memorandum in support of the motion were filed and served electronically through the Court's CM/ECF System on all counsel of record including:

Counsel for Plaintiffs:

Eric D. Edmondson, D.C. Bar No. 450294
Erika Wodinsky, Cal. Bar No. 091700
Boris Yankilovich, Cal. Bar No. 257887
Jacob A. Snow, Cal. Bar No. 270988
901 Market Street, Suite 570,
San Francisco, CA 94103
(415) 848-5100 / (415) 848-5184 (fax)
*eedmondson@ftc.gov*; *ewodinsky@ftc.gov*;
*byankilovich@ftc.gov*; *jsnow@ftc.gov*

Raymond E. McKown, Cal. Bar No. 150975
Stacy Procter, Cal. Bar No. 221078
Kenneth H. Abbe, Cal. Bar No. 172416
10877 Wilshire Blvd., Suite 700,
Los Angeles, CA 90024
(310) 824-4343 / (310) 824-4380 (fax)
*rmckown@ftc.gov*; *sprocter@ftc.gov*; *kabbe@ftc.gov*

Counsel for Defendants:

Chad S. Hummel, SBN 139055
chummel@sidley.com
Clayton S. Friedman, SBN 245513
cfriedman@sidley.com
Mark D. Campbell, SBN 180528
mcampbell@sidley.com
Michael Yaghi, SBN 202720
myaghi@sidley.com
Sidely Austin LLP
1999 Avenue of the Stars,
17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-2600 Facsimile: (310) 595-2601

Ryan M. Sandrock, SBN 251781
rsandrock@sidley.com
Sidely Austin LLP
555 California Street, Suite 2000

| | |
|---|---|
| NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AS *AMICI*<br>CASE NO. 15-cv-01129-HSG | 1 |

San Francisco, CA 94104
Telephone: (415) 722-1200
Facsimile: (415)772-7400

/s/ Seth E. Mermin
Seth E. Mermin
Public Good Law Center
3130 Shattuck Avenue
Berkeley, CA 94705
(510) 393-8254